Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
(DIVISION NO. ____)**

| | |
|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, Kevin Speltz, Manager 1302 S. 59th Street St. Joseph, MO 64507 ) ) ) ) ) | Case No. _____ |
| Plaintiff, ) ) | |
| vs. ) ) | |
| NewMarket Pharmaceuticals, LLC, Mark Ridall, Manager 4 Pitcairn Avenue, Suite 4 Trenton, New Jersey 08628 ) ) ) ) ) | |
| Defendant. ) ) | |

**VERIFIED PETITION FOR DAMAGES, SPECIFIC
PERFORMANCE & INJUNCTIVE RELIEF**

COMES NOW Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC ("VetBridge"), by and through counsel, and for its causes of action against NewMarket Pharmaceuticals, LLC ("NewMarket"), states and alleges as follows:

**PARTIES**

1.      Plaintiff VetBridge is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business located at 1302 S. 59th Street, St. Joseph, Missouri 64508.

2.      Defendant NewMarket is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 4 Pitcairn Avenue, Suite 4, Trenton, New Jersey 08628.  Defendant NewMarket may be served with Summons and a copy of the Petition by leaving copies of the same at its principal place of business with the person having charge thereof.

**JURISDICTION & VENUE**

3.      This Court has personal jurisdiction over NewMarket pursuant to RSMo. §506.500(1) and (2), in that, among other things, pursuant to Paragraph 14(b) of the Exclusive Distribution and License Agreement which is the subject of this action, the parties consented to jurisdiction within the Western District of Missouri where a party reasonably determined that injunctive relief was necessary; such agreement was negotiated and entered into in the State of Missouri; said agreement contemplated performance by both VetBridge and NewMarket within the State of Missouri, including, but not limited to, NewMarket sending multiple invoices to VetBridge in Missouri for payment of VetBridge's investment from Missouri, and VetBridge's development and/or performance of its marketing, sales forecasting and distribution under the agreement within and from the State of Missouri; NewMarket, through representatives and its agents, attended several meetings in the State of Missouri, placed and participated in numerous phone calls to and with VetBridge and its representatives and agents in the State of Missouri; sent numerous emails and other documents and reports to VetBridge within the State of Missouri; and otherwise transacted business within the State of Missouri. Further, VetBridge's causes of action herein arose out of the Exclusive Distribution and License Agreement and NewMarket's transaction of business within the State of Missouri, and NewMarket had sufficient minimum contacts with the State of Missouri such that the exercise of personal jurisdiction over NewMarket in this action comports with due process.

4.      Venue in this Court is proper pursuant to RSMo. §508.010(4), in that NewMarket is a non-resident.

**Count I**
**(Breach of Contract)**

5.      NewMarket is engaged in developing drug delivery systems to enhance the quality of treatment for animals, by employing state of the art formulation technology to develop

2

and adapt new oral delivery technologies for established medicines that exist in outdated or inefficient delivery systems.

6.     VetBridge and its members are companies engaged in the successful marketing, sale and distribution of animal healthcare products and veterinary supplies, including vaccines and pharmaceuticals, both nationally and internationally.

7.     Effective, June 27, 2014 ("Effective Date"), for a term of thirty (30) years, NewMarket, as Manufacturer, and VetBridge, as Distributor, entered into an Exclusive Distribution and License Agreement ("Agreement") with respect to the development, manufacture, supply, marketing and distribution of NewMarket products, consisting of rapidly dissolving formulations of omeprazole (used in the treatment and prevention of ulcers), including omeprazole direct system introduction (DSI) compositions for use in all non-human animals, especially equine animals (hereinafter, NewMarket's "Omeprazole DSI Products"), as well as the licensing all of NewMarket's intellectual property and patent rights relating thereto. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

8.     Pursuant to the Agreement, in exchange for VetBridge's payment of the total sum of $4,000,000, to be paid as provided for therein, NewMarket, among other things,

    (a)     Appointed VetBridge as its "sole and exclusive authorized wholesale distributor and reseller to advertise, promote, market, distribute, supply and sell ("Distribute" or "Distribution")" NewMarket's Omeprazole DSI Products, including (i) rapidly dissolving formulations of omeprazole (for both the treatment and prevention of ulcers), including omeprazole direct system introduction (DSI) compositions for use in all non-human animals, especially equine animals; (ii) revisions, alterations or improvements to the

3

NewMarket's Omeprazole DSI Products; and (iii) new veterinary products developed by NewMarket in the contractually agreed upon Field, consisting of the "veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals," within the defined Territory, consisting of "the veterinary market in the United States of America including all of its states, districts, territories and possessions, including the District of Columbia"; and

(b)     Granted VetBridge, "in connection with the Distribution of the [Omeprazole DSI] Products in the Territory, an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license, among other things, [NewMarket's] IP associated with the [Omeprazole DSI] Products including but not limited to" NewMarket's Patent Rights, "including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing," "whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by [NewMarket] or an affiliate thereof, as of the Effective Date or during the term of this Agreement, which relate to [the Omeprazole DSI] Products, and their development, manufacture, or use in the Field and in the Territory," including, but not limited to, the following:

4

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|----------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(Hereinafter collectively referred to as NewMarket's "IP/Patent Rights").

9.     Pursuant to the Agreement, VetBridge's $4,000,000 was to be used "solely for direct expenses related to the development of the [Omeprazole DSI] Products," including, but not limited to, the direct expenses associated with preparing, prosecuting and obtaining approval of a New Animal Drug Application ("NADA") for such products, both for treatment and prevention, from the Federal Food and Drug Administration's ("FDA") Center for Veterinary Medicine ("CVM") and conducting necessary field clinical studies through a third party Contract Research Organization ("CRO"), VetPharm, Inc. ("VetPharm") in connection with the same.

10.     Except for VetBridge's payment of $4,000,000, NewMarket was responsible for performing and funding all other steps and tasks necessary to provide VetBridge with the Omeprazole DSI Products in a saleable form for distribution, including, but not limited to, obtaining the necessary approvals from the FDA's CVM and manufacturing and supplying VetBridge with the Omeprazole DSI Products in a saleable form for distribution.

11.    VetBridge has fully performed its obligations under the Agreement and made timely payment of the amounts it was invoiced by NewMarket with respect to the $4,000,000 it agreed to pay under the Agreement. In fact, by November 23, 2015, VetBridge had paid NewMarket the total sum of $4,002,435.

12.    Despite doing so, and notwithstanding VetBridge's numerous demands, NewMarket has failed and refused to perform and provide the funding required to perform the steps and tasks necessary to obtain FDA approval from the CVM and provide VetBridge with its Omeprazole DSI Products in a saleable form for distribution; all in material breach of its obligations under the Agreement.

13.    As a direct and proximate result of NewMarket's breach of its obligations under the Agreement, VetBridge has sustained and continues to sustain substantial damages, including, but not limited to, the fees and expenses VetBridge incurred to design and obtain trademark registrations for the names and logos under which it intended to sell the Omeprazole DSI Products, and the net profits VetBridge would have earned from the sale and distribution of such Omeprazole DSI Products, in an amount to be determined at trial, but reasonably and conservatively estimated to be in amount in excess of $81,000,000.

14.    Further, pursuant to the Agreement, VetBridge is entitled to recover its reasonable attorneys' fees and expenses incurred in enforcing the Agreement.

15.    All conditions precedent to maintaining this action have occurred or been waived.

WHEREFORE, Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC respectfully prays that judgment be entered in its favor and against NewMarket Pharmaceuticals, LLC on Count I of its Petition for:

(a)    VetBridge's actual damages, including, but not limited to the fees and expenses VetBridge incurred to design and obtain trademark registrations for the names and

logos under which it intended to sell NewMarket's Omeprazole DSI Products, and the net profits VetBridge would have earned from the sale and distribution of such Omeprazole DSI Products; all in an amount to be determined at trial;

(b)    Prejudgment and post judgment interest at the highest rate allowable by law;

(c)    VetBridge's reasonable attorneys' fees and expenses;

(d)    The costs of this action; and

(e)    Such further and additional relief as the Court deems just and proper under the circumstances.

**Count II**
**(Breach of Contract)**

16.    In the alternative, for Count II of its Petition, VetBridge restates and adopts by reference the allegations set forth in ¶¶ 1 through 15, above, as though fully set forth herein.

17.    Pursuant to the Agreement, VetBridge's $4,000,000 was to be used "solely for direct expenses related to the development of the [Omeprazole DSI] Products," including, but not limited to, the direct expenses associated with preparing, prosecuting and obtaining approval of a NADA for such products, both for treatment and prevention, from the FDA's CVM and conducting necessary field clinical studies through VetPharm in connection with the same.

18.    The Agreement provides that "any use of funds by [NewMarket] contrary to [the foregoing restriction] shall provide [VetBridge] with the right to immediate repayment from [NewMarket] of all monies paid to [NewMarket] by [VetBridge]."

19.    By November 23, 2015, VetBridge had paid NewMarket the total sum of $4,002,435. VetBridge's payments of the foregoing sum were made in response to invoices VetBridge received from NewMarket whereby NewMarket represented that the amounts invoiced were for the direct expenses NewMarket had paid to the specified vendors or third parties in connection with the development of its Omeprazole DSI Products.

7

20.     The Agreement provides VetBridge with the right to audit NewMarket's records and information to, among other things, ensure that VetBridge's payments were being used solely in accordance with the express limitations and restrictions set forth in the Agreement.

21.     On or about April 5, 2016, VetBridge requested that NewMarket provide it with a detailed, itemized reconciliation of how VetBridge's money was spent.

