# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

VetBridge Product Development Subsidiary I
(NM-OMP), LLC,

                    Plaintiff,

        v.

NewMarket Pharmaceuticals, LLC,

                    Defendant.

Case No. 5:18-cv-06147-BCW

JURY DEMAND

## DECLARATION OF ROBERT M. POLLARO IN SUPPORT OF DEFENDANT NEWMARKET PHARMACEUTICALS, LLC'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY AND SUGGESTIONS IN SUPPORT OF ITS MOTION TO TRANSFER

I, Robert M. Pollaro, hereby declare as follows:

1.      I am special counsel with Cadwalader, Wickersham & Taft LLP.  I am counsel for NewMarket Pharmaceuticals, LLC ("NewMarket") and been admitted pro hac vice for this matter. I make the statements in this Declaration from personal knowledge and if called to testify, could do so competently.

2.      Attached to this Declaration as **Exhibit 1** is a true and accurate copy of the Verified Complaint NewMarket Pharmaceuticals, LLC ("NewMarket") filed against VetPharm, Inc., Denni O. Day and Prelude Dynamics, LLC ("VetPharm"), Civil Action No. No. 17-cv-01852 (the "NJ Action").  The NJ Action is pending in front of the Honorable Judge Michael A. Shipp.

3.      Attached to this Declaration as **Exhibit 2** is a true and accurate copy of the Docket Sheet for the NJ Action.

4.     Attached to this Declaration as **Exhibit 3** is a true and accurate copy of the recent screenshot of the publicly available website for VetPharm located at www.vetpharm.com.

5.     VetPharm filed for Arbitration on March 8, 2017 (the "Arbitration") (Case No. 01-17-0001-4888).  VetPharm voluntarily withdrew the Arbitration on October 13, 2017.  The AAA formally closed the Arbitration on October 25, 2017.  On November 7, 2017 NewMarket moved to lift the stay.

6.     I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed on this 12th day of October 2018 in New York, New York.


_____*/s/ Robert M. Pollaro*_____
                Robert M. Pollaro

# Pollaro Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NEWMARKET PHARMACEUTICALS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17- |
| v. | ) ) | |
| VETPHARM, INC., a New York corporation; | ) ) | |
| DENNI O. DAY, an individual; and | ) ) | **VERIFIED** |
| PRELUDE DYNAMICS, LLC, a Texas limited liability company. | ) ) | **COMPLAINT** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff NewMarket Pharmaceuticals, LLC ("NewMarket"), by and through its attorneys, Cadwalader, Wickersham & Taft LLP and LeClairRyan, PC, alleges in this Complaint against defendants VetPharm, Inc. ("VetPharm"), Denni O. Day ("Day"), and Prelude Dynamics, LLC ("Prelude") on personal knowledge on matters relating to itself and on information and belief on all other matters, as follows:

## NATURE OF THE ACTION

1. In essence, this is a data hold-up case. NewMarket is a small, predominately family-run business seeking to bring to market its first new animal drug. Because filing a new animal drug application is a significant undertaking, NewMarket enlisted the services of others including contract research organization VetPharm to assist with administering clinical trials on NewMarket's behalf. NewMarket and VetPharm entered in a Master Services Agreement (the "Agreement") and a separate Treatment Project Addendum (the "Treatment Study") for the treatment of horses at a budget amount of $678,942 – as

estimated by VetPharm.  VetPharm and its affiliates have refused to abide by their contractual obligations to turn over the data related to NewMarket's Treatment Study clinical trials causing immediate and irreparable harm to NewMarket.

       2.     The Treatment Study was beset with delays almost from the outset.  In what would become an unfortunate pattern, VetPharm would send bills for amounts far in excess of the agreed upon budget then cease work until the bills were paid.  As a small company with limited resources NewMarket struggled to stay current with the ever escalating invoices seeing no other reasonable alternative.  This process has repeated itself over and over again since the Agreement was signed in 2014.  Each time VetPharm resumed work when all outstanding invoices were paid.  Work resumed at the end of 2016 and into early 2017 during which time the database containing NewMarket's clinical data was finally completed and "locked" so that no new information could be added.  Importantly, at this time, the data could be "unblinded" rendering it suitable for analysis.  To arrive at this point NewMarket had begrudgingly paid the inflated sum of $1,230,451 believing that only a few small expenses would be incurred for VetPharm to prepare the final report – the main remaining task.

       3.     On January 26, 2017, NewMarket filed the first section of its New Animal Drug Application ("NADA") with the FDA thereby triggering time-sensitive obligations associated with its rolling application.  VetPharm was made aware of this fact.  As one might guess, the data that is being held up is vital – indispensable in fact - to the preparation and submission of the remaining sections of NewMarket's NADA which includes, *inter alia*, the Target Animal Safety and Effectiveness sections.  Put another way, the next step in the approval process is now being held up because VetPharm refuses to prepare the final report and is preventing NewMarket from taking their data to another entity to complete the final data analysis and report preparation.  VetPharm knows this.  In a blatant attempt to extract even

more money at this time-sensitive juncture VetPharm sent yet another unexpected and improper invoice (in the amount of $396,172.77) on February 6, 2017 just two weeks after NewMarket started the application process.  NewMarket disputed the propriety of the invoice before it became due and requested documentation supporting the invoice.  VetPharm has not substantively responded.

4.     NewMarket and VetPharm apparently resolved the data access issue, including access to the unblinded information, on March 1, 2017 during a conference call among the parties.  Despite VetPharm's repeated representations that all data would be provided - the information never came.  NewMarket's attempts to figure out what had changed since the March 1st agreement went ignored until VetPharm reemerged on March 13, 2017, but only then to exercise their right to terminate the Agreement early (effective in 30 days) and file for arbitration to resolve the monetary dispute between the parties.  VetPharm then proceeded to send a slew of invoices totaling $939,452.01.  In sum, according to VetPharm, the Treatment Study that they originally quoted at $678,942 is now actually $2,582,506 … and counting.

5.     The information being deliberately withheld is stored electronically with Prelude.  The information is not known to anyone not party to the Agreement nor is it readily ascertainable or derivable by a third party.  Further, the specific clinical trial protocols utilized to collect the withheld data is secret.  NewMarket has taken reasonable measures to maintain the secrecy of the information.  The information has independent economic value.

6.     NewMarket was left with no choice but to file this action to exercise the non-arbitrable provisions of the contract (related to irreparable harm) to force VetPharm to comply with its contractual obligations.  VetPharm's improper refusal to turn over the NewMarket information has caused, and will continue to cause irreparable harm to NewMarket. VetPharm's blatant disregard of its contractual obligations and misappropriation of

-3-

NewMarket's valuable, confidential, information entitles NewMarket to injunctive relief for the irreparable harm suffered as a result of VetPharm's (1) willful breach of contract; (2) misappropriation of NewMarket's trade secrets; and (3) breaches of implied covenant of good faith and fair dealing and other equitable doctrines. Unless halted, VetPharm's illegal actions will serve to encourage other companies to similarly trample the contractual and intellectual property rights of others in the hopes of obtaining a bigger payday.

## THE PARTIES

7.     Plaintiff NewMarket is a Delaware limited liability company, organized and existing under the laws of the State of Delaware, with its principle place of business in Trenton, New Jersey. Plaintiff NewMarket is a small, predominantly family-run business with the aim of providing veterinary pharmaceutical products to improve the health and quality of life of animals. NewMarket has four members that reside in New Jersey or Florida.

8.     Upon information and belief, Defendant VetPharm is a New York corporation, organized and existing under the laws of the State of New York, with its principal executive office located at 349 West Commercial Street, Suite 2200 East Rochester, New York. Defendant VetPharm is a contract research organization that provides clinical trial support services to pharmaceutical companies that develop new animal health products.

9.     Upon information and belief, Defendant Denni O. Day, is President, CEO, and founder of VetPharm, Inc and a resident of New York state.

10.     Upon information and belief, Defendant Prelude Dynamics, LLC is a Texas Limited Liability Company, organized and existing under the laws of the State of Texas, with its principal place of business in Austin, Texas. Upon information and belief all members of Prelude Dynamics, LLC are residents of Texas.

-4-

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action under 18 U.S.C. § 1836 and 28 U.S.C. § 1332(a)(1).

12.     This Court has supplemental jurisdiction over NewMarket's state law breach of contract and trade secret misappropriation claims under 28 U.S.C. § 1367(a) because these claims arise from the same operative facts as NewMarket's misappropriation of trade secrets claim under the Defend Trade Secrets Act ("DTSA").

13.     This Court has both general and specific personal jurisdiction over VetPharm, a provider of clinical trial support services in the United States, because they conduct business in the District of New Jersey including the signing the Agreement at issue in Trenton, NJ.

14.     This Court has both general and specific personal jurisdiction over Day as the President, CEO and founder of VetPharm because she conducts business in the District of New Jersey and personally signed the Agreement at issue while in Trenton, NJ.

15.     This Court has both general and specific personal jurisdiction over Prelude Dynamics, a global provider of customized web-based clinical trial management systems, because it conducts business in the District of New Jersey and is subject to the terms of the Agreement, signed in Trenton, NJ, at issue in this action.

