# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NewMarket Pharmaceuticals, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 5:18-CV-06147-BCW |

## DECLARATION OF GREER S. LANG

I, Greer S. Lang, being over the age of 18, under the penalties of perjury, state as follows:

1.    My name is Greer S. Lang. I am a partner in the law firm of Lathrop Gage LLP and lead counsel for the plaintiff, VetBridge Product Development Subsidiary I (NM-OMP), LLC ("VetBridge"), in this action. In that capacity, I have personal knowledge of the facts stated herein.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the December 18, 2017 Notice of Cross-Motion to Dismiss [Doc. 60] filed by VetPharm, Inc. in the case styled *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc.*, Case No. 3:17-cv-01852-MAS-TJB, pending in the U.S. District Court for the District of New Jersey (the "New Jersey Action"). VetPharm's Memorandum in Support [Doc. 61] in that action was filed under seal and is not publicly available through PACER.

3.    Attached hereto as **Exhibit B** is a true and correct copy of the search result from the New Jersey Secretary of State's website at https://www.njportal.com/DOR/businessrecords/EntityDocs/StandingCerts.aspx (last checked on November 6, 2018), which reflects that NewMarket Pharmaceuticals, LLC ("NewMarket") has not registered or qualified to transact business in the State of New Jersey.

4.    Attached hereto as **Exhibit C** is a true and correct copy of an October 30 and 31, 2018 email exchange between myself and NewMarket's counsel, Robert M. Pollaro, along with a redline draft of VetBridge's initial response to the proposed Stipulation and [Proposed] Order Mr. Pollaro first provided following the conference with the Court on October 26, 2018, wherein, among other things, Mr. Pollaro sought to include language to enjoin and prohibit VetBridge, as well as its counsel in this action, from having any contact with VetPharm or its counsel.

5.    Attached hereto as **Exhibit D** is a true and correct copy of a November 5, 2018 email string between Mr. Pollaro and me regarding his stated position concerning any communications by VetBridge or its counsel with VetPharm.

I make this declaration under penalty of perjury under the laws of the United States and the laws of the State of Missouri.

Dated: November 6, 2018

_____
Greer S. Lang

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWMARKET PHARMACEUTICALS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VETPHARM, INC., DENNI O. DAY, and PRELUDE DYNAMICS, LLC,<br><br>Defendants. | **NOTICE OF CROSS-MOTION TO DISMISS**<br><br>Civil Action No. 17-01852 (MAS) (TJB) |

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, dated December 18, 2017, and the Declaration of Denni O. Day, dated December 18, 2017, and the Declaration of Meghan K. McGuire, dated December 18, 2017, together with the exhibits attached thereto, and all other papers and pleadings filed herein, Defendants VetPharm, Inc., and Denni O. Day ("Defendants") will cross-move before this Court on a date and time to be determined by the Court, as set forth in the Scheduling Order, dated December 12, 2017 [Dkt. 54], for an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff NewMarket Pharmaceuticals, LLC's Complaint this Action [Dkt. 1] with prejudice, and awarding Defendants the costs and fees associated with this Motion and such other and further relief as the Court deems just and appropriate.

4812-3295-2153.1

**EXHIBIT A (Lang Decl.)**

**PLEASE TAKE FURTHER NOTICE** that Defendants hereby requests

oral argument if this motion is opposed pursuant to New Jersey Local Rule of Civil

Procedure 78.1.