22.     After reviewing the Excel spreadsheets NewMarket provided to VetBridge in response to that request, it was discovered that, contrary to the Agreement's restrictions and limitations on NewMarket's expenditure of the funds paid by VetBridge, as well as the representations made by NewMarket in its invoices to VetBridge, NewMarket, among other things, had used VetBridge's funds to pay for salaries, wages, payroll taxes and other administrative and overhead expenses in an amount in excess of $1,000,000, and that NewMarket, pursuant to the invoices it submitted to VetBridge, had overcharged VetBridge by approximately $1,612,070.15 from what it actually paid the vendors and other third parties, as reflected on such invoices.

23.     As a result of the foregoing, on or about May 17, 2016, VetBridge notified NewMarket of its findings and advised that it was necessary for VetBridge to conduct a detailed audit of the NewMarket's invoices to VetBridge, as well as the underlying expenses and the invoices reflected thereon, so that it could ensure that the amounts NewMarket charged to VetBridge were proper.

24.     NewMarket has failed and refused to permit VetBridge to conduct the requested audit, or to provide VetBridge with access to the information and records necessary to conduct the same.

25.     Pursuant to the Agreement, and because NewMarket used the funds paid by VetBridge contrary to the limitations and restrictions in the Agreement, as an alternative to its

claim for breach of contract in Count I, above, VetBridge is entitled to repayment of the full $4,002,435 it paid to NewMarket, together with prejudgment interest at the highest rate allowable by law from the date(s) VetBridge paid such sums to NewMarket.

26.     Further, pursuant to the Agreement, VetBridge is entitled to recover its reasonable attorneys' fees and expenses incurred in enforcing the Agreement.

27.     All conditions precedent to the maintenance of this action have occurred or been waived.

WHEREFORE, Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC respectfully prays that judgment be entered in its favor and against NewMarket Pharmaceuticals, LLC on Count II of its Petition for:

(a)     The principal sum of $4,002,435;

(b)     prejudgment and post-judgment interest at the highest rate allowable by law;

(c)     VetBridge's reasonable attorneys' fees and expenses;

(d)     The costs of this action; and

(e)     Such further and additional relief as the Court deems just and proper under the circumstances.

### Count III
### (Specific Performance)

28.     For Count III of its Petition, VetBridge restates and adopts by reference the allegations set forth in ¶¶ 1 through 27, above, as though fully set forth herein.

29.     The Agreement expressly prohibited NewMarket from assigning, subcontracting, delegating or otherwise transferring any of its rights or obligations under the Agreement, or from contracting with any third parties to perform any of its obligations under the Agreement, without VetBridge's prior written consent, which consent has never been given.

9

30.     Further, given NewMarket's grant to VetBridge of "an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license" NewMarket's IP/Patent Rights within the agreed upon Field and Territory, NewMarket was prohibited from assigning or granting to any other person or entity a license for its IP/Patent Rights in the contractually agreed upon Field (i.e., the "veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (i.e., "the veterinary market in the United States of America including all of its states, districts, territories and possessions, including the District of Columbia"). Additionally, the Agreement, at Paragraph 12(f), expressly prohibits NewMarket from granting any security interests or permitting any liens against its IP/Patent Rights, without VetBridge's prior consent, which consent has never been given.

31.     Further, pursuant to the Agreement, VetBridge and NewMarket agreed that the parties intended that NewMarket would retain control of the manufacturing and supply of the Omeprazole DSI Products to VetBridge, and agreed, in the event of a "change of control" of NewMarket, that

> [VetBridge] shall have the exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI] Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor. At its sole discretion,

10

in the event of a change of control of [NewMarket], [VetBridge] will have the right to…obtain a license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales (whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained….

(Agreement at ¶13(d)(ii)).

32. For purposes of the foregoing provision, NewMarket and VetBridge agreed that a "change of control," included the following events, among others:

(i) any Person is or becomes the "beneficial owner" (as defined in Rules 13d-3 and 13d-5 of the Securities Exchange Act of 1934, as amended, except that a person shall be deemed to have "beneficial ownership" of all shares that any such person has the right to acquire, whether such right is exercisable immediately or only after the passage of time), directly or indirectly, of over 50% of the total voting power of all classes of capital stock then outstanding of

11

[NewMarket] normally entitled to vote in elections of directors; ….

or  (iii) a party conveys, transfers or leases all or substantially all of

its assets relating to this agreement to any person…."

33.     On October 10, 2014, the parties' filed a "NOTICE OF LICENSE RIGHTS IN A US PATENT APPLICATION OR US PATENT" with the U.S. Patent and Trademark Office ("USPTO"), as Document No. 503014511, EPAS ID: PAT3061111, at Patent Reel 033930, Frame 0226-0228, giving notice to the world of VetBridge's rights in the IP/Patent Rights.

34.     On or about May 6, 2016, NewMarket informed VetBridge for the first time, that it had purportedly transferred an 80% ownership interest in NewMarket to Aboris Animal Health, LLC ("Aboris"), a Delaware limited liability company; that it had purportedly assigned its right to manufacture its Omeprazole DSI Products to Aboris; and that it had purportedly transferred its IP/Patent Rights related to the Omeprazole DSI Products to an unnamed, overseas company for "tax purposes."

35.     Thereafter, on or about March 29, 2017, NewMarket advised VetBridge that it had completed its engagement of AgriCapital, as a broker, for the purported sale of the distribution rights to NewMarket's Omeprazole DSI Products on a global basis, including within the United States, in direct violation of VetBridge's exclusive rights under the Agreement.

36.     Upon information and belief, NewMarket's IP/Patent Rights with respect to its Omeprazole DSI Products and its relationship with any Collaborators, including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India, to make and commercialize its Omeprazole DSI Products, constitute all or substantially all of NewMarket's assets relating to the Agreement.

37.     NewMarket's purported assignment of its right to manufacture its Omeprazole DSI Products to Aboris, as well as the purported transfer of its IP/Patent Rights related to the

Omeprazole DSI Products to an unnamed, overseas company for "tax purposes," constitute a change of control under the Agreement, as did the purported transfer of an 80% ownership interest in NewMarket to Aboris.

38. Further, NewMarket's purported assignment of its right to manufacture its Omeprazole DSI Products to Aboris and the purported transfer of its IP/Patent Rights related to the Omeprazole DSI Products to an unnamed, overseas company for "tax purposes," if actually done, though no assignments of such rights have been filed with the USPTO, as well as its engagement of AgriCapital, as a broker, for the purported sale of the distribution rights to NewMarket's Omeprazole DSI Products on a global basis, including within the United States, were done without VetBridge's consent, written or otherwise, constitute material breaches of NewMarket's obligations under the Agreement, and are void.

39. VetBridge's rights under the Agreement and in NewMarket's Omeprazole DSI Products and the IP/Patent Rights relating thereto are unique, and VetBridge is without an adequate remedy at law.

40. As a direct and proximate result of the change of control with respect to NewMarket, and its material breaches of the Agreement, VetBridge is entitled to a judgment of specific performance, granting VetBridge

> (a) The exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI]

13

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor; and

(b) A license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales (whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained.

41.     Further, pursuant to the Agreement, VetBridge is entitled to recover its reasonable attorneys' fees and expenses incurred in enforcing the Agreement.

42.     All conditions precedent to maintaining this action have occurred or been waived.

WHEREFORE, Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC respectfully prays that judgment be entered in its favor and against NewMarket Pharmaceuticals, LLC on Count III of its Petition for specific performance under the Agreement, granting VetBridge:

(a)     The exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI] Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor; and

(b)     A license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales (whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained;

Together with:

(c)     An award of VetBridge's reasonable attorneys' fees and expenses;

(d)     The costs of this action; and

(e)     Such further and additional relief as the Court deems just and equitable under the circumstances.

## COUNT IV
### (Temporary, Preliminary & Permanent Injunctive Relief)

43.     For Count IV of its Petition, VetBridge restates and adopts by reference the allegations set forth in ¶¶ 1 through 42, above, as though fully set forth herein.

44.     As set forth in Count III, above, based upon NewMarket's "change of control," VetBridge has a probability of success on the merits, pursuant to Paragraph 13(d)(ii) of the Agreement, that it has the right to a judgment of specific performance granting VetBridge, among other things:

(a)     The exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI] Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor; and

(b)     A license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including

16

manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales (whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained.

45.    Given NewMarket's prior assertions to VetBridge, among other things, (a) that it purportedly assigned its right to manufacture its Omeprazole DSI Products to Aboris; and (b) that it purportedly transferred its IP/Patent Rights related to the Omeprazole DSI Products to an unnamed, overseas company for "tax purposes"; which, if done, were in material breach of the Agreement and in direct violation of VetBridge's exclusive distribution rights and license in and to NewMarket's Omeprazole DSI Products and IP/Patent Rights thereunder; as well as (c) that it has purportedly retained a broker to sell the distribution rights to NewMarket's Omeprazole DSI Products on a global basis, including within the Field and Territory exclusively granted to VetBridge under the Agreement, VetBridge has a reasonable apprehension that, if not temporarily, preliminarily and permanently enjoined from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to NewMarket's Omeprazole DSI Products and/or its IP/Patent Rights relating thereto in the contractually agreed upon Field and Territory, NewMarket will take some action

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

relating thereto which would render a judgment of specific performance in VetBridge's favor, as requested in Count III, ineffectual.