16.     Venue in the District of New Jersey is proper under 28 U.S.C. §§ 1391 and 1400(a) as one or more of the Defendants conduct business in this District and are therefore subject to personal jurisdiction, and a substantial portion of the events or omissions occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

### The Agreement Between NewMarket and VetPharm/Prelude

17.　　A small and almost entirely family-run business, Plaintiff NewMarket is a sponsor and provider of veterinary pharmaceutical products.  Before filing a NADA, a new animal drug sponsor typically collects information about the manufacturing, safety, and effectiveness of the new drug.  The sponsor may need to conduct studies to obtain this information.  For any studies that are performed, the sponsor analyzes the results which are included in the NADA.  A new animal drug sponsor may hire, and often does hire, an independent Contract Research Organization ("CRO") to assist in the preparation of clinical trial management services related to a NADA on the behalf of the drug sponsor.

18.　　Defendant VetPharm identifies itself as a CRO on its website which states it "is the leading full-service contract research organization dedicated exclusively to animal health."  They "offer a complete menu of clinical trial support services in the United States and Europe" and their "proprietary study management system facilitates rapid study initiation, accelerated enrollment, and superior results."

19.　　On December 22, 2014, NewMarket and VetPharm (the "Parties") entered into the Master Services Agreement (the "Agreement").  Ex. 1  VetPharm drafted the Agreement which is identified as "VetPharm, Inc. Confidential" material.  Thereafter the Parties entered into a Treatment Project Addendum and Prevention Project Addendum (the "Treatment Study" and "Prevention Study" respectively).

20.　　Pursuant to the terms of the Agreement VetPharm agreed to act on NewMarket's behalf with respect to clinical trial management services.  *See*, *e.g.* Section 1.  Pursuant to the Agreement, VetPharm agreed to provide the services identified and described in the Services section of each Project Addendum.  *Id.*

-6-

21.     The Agreement requires both parties to treat all information obtained or created as a result of the agreement as confidential and the exclusive property of NewMarket. *See*, *e.g.* Sections 5.1, 5.2 and 5.3.   The Agreement defines the extent of VetPharm's confidential information as excluding "project-related documents requested and paid for by NewMarket." *See*, *e.g.* Section 5.2.

22.     The parties may only use Confidential Information solely for purposes contemplated by the Agreement.   *See*, *e.g.* Section 5.3.   The parties may NOT use Confidential Information for any purpose not contemplated by the Agreement.   If information is used for any contrary purpose the aggrieved party may seek to enforce the provisions of the Agreement in a court of competition jurisdiction to remedy irreparable harm – "[a]ccordingly, the disclosing Party may seek to enforce the provisions of this Agreement prohibiting disclosure or distribution on its Confidential Information or use thereof contrary to the provisions hereof in a court of competent jurisdiction.".   *See*, *e.g.* Section 5.6.

23.     The   Agreement   does   not   contemplate   either   party   withholding Confidential Information in an effort to extort greater compensation from the other part y. During the term of the Agreement, VetPharm must provide NewMarket with access to all information and data related to a Project – "VetPharm shall cooperate with any reasonable internal review or audit by NewMarket and make available to NewMarket for examination and duplication, during normal business hours and at mutually agreeable times, all documentation, data, and information related to a Project." *See*, *e.g.* Section 9.1.

24.     The Agreement purports to contain an arbitration clause.   The purported arbitration clause expressly excludes "disputes regarding breaches of Section 5 [related to the use of Confidential Information] and the right to pursue any remedies set forth in Section 5.6 [related to allegations of irreparable harm]". *See*, *e.g.* Section 11.11.

-7-

25.     On November 29, 2015 VetPharm represented to NewMarket that the Treatment Study would cost, in total, "$678,942" to complete in its entirety including completion of a written final report to be prepared by VetPharm.

26.     On November 29, 2015 VetPharm represented to NewMarket that the Prevention Study would cost, in total, "$878,822" to complete in its entirety including completion of a written final report to be prepared by VetPharm.

27.     Defendant Prelude describes itself as "a global provider of customized web-based Clinical Trial Management Systems and Services" on its website.  As an affiliate of VetPharm, Prelude "shall be deemed to have executed" the Agreement "and agreed to be bound by the terms and conditions thereof."

28.     Affiliate Prelude identifies the information that it is storing as belonging to NewMarket as evidenced by the screenshot of the Prelude database portal:





-8-

**NewMarket's Submission to the FDA and VetPharm's Bad Faith Conduct**

29.     NADA's are submitted to the Federal Drug Administration ("FDA"), Center for Veterinary Medicine ("CVM") section and can be submitted in phases.  A complete NADA includes several major technical components or "sections": (1) Chemical Manufacturing and Controls ("CMC"); (2) Target Animal Safety; (3) Effectiveness; (4) Human Food Safety; and (5) Environmental Impact.  A complete application also includes minor sections for Labeling and All Other Information as well as a Freedom of Information document.  The CVM allows for the major technical sections to be submitted in phases but will not approve an application until all phases have been completed and approved individually.  The minor sections may not be submitted until the major sections are deemed approvable.

30.     On January 26, 2017, NewMarket began the submission process to gain approval for marketing and manufacturing its new animal drug by submitting the CMC section of its NADA to the CVM.  The CVM's review will be completed by July 25, 2017.

31.     Before CVM can approve the product, NewMarket must timely submit to CVM the Target Animal Safety and Effectiveness sections that are based on the data that VetPharm has collected on behalf of NewMarket under the Agreement.  Failure to turn over the information in a timely fashion assures that the drug will be denied approval.  NewMarket has repeatedly apprised VetPharm of the nature of this timeline and the importance of receiving its data immediately.

32.     On March 6, 2017, an attorney for NewMarket contacted VetPharm, because NewMarket had informed him that they still did not have access to the Treatment Study database.  VetPharm's attorney replied on March 7, 2017 that he had directed VetPharm to provide NewMarket with full access to the Treatment Study database, including the screening results and treatment assignments.  When NewMarket's attorney emailed VetPharm's counsel

-9-

on March 9, 2017 to inform counsel that his client still had not received access to the database, counsel told him that he was "no longer representing VetPharm in this matter."

33.     To date, NewMarket has paid to VetPharm the amount of $1,230,451 with regard to the Treatment Study.  VetPharm sent an invoice in the amount of $396,172.77 to NewMarket on February 6, 2017.  NewMarket disputed the invoice before it came due. VetPharm has not provided a substantive response to the dispute.  VetPharm sent additional and revised invoices to NewMarket totally $939,452.01 with respect to the Treatment Study on March 13, 2017.  There are currently no known outstanding invoices.  VetPharm has not completed the Treatment Study nor has it remitted to NewMarket the unblinded information.

34.     On March 13, 2017 NewMarket received VetPharm's notice of early termination under Section 3.2 of the Agreement.  Separately, on March 13, 2017, NewMarket received an arbitration demand f rom VetPharm related to the monetary fee dispute.  The Agreement may be terminated early "upon thirty days prior written notice."  See, e.g. Section 3.2.  The Agreement is therefore in effect until at least April 12, 2017.

35.     VetPharm has no legitimate purpose for preventing access to the NewMarket's own data.  VetPharm's arbitration demand payment illustrates the spiteful nature of their continued refusal to turn over what is rightfully NewMarket's data.  There is no dispute that VetPharm may not use the requested information.

36.     The Prevention Study is not complete and is on hold.

37.     The Agreement contemplates that charges incurred though affiliates hired by VetPharm will be, once approved, passed through to NewMarket.  As an example, VetPharm charges NewMarket $1950 for "Monthly database hosting" for the services provided by Prelude.  VetPharm charges an additional 10% "Administrative Fee" on all affiliate expenses including those services provided by Prelude  With the Administrative Fee included, VetPharm,

-10-

therefore, charges NewMarket $2,145 per month for "Monthly database hosting." Upon information and belief, Prelude actually charges VetPharm approximately $1,300 per month.

38.     NewMarket has no reason to believe that the integrity of the withheld data has been compromised in any way.

**NewMarket's Trade Secrets**

39.     The information being withheld includes data compilations that are not known to others outside of the parties to the Agreement. The information being withheld is subject to the reasonable confidentiality provisions contained in the Agreement. NewMarket has paid substantial sums of money to have VetPharm collect the information on its behalf and to Prelude to store the information.

40.     The confidential information relating to records and results that VetPharm has derived from the trials it has conducted for NewMarket's animal drug constitutes NewMarket's trade secrets. This confidential information is to be used continuously by NewMarket in the development and prospective marketing of its product. By not remitting the trade secrets to NewMarket, by not allowing NewMarket access to the trade secrets, and by holding the trade secrets for ransom, VetPharm is using these trade secrets in a breach of confidence, duty, and the Agreement and manifesting a willful intent to harm NewMarket.

41.     The confidential nature of this information is based in the express terms of the Agreement, which NewMarket signed as a reasonable effort to guard the secrecy of this information. This information, as well as the clinical trial protocols used, are unknown to parties outside of the NewMarket-VetPharm relationship. The records and results of these trials would be valuable to market competitors in the development of their own products and business plans. To date, NewMarket has expended a total of $1,753,316.46 on the development of this

-11-

information, which, based on this cost and the complexity of the studies, is not easily acquirable, derivable or duplicable through proper means by others.

**Irreparable Harm to NewMarket**

42.     NewMarket has been, and will continue to be, irreparably harmed by Defendants' refusal to turn over the data.

43.     Without the withheld data, NewMarket cannot complete its now-filed NADA application.

44.     Every day that passes increases the potential that competitors may enter, diminish or erode the market for NewMarket's new drug.