Dated: December 18, 2017 **NIXON PEABODY LLP**

By:_____/s/Daniel C. Gibbons_____
Daniel C. Gibbons
Christopher D. Thomas
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753-2728
Phone: (516) 832-7567
Facsimile:  (866) 568-3660
dgibbons@nixonpeabody.com
cdthomas@nixonpeabody.com
*Attorneys for Defendants VetPharm,*
*Inc. and Denni O. Day*

4812-3295-2153.1



https://www.njportal.com/DOR/businessrecords/EntityDocs/StandingCerts.aspx (last checked 11/06/2018)

| | |
|---|---|
| **From:** | Lang, Greer S. |
| **Sent:** | Wednesday, October 31, 2018 9:01 AM |
| **To:** | Pollaro, Robert |
| **Cc:** | Fields, Brian W.; 'Shanks, Brett A.' |
| **Subject:** | RE: Amended Temporary Restraining Order.DOCX |
| **Attachments:** | Stipulation and Proposed Order (RPollaro) (gsl edits) (2).docx |

Robert,

Thank you for preparing an initial draft of the stipulation and proposed order. We certainly agree to the two extensions noted in paragraph 1. However, we cannot agree to limit the TRO to just the distribution rights granted to VetBridge.  The Agreement is much broader than that (it precludes NM's transfer of assets and IP related to the product, granting security interests, etc) and the purpose of the TRO is to protect VetBridge's right to specific performance under the change of control provisions. We are certainly willing to make clear that the prohibitions are limited to the Field and Territory, as defined in the Agreement, and leave in the negative (of what's not prohibited) as you requested; provided the order expressly state that nothing relieves either party of their rights, obligations or liabilities under the Agreement.

We will not agree that VetBridge or its attorneys are to be enjoined from communicating with VetPharm. Your client has sought to try to make issues concerning VetPharm part of this action – though they have nothing to do with any of VetBridge's claims – and we are not going to have an adverse party dictating who we can and cannot speak to as part of our investigation.

This issue was not raised during our call with Judge Wimes – and NewMarket has never filed a motion for a TRO or sought any kind of injunctive relief in that regard. It is our position that this new request is inappropriate and seeks to interfere with us performing our obligations as counsel. We will not agree to this new request, so if you intend to insist on including it, then we need to get the Judge's clerk on the phone and get our preliminary injunction motion set for a hearing.

**Greer S. Lang**
Partner
Lathrop Gage LLP
2345 Grand Blvd., Suite 2200
Kansas City,  MO  64108-2618
Direct: 816.460.5511 | Mobile: 785.691.6155 | Fax: 816.292.2001
glang@lathropgage.com

**From:** Pollaro, Robert [mailto:Robert.Pollaro@cwt.com]
**Sent:** Tuesday, October 30, 2018 4:57 PM
**To:** Lang, Greer S.
**Cc:** Fields, Brian W.; 'Shanks, Brett A.'
**Subject:** RE: Amended Temporary Restraining Order.DOCX

Greer,

The formatting on the Stip and proposed order is corrected in the attached.  According to Judge Wimes' rules we need to have this filed by the end of the day tomorrow.

Regards,

Robert

---

**From:** Pollaro, Robert
**Sent:** Tuesday, October 30, 2018 2:33 PM
**To:** 'Lang, Greer S. (LG)' <glang@lathropgage.com>
**Cc:** Fields, Brian W. (LG) <bfields@lathropgage.com>; 'Shanks, Brett A.' <brett.shanks@stinson.com>
**Subject:** RE: Amended Temporary Restraining Order.DOCX

Greer,

Attached is the proposed filings further to our call.  Please let me know if you would like to discuss.

Regards,

Robert

---

**From:** Lang, Greer S. (LG) [mailto:glang@lathropgage.com]
**Sent:** Monday, October 29, 2018 11:50 AM
**To:** Pollaro, Robert <Robert.Pollaro@cwt.com>
**Cc:** Fields, Brian W. (LG) <bfields@lathropgage.com>
**Subject:** Amended Temporary Restraining Order.DOCX

Robert

Here is the word version of the amended tro.