46.     VetBridge's apprehension in this regard is heightened by the fact that NewMarket is currently involved in litigation with VetPharm, the CRO that performed all of the field clinical studies and has possession of all of the data and results of those field clinical studies necessary for NewMarket to pursue and obtain approval of its Omeprazole DSI Products for sale and distribution from the FDA's CVM, in the case styled *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc.,* No. 3:17-CV-01852-MAS-TJB (the "VetPharm Litigation"), currently pending in the U.S. District Court for the District of New Jersey. In the VetPharm Litigation, VetPharm, among other things, claims it is owed more than $900,000 from NewMarket for the work it performed with respect to such field clinical studies and has refused to release any of the data and results relating thereto, without first receiving payment of the amounts its claims are due and owing; and NewMarket has repeatedly stated its clear intention to enter into certain unspecified "business arrangements" with third parties to obtain necessary funding to pursue its NADA before the FDA's CVM, and to thereafter pursue the manufacture and distribution of its Omeprazole DSI Products once approval from the FDA's CVM is obtained.

47.     Since NewMarket has represented that it is a single drug, drug company, and has no products other than its Omeprazole DSI Products and its IP/Patent Rights relating thereto, VetBridge has a reasonable apprehension that such unspecified "business arrangements" would necessarily include and directly or indirectly interfere with VetBridge's exclusive distribution rights and license in and to NewMarket's Omeprazole DSI Products and IP/Patent Rights thereunder.

48.     Moreover, VetBridge recently learned that NewMarket has discontinued its payroll, and that the person principally involved in handling the pursuit of NewMarket's NADA

with the FDA's CVM, Dr. Dave Rock, its Vice-President of Research and Development, is no longer employed by NewMarket; causing even greater concern that NewMarket does not have the financial resources to remain in business, let alone pursue the required FDA approval that is necessary for the manufacture and sale of the Omeprazole DSI Products, creating a substantial risk that NewMarket will grant unknown third persons or entities rights that will interfere with VetBridge's exclusive distribution rights and license in and to NewMarket's Omeprazole DSI Products and IP/Patent Rights thereunder.

49.     In the absence of a temporary, preliminary and permanent injunction as requested herein, VetBridge will suffer immediate and irreparable harm in that, among other things,

(a)     VetBridge's rights under the Agreement and in NewMarket's Omeprazole DSI Products and the IP/Patent Rights relating thereto are unique, such that VetBridge does not have an adequate remedy at law, and

(b)     Any judgment of specific performance, as requested in Count III, above, would be rendered ineffectual if NewMarket, while this action is pending, was to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant any rights or interest in or to its Omeprazole DSI Products and/or its IP/Patent Rights relating thereto to any person or entity in direct violation of VetBridge's exclusive rights and license in and to the same.

50.     The harm VetBridge will suffer if NewMarket is not temporarily, preliminarily and permanently enjoined and restrained from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to NewMarket's Omeprazole DSI Products and/or its IP/Patent Rights relating thereto in the Field and Territory, outweighs any potential harm to NewMarket in being required to comply with the Agreement, which it knowingly and voluntarily entered into and for which it received

$4,002,435 from VetBridge, in that VetBridge will lose not only the benefit of its bargain, but the exclusive right to make and commercialize the Omeprazole DSI Products in Field and Territory, as granted under the Agreement, as well as the right to assume the beneficial position of [NewMarket's] relationships with any Collaborators, including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India, to make and commercialize the [Omeprazole DSI] Product in the Field and Territory.

51.     The public interest will be advanced requiring NewMarket to comply with the terms of the Agreement.

52.     Pursuant to Mo. R. Civ. P. 92.02(b), VetBridge states that its request for a temporary restraining order should be heard ex parte because prior notice would defeat the purpose of the requested temporary restraining order in that it would provide NewMarket with an opportunity, prior to the issuance of a temporary restraining order, to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant any rights or interest in or to its Omeprazole DSI Products and/or its IP/Patent Rights relating thereto, thereby defeating the very purpose of the requested relief.

53.     Pursuant to the Agreement, VetBridge is entitled to recover its reasonable attorneys' fees and expenses incurred in enforcing the Agreement.

54.     All conditions precedent to maintaining this action have occurred or been waived.

WHEREFORE, Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC respectfully prays, in accordance with Mo. R. Civ. P. 92.02 and RSMo. §526.050, that judgment be entered in its favor and against NewMarket Pharmaceuticals, LLC on Count IV of its Petition,

(a)     Temporarily, preliminarily, and permanently enjoining and restraining NewMarket Pharmaceutical, LLC, together with its officers, managers, members, agents, affiliates, attorneys, and employees, and all other persons in

active concert or participation with them, from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to NewMarket's Omeprazole DSI Products and/or its IP/Patent Rights relating thereto in the Field and Territory,

Together with:

(b)     An award of VetBridge's reasonable attorneys' fees and expenses;

(c)     The costs of this action; and

(d)     Such further and additional relief as the Court deems just and equitable under the circumstances.

**JURY DEMAND**

COME NOW Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC, by and through counsel, and respectfully demands a jury trial on every issue so triable.


Dated:   August 28, 2018.                    Respectfully submitted by,

                                             LATHROP & GAGE LLP

                                             BY:   *Greer S. Lang*
                                             Greer S. Lang          MO #40107
                                             Brian W. Fields        MO #45704
                                             2345 Grand Boulevard, Suite 2200
                                             Kansas City, Missouri  64108-2618
                                             Phone: 816.292.2000
                                             Fax: 816.292.2001
                                             glang@lathropgage.com
                                             bfields@lathropgage.com

                                             **Attorneys for Plaintiff**

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

## VERIFICATION

State of Missouri          )
                           )          ss
County of Jackson          )

I, Kevin Speltz, having first been duly sworn on my oath, depose and state that I am the

Manager of VetBridge Product Development Subsidiary I (NM-OMP), LLC ("VetBridge"); that

I am the duly authorized representative of VetBridge to verify the above Verified Petition for

Damages, Specific Performance and Injunctive Relief; that I have personal knowledge of the

factual matters alleged herein; and that the same are true and correct to the best of my

information, knowledge and belief.

Dated: August _20_, 2018          VetBridge Product Development Subsidiary
                                  I (NM-OMP) LLC

                                  By: _____
                                       Kevin Speltz, Manager


Subscribed and sworn to before me, a notary public, on August _20_, 20168

                                  _____
                                  Notary Public

My Commission Expires On:

_____

MINDY D. DEMING, NOTARY PUBLIC, NOTARY SEAL
ANDREW COUNTY, STATE OF MISSOURI
MY COMMISSION# 14025608 EXPIRES 10/6/2018



22

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

IN THE CIRCUIT COURT OF _x_ BUCHANAN ___ ANDREW COUNTY
DIVISION NO. ___

VetBridge Product Development Subsidiary I

(NM-OMP, LLC, Kevin Speltz, Manager

```
                                    )
        Plaintiff/Petitioner,       )
                                    )
            v.                      )        Case No.
New Market Pharmaceuticals, LLC     )
Mark Ridall, Manager                )
        Defendant/Respondent.       )
```

**Track Information Statement**
(Form 4.2.1.2)

Description                    of                    Action:
_____

breach of an Exclusive Distribution and License Agreement, specific performance and for a temporary,
preliminary and permanent injunction

**(If there are multiple counts, use the principle count to determine to which track the case should be assigned.)**

Pursuant to Local Rule 4.2.1.2, I the undersigned verify that the above captioned matter to be filed is a civil action which falls within the category of civil actions which, pursuant to Local Rule 4.2.1, are to be assigned to the _x_ standard ___ complex track.

/s/ Greer S. Lang
_____

**Attorney for** Plaintiff

**Date Signed:** August 28, 2018

*Form A - 1*

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

IN THE CIRCUIT COURT OF __x_ BUCHANAN ___ ANDREW COUNTY
DIVISION NO. ___

VetBridge Product Development Subsidiary I
(NM-OMP, LLC, Kevin Speltz, Manager
_____,  )
      **Plaintiff/Petitioner,**    )
                            )
          **v.**            )    **Case**        **No.**
New Market Pharmaceuticals, LLC
Mark Ridall, Manager
_____,  )
      **Defendant/Respondent.**   )

**Case Information Statement**
(Rule 4.2.1.3)

Name and Status of Person Filing Action:  VetBridge Product Development
Subsidiary I (NM-OMP), LLC , a Missouri limited liability company                .

Description of Action:  action for breach of an Exclusive Distribution and License Agreement,
specific performance and for a temporary, preliminary and permanent injunction                .

Jury Trial Demanded: _x_ Yes ___ No

Estimated Trial Time: 7 days

Is this action related to any other action presently pending in
any Court? ___ Yes _x_ No If yes, please state: 1. court in
which action is pending: _____;
and, 2. caption and case number of action: _____
_____.

    Pursuant to Rule 4.2.1.3, I, the undersigned, request that
this case, which is presently set on the __ expedited __ standard
__ complex track, be placed on the __ expedited __ standard __
complex track because: _____
_____
_____
_____.


    /s/ Greer S. Lang                   

                      **Signature**

********************************************************************

For Court Use Only:

    Case Track Assigned: __ Expedited __ Standard __ Complex

    Trial Date: _____ or Status Hearing Date: _____

THE INFORMATION CONTAINED IN THIS FORM IS PROVIDED FOR
ADMINISTRATIVE PURPOSES ONLY AND CANNOT BE USED AS EVIDENCE ON A
SUBSTANTIVE ISSUE.

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**DIVISION ___**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC,

by and through counsel, and hereby moves for the approval and appointment of HPS Process

Service Investigators, Inc. and/or its Agents as private process server pursuant to Missouri

Supreme Court Rule 54.03 to serve the Verified Petition for Damages, Specific Performance &

Injunctive Relief and Summons on Defendant NewMarket Pharmaceuticals, LLC , in the above

captioned matter.