45.     NewMarket has lost funding as a result of the delay in obtaining the withheld data or a final report from VetPharm.

46.     NewMarket's ability to attract potential business partners has been diminished by the delay in obtaining the withheld data or a final report from VetPharm.

47.     Upon information and belief, NewMarket's goodwill and reputation in the industry have been diminished as a result of the delay in obtaining the withheld data or a final report from VetPharm.

48.     VetPharm has no legitimate purpose or cognizable legal theory for withholding the data.  Nor will any harm befall VetPharm if they are ordered to turn over the data.

49.     Under no circumstances may VetPharm disclose the withheld data to a third party let alone try to sell the data to another drug sponsor or monetize it any way shape or form.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT AGAINST VETPHARM AND PRELUDE

50.     NewMarket repeats and realleges all foregoing paragraphs of this Complaint as if fully set forth herein.

51.     A valid and enforceable contract exists between NewMarket and VetPharm. This contract bars VetPharm from using NewMarket's information for purposes outside of the scope of the Agreement. This Agreement also expressly compels VetPharm to provide NewMarket unfettered access, during the term of the Agreement, to any records, information or data related to a project that VetPharm has undertaken on NewMarket's behalf. The Agreement is in effect until at least April 12, 2017.

52.     Prelude is subject to the terms of the Agreement as an affiliate of VetPharm.  The Agreement bars Prelude from using NewMarket's information for purposes outside of the scope of the Agreement. This Agreement likewise expressly compels Prelude to provide NewMarket unfettered access, during the term of the Agreement, to any records, information or data related to a project that VetPharm and/or Prelude has undertaken on NewMarket's behalf.  The Agreement is in effect until at least April 12, 2017.

53.     VetPharm and Prelude have breached the terms of the Agreement and the Treatment Study (both individually and collectively) by wielding NewMarket's Confidential Information for purposes contrary to the terms of the Agreement: by denying NewMarket access to its own Confidential Information to extort unwarranted and improper billings, VetPharm and Prelude are bre aching the  terms of the Agreement and effectively, holding NewMarket up for its money.

-13-

54.     VetPharm and Prelude have further breached the terms of the Agreement and the Addendum (both individually and collectively) by refusing to provide access to all documentation, data, and information relating to the Treatment Study.

55.     VetPharm has further breached the terms of the Agreement and the Addendum (both individually and collectively) by materially misrepresenting the cost of its services.   Whereas VetPham initially quoted a cost of $678,942 to NewMarket for the Treatment Study its continually mounting bill has now reached $2.6 million with no sign of abatement.

56.     As a direct and proximate cause of VetPharm's and Prelude's breach, Plaintiff has suffered damages, which exceed the jurisdictional minimum of this Court.  Further, by preventing NewMarket from gaining access to the Data, VetPharm has caused and continues to cause irreparable harm to NewMarket for which there is no adequate remedy at law.

57.     Unless this Court issues an injunction against VetPharm and Prelude, their breach of contract will continue to inflict irreparable harm upon NewMarket.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836) AS AGAINST VETPHARM AND PRELUDE

58.     NewMarket repeats and realleges all foregoing paragraphs of this Complaint as if fully set forth herein.

59.     NewMarket is the owner of certain valuable trade secrets relating to the development of its new animal drug. This information, relating to the effectiveness and composition of the drug, is valuable precisely because it is unknown. The trade secrets are related to NewMarket products that are intended for use in foreign and interstate commerce.

-14-

60.     VetPharm and Prelude possessed these trade secrets subject to its Agreement with NewMarket in which VetPharm and Prelude, as an affiliate of VetPharm, acknowledged that it would maintain the confidentiality of NewMarket's information.

61.     NewMarket's trade secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use.  Nor are the clinical trial protocols used to collect the information that constitute the trade secrets.

62.     NewMarket has taken reasonable steps to ensure the secrecy of its trade secrets through its reliance on the confidentiality clause in its Agreement with VetPharm by which Prelude, as an affiliate of VetPharm under the Agreement, abide.  These confidential and proprietary trade secrets are of substantial economic value and have conferred a competitive advantage on NewMarket.

63.     VetPharm's and Prelude's current and continued misappropriation of NewMarket's trade secrets is knowing, reckless, and malicious. VetPharm and Prelude know of the confidentiality, ownership, and restrictions upon the use of the trade secrets and agreed to abide by this confidentiality through the Agreement.

64.     VetPharm and Prelude have and continually will misappropriate NewMarket's trade secrets through taking and withholding the trade secrets from NewMarket and doing so to extort NewMarket for more money. VetPharm's and Prelude's use of NewMarket's trade secrets in this manner violates its Agreement with NewMarket.

65.     This misappropriation of trade secrets occurred and continues to occur after the enactment date of the DTSA.

-15-

66.     As a result of VetPharm's and Prelude's current and continued misappropriation of NewMarket's trade secrets, NewMarket will suffer imminent and irreparable harm for which there is no adequate remedy at law.

67.     Unless this Court issues an injunction against VetPharm and Prelude, their misappropriation of NewMarket's trade secrets will continue to inflict irreparable harm upon NewMarket.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF NEW YORK TRADE SECRETS LAW AS AGAINST VETPHARM AND PRELUDE

68.     NewMarket repeats and realleges all foregoing paragraphs of this Complaint as if fully set forth herein.

69.     NewMarket is the owner of certain valuable trade secrets relating to the development of its new animal drug. This information, relating to the effectiveness and composition of the drug, is valuable precisely because it is unknown.

70.     VetPharm and Prelude possessed these trade secrets subject to its Agreement with NewMarket in which VetPharm and Prelude, as an affiliate of VetPharm, acknowledged that it would maintain the confidentiality of NewMarket's information.

71.     NewMarket's trade secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use. Nor are the clinical trial protocols used to collect the information that constitute the trade secrets.

72.     NewMarket has taken reasonable steps to ensure the secrecy of its Trade Secrets through its reliance on the confidentiality clause in its Agreement with VetPharm by which Prelude, as an affiliate of VetPharm under the Agreement, abide. These confidential and

-16-

proprietary trade secrets are of substantial economic value and have conferred a competitive advantage on NewMarket.

73.    VetPharm's and Prelude's current and continued misappropriation of NewMarket's trade secrets is knowing, reckless, and malicious and manifests a willful intent to harm NewMarket. VetPharm and Prelude know of the confidentiality, ownership, and restrictions upon the use of the trade secrets and agreed to abide by this confidentiality through the Agreement.

74.    VetPharm and Prelude has and continually will misappropriate NewMarket's trade secrets through taking and withholding the trade secrets from NewMarket to extort NewMarket for more money. VetPharm's and Prelude's use of NewMarket's trade secrets in this manner is a breach of confidence, duty, and the Agreement with NewMarket.

75.    As a result of VetPharm's and Prelude's current and continued misappropriation of NewMarket's trade secrets, NewMarket will suffer imminent and irreparable harm for which there is no adequate remedy at law.

76.    Unless this Court issues an injunction against VetPharm and Prelude, VetPharm's and Prelude's misappropriation of NewMarket's trade secrets will continue to inflict irreparable harm upon NewMarket.

### FOURTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT AND/OR QUANTUM MERUIT AS AGAINST VETPHARM AND PRELUDE

77.    NewMarket repeats and realleges all foregoing paragraphs of this Complaint as if fully set forth herein.

78.    NewMarket paid for the collection and storage of valuable information.

79.     VetPharm and Prelude possess the valuable information owned by NewMarket.

80.     VetPharm and Prelude have failed and refused to turn over the valuable information.

81.     As a result of the conduct described above, VetPharm and Prelude have been unjustly enriched at the expense of NewMarket by maintaining possession of the valuable information to the exclusion of NewMarket.

82.     It would be inequitable to allow VetPharm and Prelude to retain the value of this benefit without properly compensating NewMarket for the value of the information.

83.     VetPharm and Prelude should be required to disgorge all monies, profits, and gains which it obtained or will unjustly obtain in the future at the expense of NewMarket.

## FIFTH CLAIM FOR RELIEF
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AS AGAINST VETPHARM AND DAY

84.     NewMarket repeats and realleges all foregoing paragraphs of this Complaint as if fully set forth herein.

85.     NewMarket and VetPharm entered into a valid contract, signed by Day wherein NewMarket has discharged all of the obligations the contract imposed upon it.

86.     Applicable law implies a covenant of good faith and fair dealing for all contracts entered into in the state in which the Agreement was executed.

87.     VetPharm and Day have breached the covenant of good faith and fair dealing by failing to remit data owned by NewMarket, by failing to make a good faith effort to resolve the dispute, and by attempting to condition the disclosure of information upon

-18-

unreasonable monetary terms not required by the Agreement or under any other applicable contract or law.

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**AGAINST DAY**

88.     NewMarket repeats and realleges all foregoing paragraphs of this Complaint as if fully set forth herein.

89.     An economic relationship exists and/or existed between Plaintiff and prospective purchasers of the drugs that is the subject of Plaintiff's NADA that contains a reasonably probable future economic benefit or advantage to Plaintiff.  Plaintiff had an expectancy in continuing this advantageous economic relationship with prospective purchasers of the drug.