**Greer S. Lang**
Partner



Lathrop Gage LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
Direct: 816.460.5511 | Mobile: 785.691.6155 | Fax: 816.292.2001
glang@lathropgage.com
lathropgage.com

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

NOTE: The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy.  Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  5:18-cv-06147-BCW |
| vs. | ) ) | |
| NewMarket Pharmaceuticals, LLC, | ) ) | |
| Defendant. | ) ) | |

## STIPULATION AND [PROPOSED] ORDER

IT IS STIPULATED AND AGREED by the undersigned counsel for Plaintiff VetBridge

Product Development Subsidiary I (NM-OMP), LLC ("VetBridge") and Defendant NewMarket

Pharmaceuticals, LLC ("NewMarket"), subject to approval of the Court that:

1.      NewMarket's Answer and answering brief regarding VetBridge's Motion for
Hearing (Doc. No. 12) will be due no later than thirty (30) days after the Court's
decision on NewMarket's Motion to Change Venue (Doc. No. 8).

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant NewMarket, together

with its officers, managers, members, agents, affiliates, attorneys, and employees, and all other

persons in active concert or participation with them, are hereby enjoined and restrained from:

2.      ~~p~~Pledging, encumbering, assigning, transferring, disposing of or otherwise
conveying or granting any rights or interest in or to:

(a) ~~the right to distribute~~ NewMarket's rapidly dissolving formulations of
omeprazole, including omeprazole direct systemic introduction (DSI)
compositions for use in all non-human animals, including any revisions,
alterations or improvements thereto (the "Omeprazole DSI Products"); and/or

(b) NewMarket's IP/Patent Rights relating thereto, including all patents and
patent applications, and all divisionals, continuations, continuations-in-part,
counterparts, re-examinations, reissues, extensions, registrations, and
supplementary or complementary certificates and the like, both domestic and

foreign, and items which claim the benefit of priority to any of the foregoing, whether in whole or in part, directly or indirectly owned, licensed, and/or optioned (with the right to grant sub-licenses) by NewMarket or an affiliate thereof, as of the Effective Date (July 27, 2014) of the Exclusive Distribution and License Agreement ("Agreement"), or during the term of said agreement, which relate to the Omeprazole DSI Products, and their development, manufacture, or use in the Field and in the Territory, as defined below, including the following:

| Item | Country | Patent Application or Patent No. | Filing Date | Title |
|------|---------|--------------------------------|-------------|-------|
| 1 | US | 61/437763 | 01/31/2011 | |
| 2 | US | 13/343,692; issued as 8,722,636 | 01/04/2012; issued 05/13/2014 | Animal treatments |
| 3 | US | 14/275,019; issued as 10,022,361 | 05/12/2014; issued 07/18/2018 | Animal Treatments |
| 4 | US | 14/275,031; issued as 9,402,835 | 05/12/2014; issued 08/02/2016 | Animal Treatment |
| 5 | WO | PCT/US2012/020242 | 01/04/2012 | Animal Treatment |
| 6 | US | 61/674,435 | 07/23/2012 | |
| 7 | US | 61/678,355 | 01/08/2012 | |
| 8 | US | 61/641,509 | 02.05.2012 | |
| 9 | WO | PCT/US2012/070031 | 12/17/2012 | Pharmaceutical compositions for direct systemic introduction |
| 10 | US | 14/398,085 | 10/30/2014 | |
| 11 | US | 16/014,290 | 06/21/2018 | |

2.(c)   The restrictions specified in ¶¶ 2(a) and (b) are expressly limited to in tthe Field Field (defined as "the veterinary use of rapidly dissolving formulations of omeprazole in all non-human animals including especially horses and other equine animals) omeprazole direct systemic introduction (DSI) compositions for use in non human animals including especially equine animals) within theand –Territory (defined as "the veterinary market in the United States of America including all of its states, districts, territories, and possessions, including the District of Columbia") covered by the Agreement.