Dated:   August 28, 2018.                   Respectfully submitted by,

LATHROP & GAGE LLP

BY:   *Greer S. Lang*
Greer S. Lang          MO #40107
Brian W. Fields         MO #45704
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Phone: 816.292.2000
Fax: 816.292.2001
glang@lathropgage.com
bfields@lathropgage.com

**Attorneys for Plaintiff**

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
DIVISION ___**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**ORDER APPOINTING PRIVATE PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of a private process server is GRANTED. Accordingly, HPS Process Service Investigators, Inc. and its Agents are hereby approved and appointed to serve process in the above captioned matter.

Date:_____          _____
                                                            JUDGE

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**(DIVISION NO. \_\_\_\_)**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) | |
| Defendant. | ) ) | |

## EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC ("VetBridge"), by and through counsel, and pursuant to Missouri Rule of Civil Procedure 92.02(b), moves the Court for a temporary restraining order, without notice, to enjoin and restrain Defendant NewMarket Pharmaceuticals, LLC ("Defendant" or "NewMarket"), in breach of VetBridge's exclusive distribution rights and license granted under the the parties' June 27, 2014 Exclusive Distribution and License Agreement ("Agreement"), attached as **Exhibit A** to VetBridge's Verified Petition for Damages, Specific Performance & Injunctive Relief ("Verified Petition"), from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

1. NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

2.   NewMarket's IP/Patent Rights relating thereto, including all patents and patent
applications, and all divisionals, continuations, continuations-in-part,
counterparts, re-examinations, reissues, extensions, registrations, and
supplementary or complementary certificates and the like, both domestic and
foreign, and items which claim the benefit of priority to any of the foregoing,
whether in whole or in part, directly or indirectly owned, licensed, and/or
optioned (with the right to grant sub-licenses) by NewMarket or an affiliate
thereof, as of the Effective Date of the Agreement (June 27, 2014) or during the
term of said Agreement, which relate to the Omeprazole DSI Products, and their
development, manufacture, or use, including, but not limited to, the following:

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|----------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (consisting of the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals) and Territory (consisting of the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia).

In support of this Motion, VetBridge incorporates by reference its Verified Petition, which is being filed concurrently herewith, as though fully set forth herein.

WHEREFORE, for the reasons set forth in its Verified Petition, Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC respectfully requests that the Court grant this Motion and enter a Temporary Restraining Order, temporarily enjoining and restraining Defendant VetBridge Pharmaceuticals, LLC, as set forth in the proposed Temporary Restraining Order being submitted herewith.

Dated:   August 28, 2018.

Respectfully submitted by,

LATHROP & GAGE LLP

BY:   *Greer S. Lang*
Greer S. Lang              MO #40107
Brian W. Fields            MO #45704
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Phone: 816.292.2000
Fax: 816.292.2001
glang@lathropgage.com
bfields@lathropgage.com

**Attorneys for Plaintiff**

Electronically Filed - Buchanan - August 29, 2018 - 08:54 AM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
DIVISION __1__**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. __18BU-CV03640__ |
| | ) | |
| vs. | ) | |
| | ) | |
| NewMarket Pharmaceuticals, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
|_____| ) | |

**ORDER APPOINTING PRIVATE PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Approval and Appointment of a private process server is GRANTED. Accordingly, HPS Process Service Investigators, Inc. and its Agents are hereby approved and appointed to serve process in the above captioned matter.

Date: **Wednesday, August 29, 2018**   _____**/s/K. DOBOSZ, Deputy Clerk**_____
                                                    JUDGE



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MELISSA M LAWYER | Case Number:  18BU-CV03640 |
| Plaintiff/Petitioner:<br>VETBRIDGE PRODUCT DEVELOPMENT<br>SUBSIDIARY I (NM-OMP), LLC<br>                              vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREER SHIRREFFS LANG<br>2345 GRAND BLVD<br>SUITE 2400<br>KANSAS CITY, MO  64108 |
| Defendant/Respondent:<br>NEWMARKET PHARMACEUTICALS, LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST |
| Nature of Suit:<br>CC Specific Performance | SAINT JOSEPH, MO  64501<br>**STATUS REVIEW HEARING DATE:11-27-18<br>@ 8:30AM, DIV 1**<br>                             (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   NEWMARKET PHARMACEUTICALS, LLC
                               **Alias:**

**4 PITCAIRN AVENUE**
**SUITE 4**
**TRENTON, NJ  08628**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*BUCHANAN COUNTY*

  *Wednesday, August 29, 2018*        */s/K. DOBOSZ, Deputy Clerk*
           Date                                     Clerk
Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____           _____
    Printed Name of Sheriff or Server                  Signature of Sheriff or Server
        **Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
        I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.
*(Seal)*                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                        ☐ authorized to administer oaths.  (use for court-appointed server)

_____
                                      Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $_____ per mile) |
| **Total** | $_____ |

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID#18-SMOS-53**    1  of  2  **(18BU-CV03640)**    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Case 5:18-cv-06147-BCW   Document 1-1   Filed 10/05/18   Page 31 of 73

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID# 18-SMOS-53**    2  of  2    **(18BU-CV03640)**        Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 5:18-cv-06147-BCW   Document 1-1   Filed 10/05/18   Page 32 of 73

# DIVISION 1-CIVIL WORKSHEET

DATE: 9-5-2018     @ 8:30 AM          CASE NUMBER:  18BU-CV03640

CASE NAME: Vetbridge Product Develop v Newmarket Pharmaceutica
CASE  TYPE: Specific Performance

## APPEARANCES:
[] Plaintiff/Petitioner          [X] NOT     [X] by attorney, Greer Lang
[] Defendant/Respondent       [X] NOT     [] by attorney,
[] GAL,            ,  appears
Other appearances:  _____

## TYPE OF HEARING:
☐ Trial Setting/Case Review  ☐ Pre-Trial Conference  ☐ Final Hearing   ☐ Trial
☐ GAL Payment  ☐ FIT Compliance  ☒ Other: Motion Hearing

[] Unrepresented parties advised of right to counsel & dangers of proceeding w/o lawyer
[] Unrepresented parties waive right to counsel
[] GAL appointed, _____
[] GAL Deposit Ordered: _____
[] For good cause shown, case is continued/reset
[X] Evidence presented
[X] Order~ TRO~ entered [X] for Petitioner [] for Respondent [] by agreement [] _____
[] Costs taxed against [] Petitioner [] Respondent [] _____
[] GAL awarded a fee of $_____ to be paid by _____
[] DISMISSED [] by Petitioner [] for want of prosecution w/o prejudice
[] Ex Parte Order Extended
[] Scheduling Order to be submitted within 30 days
[] Order/Judgment to be prepared by _____ on or before   /   /2018
[] Clerk to send show cause notice for failure to comply with court order
[] Other: _____

[] Set for Trial Setting/Case Review on    /   /2018 at _____
[] Set for Pretrial Conference on    /   /2018 at _____
[] Set for Trial on    /   /2018 at _____
[X] Set for  motion hrg  on 9/14/2018 at  9:30

_MM_

Judge Initials

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI DIVISION 1**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18BU-CV03640 |
| | ) | |
| vs. | ) | |
| | ) | |
| NewMarket Pharmaceuticals, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC's ("Plaintiff") *Ex Parte Motion For Temporary Restraining Order* will be heard on **September 5, 2018** at **9:00 a.m.**, or as soon thereafter as counsel may be heard, by the Honorable Melissa M. Lawyer, in Division 1, Room 302 Circuit Court of Buchanan County, Missouri, 411 Jules St., St. Joseph, Missouri 64501.

Dated:   August 30, 2018.

Respectfully submitted by,

LATHROP & GAGE LLP

BY:   /s/ *Greer S. Lang*
Greer S. Lang          MO #40107
Brian W. Fields         MO #45704
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Phone: 816.292.2000
Fax: 816.292.2001
glang@lathropgage.com
bfields@lathropgage.com

**Attorneys for Plaintiff**

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
(DIVISION NO. 1)**

VetBridge Product Development Subsidiary I   )
(NM-OMP), LLC,                                      )
                                               )
              Plaintiff,           )     Case No.  18BU-CV03640
                                             )
vs.                                           )
                                           )
NewMarket Pharmaceuticals, LLC,      )
                                           )
              Defendant.       )

## CORRECTED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC ("VetBridge"), by and through counsel, and pursuant to Missouri Rule of Civil Procedure 92.02(b), moves the Court for a temporary restraining order, without notice, to enjoin and restrain Defendant NewMarket Pharmaceuticals, LLC ("Defendant" or "NewMarket"), in breach of VetBridge's exclusive distribution rights and license granted under the parties' June 27, 2014 Exclusive Distribution and License Agreement ("Agreement"), attached as **Exhibit A** to VetBridge's Verified Petition for Damages, Specific Performance & Injunctive Relief ("Verified Petition"), from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

1.     NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

2.     NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date of the Agreement (June 27, 2014) or during the term of said Agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use, including, but not limited to, the following:

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|---|---|---|---|---|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

2

in the Field (consisting of the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals) and Territory (consisting of the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia).

In support of this Motion, VetBridge incorporates by reference its Verified Petition, which is being filed concurrently herewith, as though fully set forth herein.

WHEREFORE, for the reasons set forth in its Verified Petition, Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC respectfully requests that the Court grant this Motion and enter a Temporary Restraining Order, temporarily enjoining and restraining Defendant NewMarket Pharmaceuticals, LLC, as set forth in the proposed Temporary Restraining Order being submitted herewith.

Dated:   August 30, 2018.