90.     Day knew of the existence of the economic relationship between Plaintiff and prospective purchasers, and was aware or should have been aware that if they did not act with due care, Day's actions would interfere with this relationship and cause Plaintiff to lose, in whole or in part, the probable future economic benefit.

91.      Day owed a duty of care to Plaintiff not to act negligently or otherwise interfere with the relationship between Plaintiff and prospective purchasers.

92.     Day acted negligently in failing to turn over data belonging to Plaintiff and by attempting to condition access to the data upon payment of improper invoices that are not legitimate under the Agreement or any other applicable contract or law.

93.     Day's negligence caused damage to Plaintiff in that the relationship was actually interfered with or disrupted and Plaintiff lost, in whole or in part, the economic benefits or advantage reasonably expected from the relationship.

-19-

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

(a)    For a temporary restraining order, preliminary injunction, and permanent injunction to provide NewMarket access to the Data and force defendants to perform their contractual obligations by requiring VetPharm and/or Prelude (a) to make all documentation, data, and information available to NewMarket as required under the terms of the Agreement, and (b) to force VetPharm and Prelude to complete all remaining contractual obligations under the Agreement;

(b)    For costs of suit incurred herein, including reasonable attorneys' and experts' fees;

(c)    For such other and further relief as the Court may deem just and proper.


Dated:  March 21, 2017


OF COUNSEL:

CADWALADER, WICKERSHAM & TAFT LLP
Robert M. Pollaro (Pro Hac Vice Pending)
John T. Moehringer (Pro Hac Vice Pending)
200 Liberty Street
New York, New York 10281
Telephone (212) 504-6000

_/s/ Bryan P. Couch_____
LECLAIRRYAN
Bryan P. Couch
One Riverfront Plaza
1037 Raymond Boulevard
Sixteenth Floor
Newark, New Jersey 07102
Telephone (973) 491-3582

*Attorneys for NewMarket, LLC.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration (other than the arbitration identified above related to the fee dispute between the parties)(Case No. 01-17-0001-4888) or administrative proceeding.

_/s/ Bryan P. Couch_
LeClairRyan
Bryan P. Couch
One Riverfront Plaza
1037 Raymond Boulevard
Sixteenth Floor
Newark, New Jersey 07102
Telephone (973) 491-3582

_Attorneys for NewMarket, LLC._

## VERIFICATION OF COMPLAINT

I Mark Ridall declare under penalty of perjury that the following statements are true and correct:

I am President and Chief Executive Officer of NewMarket Pharmaceuticals, LLC ("NewMarket") which is plaintiff in this action.

I am authorized to make this verification.

To the best of my knowledge, information, and belief, based on a reasonable inquiry and investigation undertaken in connection with this matter, the information and statements contained in the foregoing Verified Complaint are true and correct except as to the matters stated to be on information and belief, and in such matters, based on the foregoing, I believe the same to be true.

Executed:  March 21, 2017

MARK RIDALL

# EXHIBIT 1

# FILED UNDER SEAL

# MASTER SERVICES AGREEMENT

This MASTER SERVICES AGREEMENT (the "Agreement"), by and between VetPharm, Inc., a New York corporation, with its principal executive office located at 349 West Commercial Street, Suite 2200, East Rochester, New York 14445 ("VetPharm") and NewMarket Pharmaceuticals, LLC, a Delaware company with its principal executive office at 621 Executive Drive, Princeton, New Jersey 08540 ("NewMarket") (individually, a "Party" and, collectively, the "Parties") shall become effective on the last date entered below (the "Effective Date").

WHEREAS, VetPharm is a contract research organization committed to improving the well-being of all companion animals by providing comprehensive clinical trial support services to pharmaceutical, nutrition, nutraceutical, and device companies which are developing new animal health products; and

WHEREAS, NewMarket is a global provider of veterinary pharmaceutical products; and

WHEREAS, NewMarket may wish to retain the services of VetPharm from time to time to provide clinical trial management services in connection with certain clinical research programs NewMarket is conducting (individually, a "Project"), in which case the terms and conditions for each such Project shall be set forth in a project addendum to be attached to this Agreement and incorporated herein by reference (individually, a "Project Addendum" and collectively, the "Project Addenda"); and

WHEREAS, VetPharm is willing to provide such services to NewMarket in accordance with the terms and conditions of this Agreement and the attached Project Addenda.

NOW, THEREFORE, for good and valuable consideration contained herein, the exchange, receipt, and sufficiency of which are acknowledged, the Parties agree as follows:

1.    **Services.**

1.1    Services to be Provided by VetPharm. VetPharm hereby agrees to provide to NewMarket the services identified and described in the Services section of each Project Addendum attached to this Agreement (the "Services"). VetPharm shall perform the Services for each Project set forth in the applicable Project Addendum in compliance with (i) the protocol for the Project ("Protocol") which shall be made a part of the Project Addendum, (ii) this Agreement, (iii) the Project Addendum, (iv) standard operating procedures approved by NewMarket, and (v) applicable law and regulations issued pursuant thereto.

---

**VetPharm, Inc.**
© 2014

<u>CONFIDENTIAL</u>

Page 1

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

under common control with, NewMarket and, in the case of VetPharm, an entity which can provide the Services and which controls, is controlled by, or is under common control with, VetPharm.

11.10   Providing Services Through Affiliates.  VetPharm shall have the right to provide all or any part of the Services for a Project through an Affiliate of VetPharm, if agreeable to NewMarket after written notice of such assignment, in which case the Affiliate shall execute the applicable Project Addendum and shall be deemed to have executed this Agreement and agreed to be bound by the terms and conditions hereof.

11.11   Arbitration.  Except for disputes regarding breaches of Section 5 and the right to pursue the remedies set forth in Section 5.6 above, the Parties hereby agree to submit any dispute arising hereunder to binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association.  The decision of the arbitrator or arbitration panel shall be final and binding upon the Parties and shall be enforceable by any court of competent jurisdiction.

11.12   Entire Agreement.  This Agreement constitutes the entire agreement between the Parties and supersedes all prior negotiations, representations, or agreements, either written or oral, with respect to the subject matter hereof.

[REMAINDER OF THIS PAGE INTENTIONALLY BLANK]

[NEXT PAGE IS SIGNATURE PAGE]

IN WITNESS THEREOF, this Agreement has been executed and delivered by the Parties by their duly authorized officers.

**NEWMARKET PHARMACEUTICALS, LLC**          **VETPHARM, INC.**

By: _____          By: _____

Name: David W. Rock, PhD          Name: Denni O. Day

Title: Vice President          Title: President / CEO

Date: 22 DEC 2014          Date: _____

IN WITNESS THEREOF, this Agreement has been executed and delivered by the Parties by their duly authorized officers.

NEWMARKET PHARMACEUTICALS, LLC    VETPHARM, INC.

By: _____    By: _____

Name:  David W. Rock, PhD    Name:  Denni O. Day

Title:  Vice President    Title:  President / CEO

Date: 22 DEC 2014    Date: 22 DEC 2014

---

**VetPharm, Inc.**    CONFIDENTIAL    Page 12

Pollaro Exhibit 2

ARBITRATION

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:17-cv-01852-MAS-TJB

NEWMARKET PHARMACEUTICALS, LLC v. VETPHARM, INC. et al

Assigned to: Judge Michael A. Shipp
Referred to: Magistrate Judge Tonianne J. Bongiovanni
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 03/21/2017
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/21/2017 | 1 | COMPLAINT against DENNI O. DAY, PRELUDE DYNAMICS, LLC, VETPHARM, INC. ( Filing and Admin fee $ 400 receipt number 0312-7720841), filed by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Civil Cover Sheet) (COUCH, BRYAN) (Entered: 03/21/2017) |
| 03/21/2017 | 2 | Corporate Disclosure Statement by NEWMARKET PHARMACEUTICALS, LLC identifying NONE as Corporate Parent.. (COUCH, BRYAN) (Entered: 03/21/2017) |
| 03/21/2017 | 3 | MOTION for Leave to Appear Pro Hac Vice *NOTICE OF MOTION FOR AN ORDER ADMITTING JOHN T. MOEHRINGER PRO HAC VICE* by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Application and Certification of Bryan P. Couch in Support, # 2 Certification, # 3 Proposed Order Admitting PHV - JTM) (COUCH, BRYAN) (Entered: 03/21/2017) |
| 03/21/2017 | 4 | MOTION for Leave to Appear Pro Hac Vice *NOTICE OF MOTION FOR AN ORDER ADMITTING ROBERT M. POLLARO PRO HAC VICE* by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Application and Certification of Bryan P. Couch in Support of the Pro Hac Vice Admission of RMP, # 2 Certification, # 3 Proposed Order Admitting Pro Hac Vice Robert M. Pollaro)(COUCH, BRYAN) (Entered: 03/21/2017) |
| 03/21/2017 |  | Judge Michael A. Shipp and Magistrate Judge Tonianne J. Bongiovanni added. (jjc) (Entered: 03/21/2017) |
| 03/21/2017 | 5 | MOTION to Seal by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Declaration, # 2 Brief, # 3 Order Granting Motion to Seal, # 4 Proposed Findings of Fact and Conclusion of Law)(COUCH, BRYAN) (Entered: 03/21/2017) |
| 03/22/2017 |  | Set Deadlines as to 3 MOTION for Leave to Appear Pro Hac Vice *NOTICE OF MOTION FOR AN ORDER ADMITTING JOHN T. MOEHRINGER PRO HAC VICE*. Motion set for 4/17/2017 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jem) (Entered: 03/22/2017) |
| 03/22/2017 |  | Set Deadlines as to 4 MOTION for Leave to Appear Pro Hac Vice *NOTICE OF MOTION FOR AN ORDER ADMITTING ROBERT M. POLLARO PRO HAC VICE*. Motion set for 4/17/2017 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note |