Nothing in this ORDER shall prevent NewMarket from pledging, encumbering, assigning, transferring, disposing of or otherwise conveying or granting the right to distribute NewMarket's rapidly dissolving formulations of omeprazole outside the Field and/or the

2

Territory.  Nor shall anything in this ORDER relieve either of the parties of, or in any way be deemed to constitute a waiver, estoppel or release of, any of their rights, duties, obligations or liabilities under the Agreement. This ORDER shall remain in effect for a period not to exceed thirty (30) days from this Court's decision on NewMarket's Motion to Change Venue (Doc No. 8) or, if not granted, from this Court's decision on Plaintiff VetBridge's Motion for Hearing related to its request for a preliminary injunction (Doc No 12) and its request for a preliminary injunction, as set forth in its Verified Petition (Doc. 1-1 at 16-23).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that VetBridge together with its officers, managers, members, agents, affiliates, attorneys, and employees, and all other persons in active concert or participation with them, are hereby enjoined and restrained from communicating with VetPharm, Inc. ("VetPharm") together with its offices, managers, members, agents, affiliates, attorneys, and employees and all other persons in active concert or participation with them.  VetBridge will notify NewMarket of any communications it sends or receives from VetPharm and will provide any such communications to NewMarket in whatever form sent or received by VetBridge.

Respectfully submitted,

[SIGNATURE BLOCK FOR EACH]


IT IS SO ORDERED.


_____                    _____
Date                                                                            Circuit Court Judge

| | |
|---|---|
| **From:** | Pollaro, Robert <Robert.Pollaro@cwt.com> |
| **Sent:** | Monday, November 05, 2018 10:41 AM |
| **To:** | Lang, Greer S. |
| **Cc:** | Fields, Brian W.; Shanks, Brett A. <brett.shanks@stinson.com> (brett.shanks@stinson.com) |
| **Subject:** | RE: Stipulation and Proposed Order (rev. 11-02-2018).DOCX |

Greer,

Without any prejudice or disclaimer, NewMarket maintains that any communications with VetPharm by anyone at VetBridge or associated with VetBridge will necessarily be turned over to the FDA/CVM. We remind you of your obligation to preserve any and all such communications.

You have my permission to file and submit the proposed order.

Regards,

Robert

---

**From:** Lang, Greer S. (LG) [mailto:glang@lathropgage.com]
**Sent:** Monday, November 5, 2018 11:23 AM
**To:** Pollaro, Robert <Robert.Pollaro@cwt.com>
**Cc:** Fields, Brian W. (LG) <bfields@lathropgage.com>; Shanks, Brett A. <brett.shanks@stinson.com> (brett.shanks@stinson.com) <brett.shanks@stinson.com>
**Subject:** RE: Stipulation and Proposed Order (rev. 11-02-2018).DOCX

Robert,

Attached is a clean copy of the Stipulation and [Proposed] Order. We have agreed to your edits, and added signature blocks for counsel. **Please confirm that I have your permission to file and submit to the Court, as it was not clear from your email**.

Regarding your request regarding VetPharm. The refusal is not my client's. It is mine. We understand your position; however, you have made certain allegations in your communications to me and in filings with the court regarding VetPharm. We cannot and will not agree to limit our ability to investigate and defend the assertions made against our client.

**Greer S. Lang**
Partner
Lathrop Gage LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
Direct: 816.460.5511 | Mobile: 785.691.6155 | Fax: 816.292.2001
glang@lathropgage.com

1

**EXHIBIT D (Lang Decl.)**

**From:** Pollaro, Robert [mailto:Robert.Pollaro@cwt.com]
**Sent:** Monday, November 05, 2018 9:46 AM
**To:** Lang, Greer S.
**Cc:** Fields, Brian W.; Shanks, Brett A. <brett.shanks@stinson.com> (brett.shanks@stinson.com)
**Subject:** RE: Stipulation and Proposed Order (rev. 11-02-2018).DOCX

Greer,

NewMarket asks you to reconsider your client's refusal to communicate with VetPharm and have the appropriate language included in this proposed Order. As you are well aware, NewMarket views any communications with VetPharm as improper for the reasons we have discussed at length and must also be turned over to the FDA/CVM.

Should your client refuse to agree to refrain from all communications with VetPharm NewMarket is agreeable to the attached being filed with the Court.

Regards,

Robert

.