Respectfully submitted by,

LATHROP & GAGE LLP

BY:___/s/ Greer S. Lang_____
Greer S. Lang          MO #40107
Brian W. Fields        MO #45704
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Phone: 816.292.2000
Fax: 816.292.2001
glang@lathropgage.com
bfields@lathropgage.com

**Attorneys for Plaintiff**

# DIVISION 1-CIVIL WORKSHEET

DATE: 9-5-2018 @ 8:30 AM          CASE NUMBER: 18BU-CV03640

CASE NAME: Vetbridge Product Develop v Newmarket Pharmaceutica
CASE TYPE: Specific Performance

## APPEARANCES:
[] Plaintiff/Petitioner          [X] NOT     [X] by attorney, Greer Lang
[] Defendant/Respondent       [X] NOT     [] by attorney,
[] GAL,              , appears
Other appearances: _____

## TYPE OF HEARING:
☐ Trial Setting/Case Review  ☐ Pre-Trial Conference  ☐ Final Hearing  ☐ Trial
☐ GAL Payment  ☐ FIT Compliance  ☒ Other: Motion Hearing

[] Unrepresented parties advised of right to counsel & dangers of proceeding w/o lawyer
[] Unrepresented parties waive right to counsel
[] GAL appointed, _____
[] GAL Deposit Ordered: _____
[] For good cause shown, case is continued/reset
[X] Evidence presented
[X] Order ~~TRO~~ entered [X] for Petitioner [] for Respondent [] by agreement [] _____
[] Costs taxed against [] Petitioner [] Respondent [] _____
[] GAL awarded a fee of $_____ to be paid by _____
[] DISMISSED [] by Petitioner [] for want of prosecution w/o prejudice
[] Ex Parte Order Extended
[] Scheduling Order to be submitted within 30 days
[] Order/Judgment to be prepared by _____ on or before   /  /2018
[] Clerk to send show cause notice for failure to comply with court order
[] Other: _____

[] Set for Trial Setting/Case Review on   /  /2018 at _____
[] Set for Pretrial Conference on   /  /2018 at _____
[] Set for Trial on   /  /2018 at _____
[X] Set for _motion hrg_ on 9/14/2018 at 9:30

WW

Judge Initials

# IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
## (DIVISION NO. 1)

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18BU-CV03640 |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) | |
| Defendant. | ) ) | |

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC's ("VetBridge"), Ex Parte Motion for a Temporary Restraining Order, which seeks a temporary restraining order against Defendant NewMarket Pharmaceuticals, LLC ("Defendant" or "NewMarket"). VetBridge has filed a Verified Petition for Damages, Specific Performance & Injunctive Relief and Exhibit A thereto (the "Verified Petition").

Having now considered the information, pleadings and evidence before it, and being fully advised in the premises, the Court finds as follows:

1.　　Based upon the statements of counsel and the sworn statement of Kevin Speltz, VetBridge's managing member, in the Verified Petition, pursuant to Mo. R. Civ. P. 92.02(b)(2), the Court finds that a temporary restraining order may properly be issued without notice to NewMarket. Specifically, the Court finds that there is a significant risk that providing notice of this proceeding under Mo. R. Civ. P. 92.02(a)(3) would provide NewMarket with an opportunity, prior to the issuance of a temporary restraining order, to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant rights or interests in or to its

Omeprazole DSI Products and/or the IP/Patent Rights relating thereto, as defined below, thereby defeating the very purpose of the requested relief.

2.     VetBridge has petitioned this Court for a temporary restraining order to enjoin and restrain Defendant NewMarket from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

(a)     NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

(b)     NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (June 27, 2014) of the Exclusive Distribution and License Agreement or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including, but not limited to, the following:

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|-------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |

2

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|-------------------------------|-------------|-------|
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia").

3.     VetBridge has submitted persuasive evidence, through its Verified Petition and Ex Parte Motion for a Temporary Restraining Order, and the Court finds, that:

(a)     The June 27, 2014 Exclusive Distribution and License Agreement (the "Agreement," **Exhibit A** to the Verified Petition) is a valid and enforceable agreement.

(b)     Pursuant to the Agreement, for and in consideration of VetBridge's payment of $4,000,000 to NewMarket, which sums were to be used "solely for direct expenses related to the development of the [Omeprazole DSI] Products," NewMarket:

(1)     Appointed VetBridge as its "sole and exclusive authorized wholesale distributor and reseller to advertise, promote, market, distribute, supply and sell ("Distribute" or "Distribution")" NewMarket's Omeprazole DSI Products in the Field and Territory; and

(2)     Granted VetBridge, "in connection with the Distribution of the [Omeprazole DSI] Products in the Territory, an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license, the IP/Patent Rights in the Field and Territory.

(c)     VetBridge made timely payment to NewMarket of the $4,000,000 due under the Agreement.

3

(d)     The Agreement expressly prohibits NewMarket from assigning, subcontracting, delegating or otherwise transferring any of its rights or obligations under the Agreement, or from contracting with any third parties to perform any of its obligations under the Agreement, without VetBridge's prior written consent.

(e)     Further, given NewMarket's grant to VetBridge of "an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license" NewMarket's IP/Patent Rights within the agreed upon Field and Territory, NewMarket is prohibited from assigning or granting to any other person or entity a license for its IP/Patent Rights in the Field and Territory.

(f)     Additionally, the Agreement, at Paragraph 12(f), expressly prohibits NewMarket from granting any security interests or permitting any liens against its IP/Patent Rights, without VetBridge's prior consent.

(g)     A "change of control," as defined in Paragraph 13(d)(v) of the Agreement, has occurred.

(h)     In the event of a "change of control," pursuant to Paragraph 13(d)(ii) of the Agreement, VetBridge is entitled to:

    (1)     The exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI] Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor; and

    (2)     A license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales (whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained.

(i)     VetBridge has requested specific performance of the Agreement, and specifically, enforcement of its rights under Paragraph 13(d)(ii), in Count III of its Verified Petition.

4

(j)     In the absence of the requested temporary restraining order, VetBridge will suffer immediate and irreparable harm, in that, among other things:

(1)     VetBridge's rights under the Agreement and in NewMarket's Omeprazole DSI Products and the IP/Patent Rights relating thereto are unique, and VetBridge is without an adequate remedy at law; and

(2)     Any judgment of specific performance, as requested in Count III of the Verified Petition, would be rendered ineffectual, if NewMarket were to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant any rights or interest in or to its Omeprazole DSI Products and/or its IP/Patent Rights relating thereto to any person or entity, in direct violation of VetBridge's exclusive rights and license in and to the same.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant NewMarket Pharmaceuticals, LLC, together with its officers, managers, members, agents, affiliates, attorneys, and employees, and all other persons in active concert or participation with them, are hereby enjoined and restrained from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

1.     NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

2.     NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (June 27, 2014) of the Exclusive Distribution and License Agreement or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including, but not limited to, the following:

5

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|----------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:

VetBridge shall post a cash or surety bond with the Clerk of the Circuit Court of Buchanan County, Missouri, in the sum of $ 1000.00 .

6

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

A hearing is set on Plaintiff's motion for a preliminary injunction made in its Verified Petition for **September 14**, 2018 at **9:30** o'clock (a.m.)/p.m. in Division **1** of the Circuit Court for Buchanan County, Missouri.

This Temporary Restraining Order is entered at **9:19** (a.m.)/p.m. and will remain in effect for ten (10) days, as the Court fixes or until further Order of this Court.

At the preliminary injunction hearing the Court will consider whether to award VetBridge its attorney's fees, court costs, and other costs incurred in this proceeding, pursuant to Missouri law and in accordance with the Agreement.

IT IS SO ORDERED.

**9/05/2018**
Date

Circuit Court Judge

COURT SEAL OF

BUCHANAN COUNTY

7

## IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
## (DIVISION NO. 1)

VetBridge Product Development Subsidiary I )
(NM-OMP), LLC, )
 )
           Plaintiff, ) Case No. 18BU-CV03640
 )
vs. )
 )
NewMarket Pharmaceuticals, LLC, )
 )
—————————————————— )

Defendant.

## CASH BOND TO SECURE TEMPORARY RESTRAINING ORDER

Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC ("Plaintiff' or "VetBridge"), is held and firmly bound unto Defendant NewMarket Pharmaceuticals, LLC ("Defendant" or "NewMarket") in the sum of $1,000.00 lawful money of the United States, to the payment of which, well and true to be made, VetBridge binds itself, it successors and assigns firmly by these presents. The condition to the above obligation is such that VetBridge has applied for temporary restraining order and preliminary injunction against the above-described obliges.

Now, therefore, if VetBridge shall and will abide by the decision which shall be made in the causes wherein said Temporary Restraining Order was granted and shall pay all sums of money, damages or costs, that shall be judged against it if the Court shall finally determine that the Temporary Restraining Order should not have been granted, then this obligation shall be void, otherwise to be and remain in full force and effect until further order of the Court.

Dated: September 4, 2018        VetBridge Product Development
Subsidiary I (NM-OMP), LL,


By: _____
    Green S. Lang, as Authorized Agent

Approved on September 6, 2018

_____

Melissa Lawyer, Circuit Judge

COURT SEAL OF

BUCHANAN COUNTY

2

Electronically Filed - Buchanan - September 13, 2018 - 02:42 PM



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division:<br>MELISSA M LAWYER | Case Number: 18BU-CV03640 |
|---|---|
| Plaintiff/Petitioner:<br>VETBRIDGE PRODUCT DEVELOPMENT<br>SUBSIDIARY I (NM-OMP), LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREER SHIRREFFS LANG<br>2345 GRAND BLVD<br>SUITE 2400<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>NEWMARKET PHARMACEUTICALS, LLC<br><br>Nature of Suit:<br>CC Specific Performance | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST<br>SAINT JOSEPH, MO 64501<br>STATUS REVIEW HEARING DATE:11-27-18<br>@ 8:30AM, DIV 1<br><br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **NEWMARKET PHARMACEUTICALS, LLC**
Alias:

**4 PITCAIRN AVENUE**
**SUITE 4**
**TRENTON, NJ 08628**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**BUCHANAN COUNTY**

_Wednesday, August 29, 2018_     _/s/K. DOBOSZ, Deputy Clerk_
Date     Clerk
Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Kent_ County, _Delaware_ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Kalpana Patel_ (name) _Authorized to Accept Service_ (title).
   - ☐ other: _____

Served at _Delaware Secretary of State, 401 Federal St, Ste 4, Dover 19901_ (address)

in _Kent_ County, _Delaware_ (state), on _9/7/2018_ (date) at _9:30 a.m._ (time).