| | | |
|---|---|---|
| | | that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jem) (Entered: 03/22/2017) |
| 03/22/2017 | 6 | SUMMONS ISSUED as to DENNI O. DAY, PRELUDE DYNAMICS, LLC, VETPHARM, INC. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *JAWEIA CAMPBELL* (seb) (Entered: 03/22/2017) |
| 03/22/2017 | | Set Deadlines as to 5 MOTION to Seal . Motion set for 4/17/2017 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (seb) (Entered: 03/22/2017) |
| 03/22/2017 | 7 | Motion/Application for an Order to Show Cause and Temporary Restraining Order by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Declaration of Bryan P. Couch, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration, # 5 Exhibit D to Declaration, # 6 Exhibit E to Declaration, # 7 Exhibit F to Declaration, # 8 Exhibit G to Declaration, # 9 Text of Proposed Order to Show Cause, # 10 Text of Proposed Order for TRO, # 11 Certification of Bryan P. Couch)(jjc) (Entered: 03/22/2017) |
| 03/22/2017 | 8 | MEMORANDUM of Law in Support filed by NEWMARKET PHARMACEUTICALS, LLC re 7 MOTION/Application for an Order to Show Cause and Temporary Restraining Order (jjc) |
| | | NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 03/22/2017) |
| 03/22/2017 | 9 | DECLARATION of Mark Ridall re 8 Memorandum in Support of Motion,, by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Exhibit 4 to Declaration)(jjc) (Entered: 03/22/2017) |
| 03/22/2017 | 10 | Exhibit to 9 Declaration by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3)(jjc) |
| | | NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 03/22/2017) |
| 03/22/2017 | 11 | MOTION to Seal by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Brief in Support, # 2 Proposed Findings of Fact and Conclusions of Law, # 3 Declaration of Bryan P. Couch, # 4 Exhibit A to Declaration, # 5 Exhibit B to Declaration, # 6 Exhibit C to Declaration, # 7 Exhibit D to Declaration, # 8 Text of Proposed Order, # 9 Certificate of Service)(jjc) (Entered: 03/22/2017) |
| 03/22/2017 | | Set Deadlines as to 11 MOTION to Seal. Motion set for 4/17/2017 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (jjc) (Entered: 03/22/2017) |
| 03/22/2017 | 12 | ORDER scheduling a hearing for the 7 MOTION for Temporary Restraining Order for 3/31/2017 11:00 AM before Judge Michael A. Shipp. Defendants' response due 3/27/2017. |

| | | |
|---|---|---|
| | | Plaintiff's Reply due 3/29/2017. Signed by Judge Michael A. Shipp on 3/22/2017. (km) (Entered: 03/22/2017) |
| 03/22/2017 | 13 | Minute Entry for proceedings held before Judge Michael A. Shipp: Hearing on Application for TRO, # 7, held on 3/22/2017. Hearing on Plaintiff's TRO Application set for March 31, 2017 at 11:00 AM. Defendants VetPharm, Inc. and Denni O. Day shall file a response by March 27, 2017. Plaintiff shall file its reply brief by March 29, 2017. Order to issue. (Court Reporter: CATHY FORD.) (gxh) (Entered: 03/23/2017) |
| 03/27/2017 | 14 | MOTION for Leave to Appear Pro Hac Vice *for Christopher D. Thomas* by DENNI O. DAY, VETPHARM, INC.. (Attachments: # 1 Certification Daniel C. Gibbons, # 2 Certification Christopher D. Thomas, # 3 Text of Proposed Order)(GIBBONS, DANIEL) (Entered: 03/27/2017) |
| 03/27/2017 | 15 | Corporate Disclosure Statement by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 03/27/2017) |
| 03/27/2017 | | Set Deadlines as to 14 MOTION for Leave to Appear Pro Hac Vice *for Christopher D. Thomas*. Motion set for 5/1/2017 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 03/27/2017) |
| 03/27/2017 | 16 | MOTION to Compel *Arbitration and Stay Action* by DENNI O. DAY, VETPHARM, INC.. (Attachments: # 1 Affidavit Denni O. Day, # 2 Exhibit Exhibit A to Day Affidavit, # 3 Brief, # 4 Text of Proposed Order)(GIBBONS, DANIEL) (Entered: 03/27/2017) |
| 03/27/2017 | 17 | NOTICE by DENNI O. DAY, VETPHARM, INC. re 16 MOTION to Compel *Arbitration and Stay Action Certificate of Service* (GIBBONS, DANIEL) (Entered: 03/27/2017) |
| 03/28/2017 | | Set Deadlines as to 16 MOTION to Compel *Arbitration and Stay Action*. Motion set for 5/1/2017 before Judge Michael A. Shipp. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 03/28/2017) |
| 03/29/2017 | 18 | REPLY BRIEF to Opposition to Motion filed by NEWMARKET PHARMACEUTICALS, LLC re 7 MOTION for Temporary Restraining Order (Attachments: # 1 Declaration of Bryan P. Couch, Esq. w/ Exhibit, # 2 Declaration of Mark Ridall, # 3 Exhibit A-H to Ridall Declaration)(COUCH, BRYAN) <br><br> NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 03/29/2017) |
| 03/30/2017 | 19 | Letter from Christopher Thomas re 18 Reply Brief to Opposition to Motion,,. (Attachments: # 1 Supplement)(GIBBONS, DANIEL) (Entered: 03/30/2017) |
| 03/31/2017 | 20 | Minute Entry for proceedings held before Judge Michael A. Shipp: Hearing on Application for an Order to Show Cause with Temporary Restraints and a Preliminary Injunction, # 7, filed by Plaintiff held on 3/31/2017. Ordered decision reserved. (Court Reporter: CATHY FORD.) (gxh) (Entered: 03/31/2017) |
| 04/05/2017 | 21 | MEMORANDUM OPINION filed. Signed by Judge Michael A. Shipp on 4/5/2017. (km) (Entered: 04/05/2017) |
| 04/05/2017 | 22 | ORDER denying 7 Motion for TRO; Granting 16 Motion to Compel Arbitration and Stay |

| | | |
|---|---|---|
| | | Action, the Court's Memorandum Opinion shall be filed under temporary seal pending the resolution of Plaintiff's 11 Motion to Seal. Signed by Judge Michael A. Shipp on 4/5/2017. (km) Modified on 4/10/2017 (eaj, ). (Entered: 04/05/2017) |
| 04/28/2017 | 23 | ORDER granting 3 Motion for Leave to Appear Pro Hac Vice as to John T. Moehringer, Esq. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/28/2017. (mmh) (Entered: 04/28/2017) |
| 04/28/2017 | 24 | ORDER granting 4 Motion for Leave to Appear Pro Hac Vice as to Robert M. Pollaro, Esq. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/28/2017. (mmh) (Entered: 04/28/2017) |
| 04/28/2017 | 25 | ORDER granting 5 Motion to Seal. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/28/2017. (mmh) (Entered: 04/28/2017) |
| 04/28/2017 | 26 | ORDER granting 11 Motion to Seal. To the extent they have not already been filed, redacted versions of the sealed information shall be filed within 20 days of the date of entry of this Order. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/28/2017. (mmh) (Entered: 04/28/2017) |
| 04/28/2017 | 27 | ORDER granting 14 Motion for Leave to Appear Pro Hac Vice as to Christopher D. Thomas, Esq. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/28/2017. (mmh) (Entered: 04/28/2017) |
| 04/29/2017 | 28 | Transcript of Order to Show Cause with Temporary Restraints and Preliminary Injunction held on 3/22/2017, before Judge Michael A. Shipp. Court Reporter - Cathy Ford (609-367-2777). **NOTICE REGARDING (1) REDACTION OF PERSONAL IDENTIFIERS IN TRANSCRIPTS AND (2) MOTION TO REDACT AND SEAL:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript to comply with Fed.R.Civ.P.5.2(a) (personal identifiers). Parties seeking to redact and seal this Transcript, or portions thereof, pursuant to L.Civ.R. 5.3(g) must e-file a Motion to Redact and Seal utilizing the event `Redact and Seal Transcript/Digital Recording`. Redaction Request to Court Reporter due, but not filed, by 5/22/2017. Redacted Transcript Deadline set for 5/30/2017. Release of Transcript Restriction set for 7/28/2017. (kas ) (Entered: 05/02/2017) |
| 04/29/2017 | 29 | Transcript of Order To Show Cause With Temporary Restraints/ Preliminary Injunction held on 3/31/2017, before Judge Michael A. Shipp. Court Reporter - Cathy Ford (609-367-2777). **NOTICE REGARDING (1) REDACTION OF PERSONAL IDENTIFIERS IN TRANSCRIPTS AND (2) MOTION TO REDACT AND SEAL:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript to comply with Fed.R.Civ.P.5.2(a) (personal identifiers). Parties seeking to redact and seal this Transcript, or portions thereof, pursuant to L.Civ.R. 5.3(g) must e-file a Motion to Redact and Seal utilizing the event `Redact and Seal Transcript/Digital Recording`. Redaction Request to Court Reporter due, but not filed, by 5/22/2017. Redacted Transcript Deadline set for 5/30/2017. Release of Transcript Restriction set for 7/28/2017. (kas, ) (Entered: 05/02/2017) |
| 05/09/2017 | | Pro Hac Vice fee of $ 300.00 received as to Robert M. Pollaro and John T. Moehringer, receipt number TRE080240 (km) (Entered: 05/11/2017) |
| 11/07/2017 | 30 | Substitution of Attorney - Attorney BRYAN PAUL COUCH terminated. Attorney JOEL A PISANO for NEWMARKET PHARMACEUTICALS, LLC added.. (PISANO, JOEL) (Entered: 11/07/2017) |
| 11/07/2017 | 31 | Letter from Joel A. Pisano to the Hon. Michael A. Shipp, U.S.D.J. and to the Hon. Tonianne J. Bongiovanni, U.S.M.J. requesting that the Court reactivate the case and set a scheduling conference. (PISANO, JOEL) (Entered: 11/07/2017) |