_Robert DeLacy_
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and sworn to before me this _7th_ (day) _September_ (month) _2018_ (year).
I am: (check one)
   - ☐ the clerk of the court of which affiant is an officer.
   - ☐ the judge of the court of which affiant is an officer.
   - ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_Thomas M. Marshall_
Signature and Title

THOMAS M. MARSHALL
NOTARY PUBLIC
MY COMMISSION
EXPIRES
NOV. 3, 2018

| Service Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Mileage | $ | (_____ miles @ $ _____ per mile) |
| Total | $ | |

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* Document ID# 18-SMOS-53    1 of 2 (18BU-CV03640)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - Buchanan - September 13, 2018 - 02:42 PM

## AFFIDAVIT OF SERVICE

State of Missouri        **County of Buchanan**        Circuit Court

Case Number: 18BU-CV03640

Plaintiff/Petitioner:
**VETBRIDGE PRODUCT DEVELOPMENT SUBSIDIARY I (NM-OMP), LLC**
vs.
Defendant/Respondent:
**NEWMARKET PHARMACEUTICALS, LLC**

Received by HPS Process Service & Investigations to be served on NewMarket Pharmaceuticals, LLC, c/o PHS Corporate Services, Inc., 1313 North Market Street, Suite 5100, Wilmington, DE 19801 I, ___Robert DeLacy___ _____, being duly sworn, depose and say that on the __7__ day of __September__, 20 18 at 9:30 a.m. _____:_____.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri (Except Attachment Action); Verified Petition for Damages, Specific Performance & Injunctive Relief: Exhibit A; Corrected Ex Parte Motion for Temporary Restraining Order; and Certified Copy of Temporary Restraining Order in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving ___Kalpana Patel_____
as___Authorized to Accept Service_____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

() NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: ___Service rejected at PHS Corporate Service, Inc, stated company went void in 2014. Served at___ ___Delaware Secretary of State – 401 Federal St, Ste 4, Dover DE 19901___ _____ _____ _____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __7th__ day
of __September__, __2018__ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2018015551

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

*(notary seal: THOMAS M. MARSHALL, MY COMMISSION EXPIRES NOV. 3, 2018, NOTARY PUBLIC, STATE OF DELAWARE)*

*(stamp, inverted:)*
DIVISIONS
2018 SEP 7 AM 9 30
DEPARTMENT OF STATE
RECEIVED

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**DIVISION 1**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18BU-CV03640 |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC's ("Plaintiff") *Motion For A Preliminary Injunction,* as set forth in the Verified Petition for Damages, Specific Performance and Injunctive Relief, will be heard on **September 14, 2018** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, by the Honorable Melissa M. Lawyer, in Division 1, Room 302 Circuit Court of Buchanan County, Missouri, 411 Jules St., St. Joseph, Missouri 64501.

Dated:   September 7, 2018.              Respectfully submitted by,

LATHROP & GAGE LLP

BY:    /s/ *Greer S. Lang*

Greer S. Lang          MO #40107
Brian W. Fields         MO #45704
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Phone: 816.292.2000
Fax: 816.292.2001
glang@lathropgage.com
bfields@lathropgage.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2018, I served a true and correct copy of the above and foregoing, by email, addressed to:

NewMarket Pharmaceuticals, LLC
C/o Mark Ridall, President
2 Woodlawn Lane,
Pennington, NJ 08534
m.ridall@aborisah.com
m.ridall@newmarketpharma.com

I further certify that on September 6, 2018, I served a true and correct copy of the Temporary Restraining Order entered by the Court on September 5, 2018, by email and by Federal Express overnight delivery, postage prepaid, addressed to:

NewMarket Pharmaceuticals, LLC
C/o Mark Ridall, President
2 Woodlawn Lane,
Pennington, NJ 08534
m.ridall@aborisah.com
m.ridall@newmarketpharma.com

And by having a true and correct copy of the Temporary Restraining Order entered by the Court on September 5, 2018, together with the Summons, Verified Petition for Damages, Specific Performance and Injunctive Relief and Plaintiff's Ex Parte Motion for a Temporary Restraining Order served by a special process server upon the Delaware Secretary of State on September 6, 2018.

_____*/s/ Greer S. Lang*_____
**An Attorney for Plaintiffs**

Electronically Filed - Buchanan - September 10, 2018 - 03:09 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Buchanan**                    **Circuit Court**

Case Number: 18BU-CV03640

Plaintiff/Petitioner:
**VETBRIDGE PRODUCT DEVELOPMENT SUBSIDIARY I (NM-OMP), LLC**
vs.
Defendant/Respondent:
**NEWMARKET PHARMACEUTICALS, LLC**

Received by HPS Process Service & Investigations to be served on NewMarket Pharmaceuticals, LLC, c/o PHS Corporate Services, Inc., 1313 North Market Street, Suite 5100, Wilmington, DE 19801. I, ___AdAm___ ___ꞬⱯᏞᴅᴇᴘ___ , being duly sworn, depose and say that on the ___5___ day of ___SEPT___ , 20 _18_ at ___3 : 18___.m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri (Except Attachment Action); Verified Petition for Damages, Specific Performance & Injunctive Relief; Exhibit A; Corrected Ex Parte Motion for Temporary Restraining Order; and Certified Copy of Temporary Restraining Order in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

(X) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: ___AGENT REFUSED BECAUSE COMPANY WENT VOID IN 2014___

_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _6th_ day
of _SEPTEMBER_ , 20 _18_ by the affiant who is
personally known to me.

_Thomas M. Marshall_
NOTARY PUBLIC

[Notary Seal:
THOMAS M. MARSHALL
COMMISSION
EXPIRES
NOV. 3, 2018
NOTARY PUBLIC
STATE OF DELAWARE]

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2018015551

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.2p

Case 5:18-cv-06147-BCW   Document 1-1   Filed 10/05/18   Page 52 of 73



# IN THE 5TH JUDICIAL CIRCUIT, BUCHANAN COUNTY, MISSOURI

| Judge or Division:<br>MELISSA M LAWYER | Case Number: 18BU-CV03640 |
|---|---|
| Plaintiff/Petitioner:<br>VETBRIDGE PRODUCT DEVELOPMENT<br>SUBSIDIARY I (NM-OMP), LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREER SHIRREFFS LANG<br>2345 GRAND BLVD<br>SUITE 2400<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>NEWMARKET PHARMECUTICALS, LLC | Court Address:<br>BUCHANAN CO COURTHOUSE<br>411 JULES ST |
| Nature of Suit:<br>CC Specific Performance | SAINT JOSEPH, MO 64501<br>STATUS REVIEW HEARING DATE:11-27-18<br>@ 8:30AM, DIV 1        (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: | NEWMARKET PHARMACEUTICALS, LLC |
|---|---|

**Alias:**

**4 PITCAIRN AVENUE**
**SUITE 4**
**TRENTON, NJ 08628**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**BUCHANAN COUNTY**

<u>Wednesday, August 29, 2018</u>         <u>/s/K. DOBOSZ, Deputy Clerk</u>
       Date                                    Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ___PROCESS SERVER___ of ___NEW CASTLE___ County, ___DE___ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☒ other: ___NOT ACCEPTED, COMPANY WENT VOID IN 2014___.

Served at _____ (address)

in _____ County, _____ (state), on ___9/5/18___ (date) at ___3:18 PM___ (time).

___ADAM GOLDEN___
Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Subscribed and sworn to** before me this ___6th___ (day) ___SEPTEMBER___ (month) ___2018___ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

**(Seal)**

_Thomas M. Marshall_
Signature and Title

| Service Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| Total | $ |

THOMAS M. MARSHALL
COMMISSION EXPIRES
NOV. 3, 2019
NOTARY PUBLIC
STATE OF DELAWARE

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* Document ID# 18-SMOS-53      1 of 2 (18BU-CV03640)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

See the following page for directions to officer making return on **service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Buchanan - September 14, 2018 - 04:04 PM

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**(DIVISION NO. 1)**

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  18BU-CV03640 |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) | |
| Defendant. | ) ) | |

## AMENDED TEMPORARY RESTRAINING ORDER

Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC's ("VetBridge") filed its Verified Petition for Damages, Specific Performance & Injunctive Relief and Exhibit A thereto (the "Verified Petition") against Defendant NewMarket Pharmaceuticals, LLC ("Defendant" or "NewMarket") on August 29, 2018.  The Court issued an ex parte Temporary Restraining Order on September 5, 2018. The matter comes before the Court on September 14, 2018 for a hearing on Plaintiff's Motion for a Preliminary Injunction against Defendant.

Plaintiff appeared through its counsel, Greer S. Lang and Thomas Stahl, and in person through its manager, Kevin Speltz.  Defendant appeared through counsel, Aimee Davenport and Robert M. Pollaro. There are no other appearances.