| 11/07/2017 | 32 | NOTICE of Appearance by SELINA MIRIAM ELLIS on behalf of NEWMARKET PHARMACEUTICALS, LLC (ELLIS, SELINA) (Entered: 11/07/2017) |
|---|---|---|
| 11/09/2017 | 33 | Letter from Daniel C. Gibbons re 31 Letter. (Attachments: # 1 Exhibit A)(GIBBONS, DANIEL) (Entered: 11/09/2017) |
| 11/09/2017 | 34 | Letter from Joel A. Pisano to the Honorable Michael A. Shipp, U.S.D.J. and the Honorable Tonianne J. Bongiovanni, U.S.M.J. re 33 Letter. (PISANO, JOEL) (Entered: 11/09/2017) |
| 11/09/2017 | 35 | TEXT ORDER: In consideration of counsel's correspondence (ECF No. 31 ), the Court hereby lifts the stay of this matter. The Parties are instructed to contact Magistrate Judge Bongiovanni's Chambers within seven days of this Text Order regarding the request to schedule a conference. So Ordered by Judge Michael A. Shipp on 11/9/2017. (gxh) (Entered: 11/09/2017) |
| 11/09/2017 | 36 | Letter from Daniel C. Gibbons re 34 Letter. (Attachments: # 1 Exhibit A)(GIBBONS, DANIEL) (Entered: 11/09/2017) |
| 11/21/2017 | 37 | Letter from Joel A. Pisano to the Honorable Tonianne J. Bongiovanni, U.S.M.J. (PISANO, JOEL) (Entered: 11/21/2017) |
| 11/22/2017 | 38 | Letter from Daniel C. Gibbons re 37 Letter. (GIBBONS, DANIEL) (Entered: 11/22/2017) |
| 11/27/2017 | 39 | MOTION for Order to Show Cause *and Temporary Restraining Order* by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(PISANO, JOEL) (Entered: 11/27/2017) |
| 11/27/2017 | 40 | MEMORANDUM in Support filed by NEWMARKET PHARMACEUTICALS, LLC re 39 MOTION for Order to Show Cause *and Temporary Restraining Order (Confidential Version)* (PISANO, JOEL)<br><br>NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 11/27/2017) |
| 11/27/2017 | 41 | DECLARATION of Robert M. Pollaro re 39 MOTION for Order to Show Cause *and Temporary Restraining Order and Exhibits A-O* by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL)<br><br>NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 11/27/2017) |
| 11/27/2017 | 42 | DECLARATION of Mark Ridall re 39 MOTION for Order to Show Cause *and Temporary Restraining Order and Exhibits A-D* by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL)<br><br>NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 11/27/2017) |
| 11/28/2017 | | Set Deadlines as to 39 MOTION for Order to Show Cause *and Temporary Restraining Order*. Motion set for 1/2/2018 before Judge Michael A. Shipp. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 11/28/2017) |

| 11/28/2017 | 43 | TEXT ORDER: A settlement conference is hereby scheduled to take place on 12/8/2017 at 10:30 a.m. Counsel must appear in person at the conference. Clients must be reachable by telephone. *Ex parte* confidential settlement memoranda are NOT required. However, should a party choose to submit same, it must do so no later than 12/5/2017 and the memorandum should not exceed 5 pages in length. So Ordered by Magistrate Judge Tonianne J. Bongiovanni on 11/28/2017. (mm) (Entered: 11/28/2017) |
| --- | --- | --- |
| 11/28/2017 | 44 | REDACTION to 40 Memorandum in Support of Motion,, by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL) (Entered: 11/28/2017) |
| 11/28/2017 | 45 | REDACTION to 41 Declaration,, *of Robert M. Pollaro and Exhibits A-O* by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL) (Entered: 11/28/2017) |
| 11/28/2017 | 46 | REDACTION to 42 Declaration,, *of Mark Ridall and Exhibits A-D* by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL) (Entered: 11/28/2017) |
| 11/29/2017 | 47 | TEXT ORDER setting a Telephone Conference for 11/29/2017 at 12:00 PM before Judge Michael A. Shipp. Counsel for Plaintiff shall initiate the call. So Ordered by Judge Michael A. Shipp on 11/29/2017. (gxh) (Entered: 11/29/2017) |
| 11/29/2017 | 48 | Minute Entry for proceedings held before Judge Michael A. Shipp: Telephone Conference held on 11/29/2017. Counsel advised that the Court will enter a briefing schedule, if necessary, after the parties' conference with Magistrate Judge Tonianne J. Bongiovanni. (Court Reporter: CATHY FORD.) (gxh) (Entered: 11/30/2017) |
| 12/05/2017 | 49 | MOTION for Leave to Appear Pro Hac Vice *for Meghan K. McGuire* by DENNI O. DAY, VETPHARM, INC.. (Attachments: # 1 Declaration of Daniel C. Gibbons, # 2 Declaration of Meghan K. McGuire, # 3 Text of Proposed Order)(GIBBONS, DANIEL) (Entered: 12/05/2017) |
| 12/05/2017 | 50 | MOTION for Leave to Appear Pro Hac Vice *for Richard A. McGuirk* by DENNI O. DAY, VETPHARM, INC.. (Attachments: # 1 Declaration of Daniel C. Gibbons in Support of Pro Hac Vice Admission of Richard A. McGuirk, # 2 Declaration in Support of Pro Hac Vice Admission)(GIBBONS, DANIEL) (Entered: 12/05/2017) |
| 12/06/2017 | | <span style="color:red">CLERK'S QUALITY CONTROL MESSAGE</span> - The Declaration of Meghan K. McGuire d.e. 49 attachment 2 and the Declaration of Richard A. McGuirk d.e. 50 attachment 2 submitted by Daniel Gibbons on 12/5/2017 contains an improper signature. Only Registered Users are permitted to sign electronically filed documents with an s/. PLEASE RESUBMIT THE DOCUMENT WITH A PROPER SIGNATURE. This submission will remain on the docket unless otherwise ordered by the court. (km) (Entered: 12/06/2017) |
| 12/06/2017 | | Set Deadlines as to 49 MOTION for Leave to Appear Pro Hac Vice *for Meghan K. McGuire*, 50 MOTION for Leave to Appear Pro Hac Vice *for Richard A. McGuirk*. Motion set for 12/5/2017 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 12/06/2017) |
| 12/06/2017 | 51 | DECLARATION of Richard A. McGuirk re 50 MOTION for Leave to Appear Pro Hac Vice *for Richard A. McGuirk (corrected signature)* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 12/06/2017) |
| 12/06/2017 | 52 | DECLARATION of Meghan K. McGuire re 49 MOTION for Leave to Appear Pro Hac Vice *for Meghan K. McGuire (corrected signature)* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 12/06/2017) |