The parties, through counsel, stipulated to continue the hearing on Plaintiff's Motion for Preliminary Injunction to **November 5, 2018** at **9:30 a.m.**, and agreed that the Temporary Restraining Order previously entered in this matter shall remain in effect until that date. Prior to

Based upon the parties' stipulation and agreement, and being fully advised in the premises, the Court reaffirms and adopts the Court's findings and conclusions, as set forth in the Court's September 5, 2018 Temporary Restraining Order, and as restated below:

1.      Based upon the statements of counsel and the sworn statement of Kevin Speltz, VetBridge's managing member, in the Verified Petition, pursuant to Mo. R. Civ. P. 92.02(b)(2), the Court finds that a temporary restraining order may properly be issued without notice to NewMarket. Specifically, the Court finds that there is a significant risk that providing notice of this proceeding under Mo. R. Civ. P. 92.02(a)(3) would provide NewMarket with an opportunity, prior to the issuance of a temporary restraining order, to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant rights or interests in or to its Omeprazole DSI Products and/or the IP/Patent Rights relating thereto, as defined below, thereby defeating the very purpose of the requested relief.

2.      VetBridge has petitioned this Court for a temporary restraining order to enjoin and restrain Defendant NewMarket from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

(a)     NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

(b)     NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (June 27, 2014) of the Exclusive Distribution and License Agreement or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including, but not limited to, the following:

2

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|--------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia").

3.     VetBridge has submitted persuasive evidence, through its Verified Petition and Ex Parte Motion for a Temporary Restraining Order, and the Court finds, that:

(a)     The June 27, 2014 Exclusive Distribution and License Agreement (the "Agreement," **Exhibit A** to the Verified Petition) is a valid and enforceable agreement.

(b)     Pursuant to the Agreement, for and in consideration of VetBridge's payment of $4,000,000 to NewMarket, which sums were to be used "solely for direct expenses related to the development of the [Omeprazole DSI] Products," NewMarket:

3

(1)     Appointed VetBridge as its "sole and exclusive authorized wholesale distributor and reseller to advertise, promote, market, distribute, supply and sell ("Distribute" or "Distribution")" NewMarket's Omeprazole DSI Products in the Field and Territory; and

(2)     Granted VetBridge, "in connection with the Distribution of the [Omeprazole DSI] Products in the Territory, an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license, the IP/Patent Rights in the Field and Territory.

(c)     VetBridge made timely payment to NewMarket of the $4,000,000 due under the Agreement.

(d)     The Agreement expressly prohibits NewMarket from assigning, subcontracting, delegating or otherwise transferring any of its rights or obligations under the Agreement, or from contracting with any third parties to perform any of its obligations under the Agreement, without VetBridge's prior written consent.

(e)     Further, given NewMarket's grant to VetBridge of "an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license" NewMarket's IP/Patent Rights within the agreed upon Field and Territory, NewMarket is prohibited from assigning or granting to any other person or entity a license for its IP/Patent Rights in the Field and Territory.

(f)     Additionally, the Agreement, at Paragraph 12(f), expressly prohibits NewMarket from granting any security interests or permitting any liens against its IP/Patent Rights, without VetBridge's prior consent.

(g)     A "change of control," as defined in Paragraph 13(d)(v) of the Agreement, has occurred.

(h)     In the event of a "change of control," pursuant to Paragraph 13(d)(ii) of the Agreement, VetBridge is entitled to:

(1)     The exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI] Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor; and

(2)     A license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales

4

(whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained.

(i)    VetBridge has requested specific performance of the Agreement, and specifically, enforcement of its rights under Paragraph 13(d)(ii), in Count III of its Verified Petition.

(j)    In the absence of the requested temporary restraining order, VetBridge will suffer immediate and irreparable harm, in that, among other things:

    (1)    VetBridge's rights under the Agreement and in NewMarket's Omeprazole DSI Products and the IP/Patent Rights relating thereto are unique, and VetBridge is without an adequate remedy at law; and

    (2)    Any judgment of specific performance, as requested in Count III of the Verified Petition, would be rendered ineffectual, if NewMarket were to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant any rights or interest in or to its Omeprazole DSI Products and/or its IP/Patent Rights relating thereto to any person or entity, in direct violation of VetBridge's exclusive rights and license in and to the same.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant NewMarket Pharmaceuticals, LLC, together with its officers, managers, members, agents, affiliates, attorneys, and employees, and all other persons in active concert or participation with them, are hereby enjoined and restrained from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

1.    NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

2.  NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (June 27, 2014) of the Exclusive Distribution and License Agreement or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including, but not limited to, the following:

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|--------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:

VetBridge's cash bond in the sum of $1,000, previously posted with the Clerk of the Circuit Court of Buchanan County, Missouri shall remain in place.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

A hearing is set on Plaintiff's motion for a preliminary injunction made in its Verified Petition for **November 5, 2018  at 9:30 a.m.** in **Division 1** of the Circuit Court for Buchanan County, Missouri.

This Temporary Restraining Order is entered at 10:45 a.m. and will remain in effect until the November 5, 2018 preliminary injunction hearing, or further Order of this Court.

At the preliminary injunction hearing the Court will consider whether to award VetBridge its attorney's fees, court costs, and other costs incurred in this proceeding, pursuant to Missouri law and in accordance with the Agreement.

IT IS SO ORDERED.

_____  
Date

_____  
Circuit Court Judge

# DIVISION 1-CIVIL WORKSHEET

DATE: **9/14/2018 @ 9:30 AM**      CASE NUMBER: **18BU-CV03640**

CASE NAME: **Vetbridge Product Develo v Newmarket Pharmaceutica**
CASE TYPE: **Special Performance**

**APPEARANCES:**
[] Plaintiff/Petitioner          [] NOT      [X] by attorney, **Greer Lang**  Tom Stahl
[] Defendant/Respondent     [] NOT      [X] by attorney, Aimee Duenpat
[] GAL,        , appears                                      Robert Ponovo
Other appearances: _____

**TYPE OF HEARING:**
[ ] Trial Setting/Case Review   [ ] Pre-Trial Conference   [ ] Final Hearing   [ ] Trial
[ ] GAL Payment   [ ] FIT Compliance   [X] Other: **Motion Hearing**

[] Unrepresented parties advised of right to counsel & dangers of proceeding w/o lawyer
[] Unrepresented parties waive right to counsel
[] GAL appointed, _____
[] GAL Deposit Ordered: _____
[X] For good cause shown, case is continued/reset
[] Evidence presented
[] Judgment entered [] for Petitioner [] for Respondent [] by agreement [] _____
[] Costs taxed against [] Petitioner [] Respondent [] _____
[] GAL awarded a fee of $_____ to be paid by _____
[] DISMISSED [] by Petitioner [] for want of prosecution w/o prejudice
[] Ex Parte Order Extended
[] Scheduling Order to be submitted within 30 days
[] Order/Judgment to be prepared by _____ on or before   /   /2018
[] Clerk to send show cause notice for failure to comply with court order
[X] Other: SR date of 11/27/18 @ 8:30 cancelled
_____

, Set for Trial Setting/Case Review on   /   /2018 at _____
[] Set for Pretrial Conference on   /   /2018 at _____
[] Set for Trial on   /   /2018 at _____
[X] Set for motion hearing ___ on 11/5/2018 at 9:30

ML

Judge Initials

# IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
## (DIVISION NO. 1)

VetBridge Product Development Subsidiary I     )
(NM-OMP), LLC,                                  )
                                         )
             Plaintiff,           )     Case No.  18BU-CV03640
                                           )
vs.                                            )
                                         )
NewMarket Pharmaceuticals, LLC,      )
                                         )
            Defendant.         )

## AMENDED TEMPORARY RESTRAINING ORDER

Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC's ("VetBridge") filed its Verified Petition for Damages, Specific Performance & Injunctive Relief and Exhibit A thereto (the "Verified Petition") against Defendant NewMarket Pharmaceuticals, LLC ("Defendant" or "NewMarket") on August 29, 2018.  The Court issued an ex parte Temporary Restraining Order on September 5, 2018. The matter comes before the Court on September 14, 2018 for a hearing on Plaintiff's Motion for a Preliminary Injunction against Defendant.

Plaintiff appeared through its counsel, Greer S. Lang and Thomas Stahl, and in person through its manager, Kevin Speltz.  Defendant appeared through counsel, Aimee Davenport and Robert M. Pollaro. There are no other appearances.

The parties, through counsel, stipulated to continue the hearing on Plaintiff's Motion for Preliminary Injunction to **November 5, 2018** at **9:30 a.m.**, and agreed that the Temporary Restraining Order previously entered in this matter shall remain in effect until that date. Prior to

Based upon the parties' stipulation and agreement, and being fully advised in the premises, the Court reaffirms and adopts the Court's findings and conclusions, as set forth in the Court's September 5, 2018 Temporary Restraining Order, and as restated below:

1.      Based upon the statements of counsel and the sworn statement of Kevin Speltz, VetBridge's managing member, in the Verified Petition, pursuant to Mo. R. Civ. P. 92.02(b)(2), the Court finds that a temporary restraining order may properly be issued without notice to NewMarket.  Specifically, the Court finds that there is a significant risk that providing notice of this proceeding under Mo. R. Civ. P. 92.02(a)(3) would provide NewMarket with an opportunity, prior to the issuance of a temporary restraining order, to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant rights or interests in or to its Omeprazole DSI Products and/or the IP/Patent Rights relating thereto, as defined below, thereby defeating the very purpose of the requested relief.

2.      VetBridge has petitioned this Court for a temporary restraining order to enjoin and restrain Defendant NewMarket from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

(a)      NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

(b)      NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (June 27, 2014) of the Exclusive Distribution and License Agreement or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including, but not limited to, the following:

Case 5:18-cv-06147-BCW   Document 1-1   Filed 10/05/18   Page 64 of 73

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|---|---|---|---|---|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia").