| 12/06/2017 | [53](#) | ORDER granting [49](#) Motion for Leave to Appear Pro Hac Vice as to Meghan K. McGuire and granting [50](#) Motion for Leave to Appear Pro Hac Vice as to Richard A. McGuirk. Signed by Magistrate Judge Tonianne J. Bongiovanni on 12/6/2017. (km) (Entered: 12/06/2017) |
|---|---|---|
| 12/08/2017 | | Minute Entry for proceedings held before Magistrate Judge Tonianne J. Bongiovanni: Settlement Conference held on 12/8/2017. The parties shall submit a joint proposed case management plan to the Court electronically in Word format to tjb_orders@njd.uscourts.gov no later than 12/15/2017. (mm) (Entered: 12/11/2017) |
| 12/12/2017 | 54 | TEXT ORDER: The following briefing schedule shall apply to: (i) Plaintiffs' Motion for an Order to Show Cause and Temporary Restraining Order (ECF No. [39](#) ); and (ii) Defendant(s)' anticipated cross-motion to dismiss: December 18, 2017: deadline for Defendant(s) to file opposition to Plaintiffs motion and for Defendant(s) to file a cross-motion to dismiss; December 26, 2017: deadline for Plaintiff to file a reply in support of its motion and to oppose Defendant(s)' cross-motion; January 3, 2018: Deadline for Defendant(s) to file a reply in support of its cross-motion. So Ordered by Judge Michael A. Shipp on 12/12/2017. (gxh) Modified on 12/12/2017 (gxh). (Entered: 12/12/2017) |
| 12/12/2017 | [55](#) | Notice of Request by Pro Hac Vice Robert M. Pollaro to receive Notices of Electronic Filings. (PISANO, JOEL) (Entered: 12/12/2017) |
| 12/12/2017 | [56](#) | Notice of Request by Pro Hac Vice John T. Moehringer to receive Notices of Electronic Filings. (PISANO, JOEL) (Entered: 12/12/2017) |
| 12/12/2017 | | Pro Hac Vice fee of $300 received as Meghan K. McGuire, Esq. and Richard A. McGuirk, Esq., receipt number TRE086924 (mps) (Entered: 12/12/2017) |
| 12/12/2017 | [57](#) | Notice of Request by Pro Hac Vice Meghan K. McGuire to receive Notices of Electronic Filings. (GIBBONS, DANIEL) (Entered: 12/12/2017) |
| 12/12/2017 | [58](#) | Notice of Request by Pro Hac Vice Richard A. McGuirk to receive Notices of Electronic Filings. (GIBBONS, DANIEL) (Entered: 12/12/2017) |
| 12/13/2017 | | Pro Hac Vice counsel, MEGHAN MCGUIRE and RICHARD A. MCGUIRK, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (km) (Entered: 12/13/2017) |
| 12/13/2017 | | Pro Hac Vice counsel, JOHN T. MOEHRINGER and ROBERT M. POLLARO, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (km) (Entered: 12/13/2017) |
| 12/18/2017 | [59](#) | Second MOTION for Temporary Restraining Order *and Prelim Injunction and in Support of Defendants' Cross Motion to Dismiss the Notice of Cross-Motion to Compel Arbitration and Stay Action* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 12/18/2017) |
| 12/18/2017 | [60](#) | Cross MOTION to Dismiss by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 12/18/2017) |
| 12/18/2017 | [61](#) | MEMORANDUM in Support filed by DENNI O. DAY, VETPHARM, INC. re [60](#) Cross MOTION to Dismiss , [39](#) MOTION for Order to Show Cause *and Temporary Restraining Order *** Memorandum in SUPPORT of [60](#) Defendants' Cross-motion to Dismiss and in OPPOSITION to [39](#) Motion for TRO and Preliminary Injunction* (GIBBONS, DANIEL) |
| | | [NOTICE TO COUNSEL:](#) Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be |

| | | |
|---|---|---|
| | | *sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court.* (Entered: 12/18/2017) |
| 12/18/2017 | 62 | AFFIDAVIT in Support filed by DENNI O. DAY, VETPHARM, INC. re 39 MOTION for Order to Show Cause *and Temporary Restraining Order*, 60 Cross MOTION to Dismiss *** *DECLARATION OF MEGHAN K. McGUIRE in SUPPORT of 60 Defendants' Cross-motion to Dismiss and in OPPOSITION to 39 Motion for TRO and Preliminary Injunction* (Attachments: # 1 Exhibit A to McGuire Declaration, # 2 Exhibit B to McGuire Declaration, # 3 Exhibit C to McGuire Declaration, # 4 Exhibit D to McGuire Declaration, # 5 Exhibit E to McGuire Declaration, # 6 Exhibit F to McGuire Declaration, # 7 Exhibit G to McGuire Declaration, # 8 Exhibit H to McGuire Declaration)(GIBBONS, DANIEL)<br><br>NOTICE TO COUNSEL: *Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court.* (Entered: 12/18/2017) |
| 12/18/2017 | 63 | AFFIDAVIT in Support filed by DENNI O. DAY, VETPHARM, INC. re 60 Cross MOTION to Dismiss , 39 MOTION for Order to Show Cause *and Temporary Restraining Order *** DECLARATION OF DENNI O. DAY in SUPPORT of 60 Defendants' Cross-motion to Dismiss and in OPPOSITION to 39 Motion for TRO and Preliminary Injunction* (GIBBONS, DANIEL)<br><br>NOTICE TO COUNSEL: *Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court.* (Entered: 12/18/2017) |
| 12/18/2017 | | Set Deadlines as to 59 Second MOTION for Temporary Restraining Order *and Prelim Injunction and in Support of Defendants' Cross Motion to Dismiss the Notice of Cross-Motion to Compel Arbitration and Stay Action* and 60 Cross MOTION to Dismiss . Cross Motions set for 1/2/2018 before Judge Michael A. Shipp. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 12/18/2017) |
| 12/19/2017 | | CLERK'S QUALITY CONTROL MESSAGE - The 59 Notice of Motion submitted by Daniel Gibbons on 12/18/2017 was filed incorrectly as a Motion for Temporary Restraining Order and is a duplicate of document 60 . The Clerk's Office has terminated the calendar event created by this filing. This message is for informational purposes only. (mps) (Entered: 12/19/2017) |
| 12/19/2017 | 64 | Exhibit to 60 Motion to Dismiss, 63 Affidavit in Support of Motion,,, 61 Memorandum in Support of Motion,,, 62 Affidavit in Support of Motion,,,, by DENNI O. DAY, VETPHARM, INC.. (Attachments: # 1 Certificate of Service ; Proposed Order granting Defendants' Cross Motion to Dismiss)(GIBBONS, DANIEL) (Entered: 12/19/2017) |
| 12/21/2017 | 65 | LETTER ORDER that the schedule set forth in Attachment A to the parties' Joint Discovery Plan shall govern this matter. Signed by Magistrate Judge Tonianne J. Bongiovanni on 12/21/2017. (km) (Entered: 12/22/2017) |
| 12/26/2017 | 66 | BRIEF in Opposition filed by NEWMARKET PHARMACEUTICALS, LLC re 60 Cross MOTION to Dismiss *and in Further Support of NewMarket's Motion for Temporary Restraining Order and Preliminary Injunction (Confidential)* (Attachments: # 1 Declaration of Robert M. Pollaro and Exs. A-F, # 2 Declaration of Mark Ridall, # 3 Certificate of Service)(PISANO, JOEL) |

| | | |
|---|---|---|
| | | NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 12/26/2017) |
| 12/27/2017 | 67 | REDACTION to 66 Brief in Opposition to Motion,,, *and in Further Support of NewMarket's Motion for Temporary Restraining Order and Preliminary Injunction* by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Declaration of Robert M. Pollaro with Exs. A-F (Redacted), # 2 Declaration of Mark Ridall (Redacted)) (PISANO, JOEL) (Entered: 12/27/2017) |
| 01/03/2018 | 68 | REPLY to Response to Motion filed by DENNI O. DAY, VETPHARM, INC. re 60 Cross MOTION to Dismiss (Attachments: # 1 Certificate of Service)(GIBBONS, DANIEL) |
| | | NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 01/03/2018) |
| 01/17/2018 | 69 | REDACTION to 61 Memorandum in Support of Motion,,, *Memorandum in Support of Defendants' Cross-motion to Dismiss and in Opposition to Motion for TRO and Preliminary Injunction* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 01/17/2018) |
| 01/17/2018 | 70 | REDACTION to 62 Affidavit in Support of Motion,,,, *Declaration of Meghan K. McGuire with Exhibits A-H (Redacted) in Support of Defendants' Cross-motion to Dismiss and in Opposition to Motion for TRO and Preliminary Injunction* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 01/17/2018) |
| 01/17/2018 | 71 | REDACTION to 63 Affidavit in Support of Motion,,, *Declaration of Denni O. Day in Support of Defendants' Cross-motion to Dismiss and in Opposition to Motion for TRO and Preliminary Injunction* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 01/17/2018) |
| 01/17/2018 | 72 | REDACTION to 68 Reply to Response to Motion,, *regarding Cross-motion to Dismiss* by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 01/17/2018) |
| 01/17/2018 | 73 | TEXT ORDER: Oral argument regarding the pending Motion for Order to Show Cause and Temporary Restraining Order (ECF No. 39 ) and Cross-Motion to Dismiss (ECF No. 60 ) is scheduled for Friday, January 26, 2018, at 11:00 a.m. in Courtroom 5W. So Ordered by Judge Michael A. Shipp on 1/17/2018. (gxh) (Entered: 01/17/2018) |
| 01/17/2018 | 74 | MOTION to Seal by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law, # 2 Declaration of Joel A. Pisano with Ex. 1, # 3 Declaration of Meghan K. McGuire, # 4 Text of Proposed Order, # 5 Statement in Lieu of Brief, # 6 Certificate of Service)(PISANO, JOEL) (Entered: 01/17/2018) |
| 01/17/2018 | | Set Deadlines as to 74 MOTION to Seal . Motion set for 2/20/2018 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 01/17/2018) |
| 01/22/2018 | 75 | TEXT ORDER: The parties are directed to appear for an in person status conference before the Hon. Tonianne J. Bongiovanni, in Courtroom 6E, on Friday, January 26, 2018 at 9:30 a.m. So Ordered by Magistrate Judge Tonianne J. Bongiovanni on 1/22/2018. (mm) (Entered: 01/22/2018) |
| 01/22/2018 | 76 | Letter from Joel A. Pisano to the Hon. Michael A. Shipp, U.S.D.J. and to the Hon. |