     3.     VetBridge has submitted persuasive evidence, through its Verified Petition and Ex Parte Motion for a Temporary Restraining Order, and the Court finds, that:

     (a)     The June 27, 2014 Exclusive Distribution and License Agreement (the "Agreement," **Exhibit A** to the Verified Petition) is a valid and enforceable agreement.

     (b)     Pursuant to the Agreement, for and in consideration of VetBridge's payment of $4,000,000 to NewMarket, which sums were to be used "solely for direct expenses related to the development of the [Omeprazole DSI] Products," NewMarket:

     (1)     Appointed VetBridge as its "sole and exclusive authorized wholesale distributor and reseller to advertise, promote, market, distribute, supply and

sell ("Distribute" or "Distribution")" NewMarket's Omeprazole DSI Products in the Field and Territory; and

(2) Granted VetBridge, "in connection with the Distribution of the [Omeprazole DSI] Products in the Territory, an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license, the IP/Patent Rights in the Field and Territory.

(c) VetBridge made timely payment to NewMarket of the $4,000,000 due under the Agreement.

(d) The Agreement expressly prohibits NewMarket from assigning, subcontracting, delegating or otherwise transferring any of its rights or obligations under the Agreement, or from contracting with any third parties to perform any of its obligations under the Agreement, without VetBridge's prior written consent.

(e) Further, given NewMarket's grant to VetBridge of "an exclusive, transferable, perpetual and royalty-free right and license to use, sell, offer for sale, import, and Distribute, with the right to sub-license" NewMarket's IP/Patent Rights within the agreed upon Field and Territory, NewMarket is prohibited from assigning or granting to any other person or entity a license for its IP/Patent Rights in the Field and Territory.

(f) Additionally, the Agreement, at Paragraph 12(f), expressly prohibits NewMarket from granting any security interests or permitting any liens against its IP/Patent Rights, without VetBridge's prior consent.

(g) A "change of control," as defined in Paragraph 13(d)(v) of the Agreement, has occurred.

(h) In the event of a "change of control," pursuant to Paragraph 13(d)(ii) of the Agreement, VetBridge is entitled to:

(1) The exclusive right to make and commercialize [the Omeprazole DSI] Products in the Field and in the Territory as granted under the Agreement as well as the right to assume the beneficial position of [NewMarket's] relationship with any Collaborator [including, but not limited to, Collaborators Catalent Pharma Solutions, LLC and Srini Pharmaceuticals of India,] to make and commercialize the [Omeprazole DSI] Product in the Field and in the Territory without further consideration or compensation to [NewMarket's] successor; and

(2) A license from [NewMarket] (or its successor as applicable) for all rights to the [Omeprazole DSI] Products, including manufacturing, subject to no more than a maximum running royalty rate of 7.00% of Net Sales (whereby, unless mutually agreed otherwise, "Net Sales" shall correspond to gross revenues received from the sale of [the Omeprazole DSI] Products less sales

4

and/or use taxes actually paid, import and/or export duties actually paid, outbound transportation prepaid or allowed, and amounts allowed or credited due to returns (not to exceed the original billing or invoice amount), with such maximum royalty rate contingent upon [VetBridge] securing no less favorable terms with any [NewMarket] Collaborators as [NewMarket] had obtained.

(i)    VetBridge has requested specific performance of the Agreement, and specifically, enforcement of its rights under Paragraph 13(d)(ii), in Count III of its Verified Petition.

(j)    In the absence of the requested temporary restraining order, VetBridge will suffer immediate and irreparable harm, in that, among other things:

    (1)    VetBridge's rights under the Agreement and in NewMarket's Omeprazole DSI Products and the IP/Patent Rights relating thereto are unique, and VetBridge is without an adequate remedy at law; and

    (2)    Any judgment of specific performance, as requested in Count III of the Verified Petition, would be rendered ineffectual, if NewMarket were to directly or indirectly pledge, encumber, assign, transfer, dispose of or otherwise convey or grant any rights or interest in or to its Omeprazole DSI Products and/or its IP/Patent Rights relating thereto to any person or entity, in direct violation of VetBridge's exclusive rights and license in and to the same.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant NewMarket Pharmaceuticals, LLC, together with its officers, managers, members, agents, affiliates, attorneys, and employees, and all other persons in active concert or participation with them, are hereby enjoined and restrained from directly or indirectly pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting any rights or interests in or to:

1.    NewMarket's Omeprazole DSI Products, consisting of (a) rapidly dissolving formulations of omeprazole (used for both the treatment and prevention of ulcers), including omeprazole direct systemic introduction (DSI) compositions for use in all non-human animals including especially equine animals, and (b) any revisions, alterations, or improvements to such products (collectively, the "Omeprazole DSI Products), and/or

2.    NewMarket's IP/Patent Rights relating thereto, including all patents and patent applications, and all divisionals, continuations, continuations-in-part, counterparts, re-examinations, reissues, extensions, registrations, and supplementary or

5

complementary certificates and the like, both domestic and foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (June 27, 2014) of the Exclusive Distribution and License Agreement or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including, but not limited to, the following:

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|-------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

(collectively, the "IP/Patent Rights"),

in the Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals") and Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:

VetBridge's cash bond in the sum of $1,000, previously posted with the Clerk of the Circuit Court of Buchanan County, Missouri shall remain in place.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:

A hearing is set on Plaintiff's motion for a preliminary injunction made in its Verified Petition for **November 5, 2018 at 9:30 a.m.** in **Division 1** of the Circuit Court for Buchanan County, Missouri.

This Temporary Restraining Order is entered at 10:45 a.m. and will remain in effect until the November 5, 2018 preliminary injunction hearing, or further Order of this Court.

At the preliminary injunction hearing the Court will consider whether to award VetBridge its attorney's fees, court costs, and other costs incurred in this proceeding, pursuant to Missouri law and in accordance with the Agreement.

IT IS SO ORDERED.

September 25, 2018
Date

_Melissa Dawyer_
Circuit Court Judge



COURT SEAL OF

BUCHANAN COUNTY

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
DIVISION 1**

VetBridge Product Development Subsidiary I )
(NM-OMP), LLC, )
                                         )
                 Plaintiff, )      Case No.  18BU-CV03640
                                           )
vs. )
                                           )
NewMarket Pharmaceuticals, LLC, )
                                           )
               Defendant. )

**ENTRY OF APPEARANCE**

       COMES NOW Brian W. Fields of the law firm Lathrop Gage LLP, and hereby enters his

appearance as co-counsel of record on behalf of Plaintiff VetBridge Product Development

Subsidiary I (NM-OMP), LLC.

      Dated:   October 5, 2018.           Respectfully submitted by,

                                                           LATHROP GAGE LLP

                                                           BY:   */s/ Brian W. Fields*
                                                            Greer S. Lang        MO #40107
                                                            Brian W. Fields     MO #45704
                                                            2345 Grand Boulevard, Suite 2200
                                                            Kansas City, Missouri  64108-2618
                                                            Phone: 816.292.2000
                                                            Fax: 816.292.2001
                                                            glang@lathropgage.com
                                                            bfields@lathropgage.com

                                                            **Attorneys for Plaintiff**

Electronically Filed - Buchanan - October 05, 2018 - 02:16 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018. I electronically filed a true and correct copy of the above and foregoing with the Clerk of the Circuit Court by using the CM/ECF system which, will send a notice of electronic filing to all counsel of record registered through the Court's CM/ECF system, and that, on that same date, I served a true and correct copy of the same, by email, addressed to:

Aimee Davenport                          Robert M. Pollaro
STINSON LEONARD STREET LLP               CADWALADER, WICKERSHAM & TAFT LLP
230 W. McCarty Street                    200 Liberty Street
Jefferson City, MO 65101                 New York, NY 10281
aimee.davenport@stinson.com              Robert.Pollaro@cwt.com

**Attorneys for Defendant**

                              _____/s/ Brian W. Fields_____
                              **An Attorney for Plaintiff**

**IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
DIVISION 1**

VetBridge Product Development Subsidiary I )
(NM-OMP), LLC,                              )
                                           )
        Plaintiff,                    )    Case No.  18BU-CV03640
                                           )
vs.                                        )
                                           )
NewMarket Pharmaceuticals, LLC,            )
                                           )
        Defendant.                    )
_____)

<u>**PLAINTIFF'S NOTICE OF SERVICE OF DISCOVERY TO DEFENDANT**</u>

        COMES NOW Plaintiff VetBridge Product Development Subsidiary I (NM-OMP), LLC

("VetBridge"), by and through counsel, and provides notice that October 5, 2018, it served

Plaintiff's First Request for Production of Documents to Defendant NewMarket

Pharmaceuticals, LLC., by serving Defendant's counsel, by email, at the addresses set forth

below.

     Dated:   October 5, 2018.          Respectfully submitted by,

                                     LATHROP GAGE LLP

                                     BY:   */s/ Greer S. Lang*
                                     Greer S. Lang      MO #40107
                                     Brian W. Fields     MO #45704
                                     2345 Grand Boulevard, Suite 2200
                                     Kansas City, Missouri  64108-2618
                                     Phone: 816.292.2000
                                     Fax: 816.292.2001
                                     glang@lathropgage.com
                                     bfields@lathropgage.com

                                     **Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018. I electronically filed a true and correct copy of the above and foregoing with the Clerk of the Circuit Court by using the CM/ECF system which, will send a notice of electronic filing to all counsel of record registered through the Court's CM/ECF system, and that, on that same date, I served a true and correct copy of the same, by email, addressed to:

Aimee Davenport
STINSON LEONARD STREET LLP
230 W. McCarty Street
Jefferson City, MO 65101
aimee.davenport@stinson.com

Robert M. Pollaro
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Robert.Pollaro@cwt.com

**Attorneys for Defendant**

       */s/ Greer S. Lang*      
**An Attorney for Plaintiff**