| | | |
|---|---|---|
| | | Tonianne J. Bongiovanni, U.S.M.J. (Filed Under Seal). (PISANO, JOEL) |
| | | *NOTICE TO COUNSEL:* Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 01/22/2018) |
| 01/24/2018 | 77 | Letter from Daniel C. Gibbons in Response to Plainitiff's January 22nd Letter re 76 Letter,,. (GIBBONS, DANIEL) |
| | | *NOTICE TO COUNSEL:* Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 01/24/2018) |
| 01/26/2018 | 78 | 90 DAY ORDER Administratively Terminating Action. Signed by Judge Michael A. Shipp on 1/26/2018. (km) (Entered: 01/26/2018) |
| 01/26/2018 | | Set Deadlines: Administrative Termination deadline set for 4/26/2018 (km) (Entered: 01/26/2018) |
| 01/26/2018 | | Text Minute Entry for proceedings held before Magistrate Judge Tonianne J. Bongiovanni: Settlement Conference held on 1/26/2018. (mm) (Entered: 01/26/2018) |
| 02/09/2018 | 79 | REDACTION to 76 Letter,, by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL) (Entered: 02/09/2018) |
| 02/09/2018 | 80 | MOTION to Seal by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Declaration of Joel A. Pisano, # 2 Proposed Findings of Fact and Conclusions of Law, # 3 Statement in Lieu of Brief, # 4 Text of Proposed Order, # 5 Certificate of Service) (PISANO, JOEL) (Entered: 02/09/2018) |
| 02/09/2018 | 81 | REDACTION to 77 Letter,, by DENNI O. DAY, VETPHARM, INC.. (GIBBONS, DANIEL) (Entered: 02/09/2018) |
| 02/13/2018 | | Set Deadlines as to 80 MOTION to Seal . Motion set for 3/5/2018 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 02/13/2018) |
| 04/17/2018 | 82 | ORDER granting 80 Motion to Seal. Signed by Magistrate Judge Tonianne J. Bongiovanni on 4/17/2018. (km) (Entered: 04/17/2018) |
| 04/26/2018 | 83 | Letter from Joel A. Pisano to the Honorable Michael A. Shipp, U.S.D.J. (PISANO, JOEL) (Entered: 04/26/2018) |
| 04/27/2018 | 84 | LETTER ORDER extending the Administrative Termination deadline to 7/25/2018. Signed by Judge Michael A. Shipp on 4/27/2018. (km) (Entered: 04/27/2018) |
| 06/06/2018 | 85 | TEXT ORDER: Counsel as well as clients with settlement authority are directed to appear for an in person settlement conference before the Hon. Tonianne J. Bongiovanni, in Courtroom 6E, on Thursday, July 12, 2018 at 11:00 a.m. So Ordered by Magistrate Judge tonianne J. Bongiovanni. (mm) (Entered: 06/06/2018) |
| 07/12/2018 | | Text Minute Entry for proceedings held before Magistrate Judge Tonianne J. Bongiovanni: Settlement Conference held on 7/12/2018. (mm) (Entered: 07/12/2018) |
| 07/12/2018 | 86 | LETTER ORDER Reopening case and reactivating motions, returnable for 8/6/2018. Signed by Magistrate Judge Tonianne J. Bongiovanni on 7/12/2018. (km) (Entered: |

| | | 07/12/2018) |
|---|---|---|
| 07/12/2018 | | Set Deadlines as to 39 MOTION for Order to Show Cause *and Temporary Restraining Order* and 60 Cross MOTION to Dismiss . Motions set for 8/6/2018 before Judge Michael A. Shipp. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. (km) (Entered: 07/12/2018) |
| 09/07/2018 | 87 | Letter from Joel A. Pisano to the Hon. Michael A. Shipp, U.S.D.J. advising of a recently-filed lawsuit against NewMarket. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3)(PISANO, JOEL) (Entered: 09/07/2018) |
| 09/07/2018 | 88 | Exhibit to 87 Letter by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL)<br><br>NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 09/07/2018) |
| 09/10/2018 | 89 | REDACTION to 88 Exhibit (to Document),, by NEWMARKET PHARMACEUTICALS, LLC. (PISANO, JOEL) (Entered: 09/10/2018) |
| 09/11/2018 | 90 | Letter from Daniel Gibbons to the Hon. Michael A. Shipp re (87 in 3:17-cv-01852-MAS-TJB) Letter. (GIBBONS, DANIEL)<br><br>NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 09/11/2018) |
| 09/12/2018 | 91 | Letter from Joel A. Pisano to the Honorable Michael A. Shipp, U.S.D.J. re 90 Letter,,. (PISANO, JOEL) (Entered: 09/12/2018) |
| 09/24/2018 | 92 | Letter from Daniel C. Gibbons re 90 Letter,, 91 Letter. (GIBBONS, DANIEL) (Entered: 09/24/2018) |
| 09/26/2018 | 93 | MOTION to Seal *D.E. 88 and D.E. 90* by NEWMARKET PHARMACEUTICALS, LLC. (Attachments: # 1 Declaration of Joel A. Pisano with Exhibit 1, # 2 Proposed Findings of Fact and Conclusions of Law, # 3 Statement in Lieu of Brief, # 4 Text of Proposed Order, # 5 Certificate of Service)(PISANO, JOEL) (Entered: 09/26/2018) |
| 09/26/2018 | | Set Deadlines as to 93 MOTION to Seal *D.E. 88 and D.E. 90*. Motion set for 11/5/2018 before Magistrate Judge Tonianne J. Bongiovanni. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (km) (Entered: 09/26/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/12/2018 10:35:51 | | | |
| **PACER Login:** | cw2309:3193544:3934898 | **Client Code:** | 97929-001 |
| **Description:** | Docket Report | **Search Criteria:** | 3:17-cv-01852-MAS-TJB Start date: 1/1/1970 End date: 10/12/2018 |

| Billable Pages: | 11 | Cost: | 1.10 |
| --- | --- | --- | --- |

# Pollaro Exhibit 3



(https://www.vetpharm.com/)

# Veterinary Clinical Trial Support

Delivered with a passion for accuracy and a promise of excellence.

VetPharm is the leading full-service contract research organization dedicated exclusively to animal health. We offer a complete menu of clinical trial support services in the United States and Europe. Our proprietary study management system facilitates rapid study initiation, accelerated enrollment, and superior results. Contact us now to ensure that your next clinical trial is a resounding success!

Learn More (/about/overview/)          Become an Investigator (/contact/veterinarians/)

Join Our Team (/contact/general/)

Meticulous
Execution

Impeccable Data

Science
Done Right

# Paw Prints by Denni Day

Denni Day's experience in clinical research spans almost thirty years and virtually every indication. There are few problems that she has not seen...and solved. She is an active member of AHI and GADA, writes frequently for various trade publications, speaks at many industry conferences, and has lectured at CVM.



(https://www.vetpharm.com/blog/ten-tips-to-tremendous-trials-5-proactive-subject-recruitment-a-continuing-series/)

## Ten Tips To Tremendous Trials #5: Proactive Subject Recruitment – A Continuing Series (https://www.vetpharm.com/blog/ten-tips-to-tremendous-trials-5-proactive-subject-recruitment-a-continuing-series/)

May 11, 2018

Welcome to the fifth installment of this series! The goal of each article in this series is to improve the quality of all clinical trials by reminding you, the reader, of another important step that will increase the likelihood that your next study will be completed on time, within budget, and with a minimum of complications.

Read More (https://www.vetpharm.com/blog/ten-tips-to-tremendous-trials-5-proactive-subject-recruitment-a-continuing-series/)

# Become a VetPharm Investigator

VetPharm's consortium of prequalified, experienced study investigators includes more than 2,200 private-practice and university-affiliated veterinarians from all across the United States. We welcome dedicated veterinarians with large patient populations who are sincerely interested in advancing the health and well-being of their clients' companion animals. Past clinical trials experience is not required, but an ability and willingness to follow study protocols precisely is. For each new study, we provide generous compensation, thorough training, helpful study monitors, and a complete team of VetPharm project personnel who support you and your staff with effective recruitment strategies, pet owner education and training, and all administrative details.

- Access to cutting edge therapies.

- Free treatment for your clients.

- Additional practice revenue.

- Opportunity to interact with other investigators.

- Challenging and rewarding diversion from daily routine.

If you are interested in advancing treatment for companion animals by becoming a clinical trial investigator, please use the button below to complete the form on the next page and we will contact you to discuss your interests and upcoming opportunities.

Become a VetPharm Investigator (/contact/veterinarians/)

 

(https://www.vetpharm.com/)

office VetPharm, Inc.
349 West Commercial Street
Suite 2200
East Rochester, New York 14445-2421
(https://www.google.com/maps/dir//349+W+Commercial+St+%232200,+East+Rochester,+NY+14445/@43.1161834,-77.4930122,17.75z/data=!4m16!1m7!3m6!1s0x89d6cb
77.492297!4m7!1m0!1m5!1m1!1s0x89d6cb4777758e0d:0x6f3b5a593a782d74!2m2!1d-77.492297!2d43.1159405)
phone 585.249.1090 (tel:585.249.1090)
email info@vetpharm.com (mailto:info@vetpharm.com)

© 2009 - 2018 VetPharm, Inc. All Rights Reserved

Site design by Mason Digital (http://www.masondigital.com).