IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| VetBridge Product Development Subsidiary I (NM-OMP), LLC, <br><br> Plaintiff, <br><br> v. <br><br> NewMarket Pharmaceuticals, LLC, <br><br> Defendant. | Case No. 5:18-CV-06147-BCW |

## ORDER

Before the Court is Defendant's motion to change venue (Doc. #8). The Court, being duly advised of the premises, denies said motion.

## BACKGROUND

This matter arises out of a contractual breach alleged by Plaintiff VetBridge Product Development Subsidiary ("VetBridge") against NewMarket Pharmaceuticals, LLC ("NewMarket"). VetBridge is a limited liability company, organized and existing under the laws of the State of Missouri with its principal place of business in St. Joseph, Missouri. VetBridge is involved in the marketing, sale, and distribution of animal healthcare products. NewMarket is a limited liability company, organized and existing under the laws of Delaware and based in Trenton, New Jersey. NewMarket is the owner of a new animal drug ("Product") that it wants to market. Before doing so, NewMarket must first obtain an approval from the Food and Drug Administration for Veterinary Medicine ("FDA / CVM").

In July 2014, VetBridge and NewMarket entered into an Exclusive Distribution and License Agreement ("Agreement"). Under the Agreement, VetBridge agreed to provide $4 million

1

in funding for the Product approval process in return for a license to distribute the Product within specified territory, after the approval by FDA / CVM. As relevant for purposes of the instant motion, the Agreement contained a "change of control" provision, contemplating that VetBridge would step into the shoes of and assume NewMarket's beneficial position to make and commercialize the Products in the specified territory in the event NewMarket transfers more than 50% of its beneficial interest or substantially all of its assets relating to the Agreement. The Agreement also contained a forum selection clause, identifying the Western District of Missouri for any case where a party reasonably determines that injunctive relief is needed, and a choice of Missouri law clause. VetBridge furnished the contracted funding of $4 million in November 2015.

In December 2014, NewMarket entered into a separate contract with VetPharm, Inc. ("VetPharm"),[1] a New York corporation, to provide clinical trial services ("Data") related to the testing of the Product required for purposes of the FDA / CVM approval ("VetPharm Contract"). The VetPharm Contract contained an arbitration clause. Because of a dispute between NewMarket and VetPharm over a fee payable for the Data under the Contract, VetPharm filed for arbitration on March 8, 2017. On March 21, 2017, NewMarket brought an action against VetPharm in the District Court of New Jersey, alleging breach of contract, misappropriation of trade secrets and seeking a temporary restraining order ("TRO") compelling VetPharm to provide the Data ("New Jersey Action"). VetPharm filed a cross-motion to stay the New Jersey Action and compel arbitration, which the New Jersey court granted. However, VetPharm voluntarily withdrew from arbitration on October 13, 2017. NewMarket moved to lift the stay in the New Jersey Action and re-applied for a TRO. VetPharm again moved to stay the New Jersey Action for a second time in favor of arbitration. Currently, NewMarket's application for a TRO (now a preliminary injunction)

---

[1] VetPham is not in any way related to VetBridge.

and VetPharm's second cross-motion to compel arbitration have been fully briefed and are awaiting a ruling from the New Jersey Action court.

In the meantime, in May 2016, NewMarket informed VetBridge that it transferred an 80% ownership interest in NewMarket to a third party and also assigned its manufacturing rights and transferred the IP / Patent Rights to an unnamed overseas company for tax purposes, triggering the "change of control" provision. On August 12, 2017, VetBridge filed a petition in the Circuit Court of Buchanan County, Missouri, against NewMarket, alleging claims for breach of contract, specific performance of the Agreement's "change of control" provisions, and a preliminary and permanent injunction. NewMarket removed the action to this Court on October 5, 2018.

In the instant motion, Defendant moves the Court to change venue to the District Court of New Jersey under the first-filed rule.

## DISCUSSION

A.   **THE FIRST-FILED RULE DOES NOT APPLY.**[2]

The "first-filed" rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). The rule is "not intended to be rigid, mechanical, or inflexible[.]" Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985). What constitutes parallel litigation is not limited to actions between the same parties with identical claims. Hynes Aviation Indus., Inc. v. Sacramento E.D.M., Inc., No. 6:12-CV-03521-BCW, 2013 WL 12198837, at *2 (W.D. Mo. Aug.

---

[2] While the parties argue the applicability of the first-filed rule, they also rely on 28 U.S.C. § 1404(a) for the change-of-venue analysis. The Court notes that the first-filed rule is different from § 1404(a). Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017) ("the first-filed rule is not based on § 1404(a)"). The Court will analyze the §1404(a) factors under the exceptions to the first-filed rule below.

1, 2013). However, the interests of the parties must be aligned. Id. The rule applies when the issues between the two litigations substantially overlap. Monsanto Tech. LLC v. Syngenta Crop Prot. Inc., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002).

NewMarket moves the Court to transfer this matter to the District Court of New Jersey, asserting the New Jersey Action is a parallel first-filed action involving substantially overlapping issues, because NewMarket's breach of the Agreement relating to the FDA / CVM approval was caused by VetPharm's failure to provide the Data required for the approval. VetBridge opposes the motion, arguing that the New Jersey Action is not parallel, because VetBridge is not a party to the New Jersey Action or the underlying VetPharm Contract and because its interests are not aligned with those of VetPharm. VetBridge further argues that any issues of VetPharm's liability to NewMarket for failure to deliver the Data are unrelated to VetBridge's claims against NewMarket for breach of contract claims in this action for failure to provide required funding and misuse of VetBridge's investment and specific performance claim under the Agreement's "change of control" provisions.

The Court agrees with VetBridge's arguments and finds that the New Jersey Action is not parallel, for the reasons proffered by VetBridge. Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005) (issues in a tort action did not substantially overlap with issues in a separate insurance coverage action, because "although . . . the issues in each proceeding may depend on some of the same facts, that circumstance does not compel a conclusion that the suits are parallel, for the [other] court proceedings involve parties, arguments, and issues different from those in the[se] proceedings."). Therefore, the Court finds that the first-filed rule does not apply. While this conclusion alone would suffice to deny NewMarket's motion, the Court next considers whether, even if the rule applied, the exceptions to the rule would affect the application of the rule.

### B. EXCEPTIONS TO THE FIRST-FILED RULE WEIGH AGAINST TRANSFER.

Even if the Court were to assume that the New Jersey Action was parallel to the present case, in the Court's view, the transfer should still be denied based on the exceptions to the first-filed rule. "There are two recognized exceptions to the first-filed rule: (1) balance of convenience; and (2) compelling circumstances." Hynes Aviation, 2013 WL 12198837, at *3 (W.D. Mo. Aug. 1, 2013) (citation omitted).

#### 1. The "compelling circumstances" exception does not apply.

For purposes of the "compelling circumstances" exception, the Eighth Circuit has identified two "red flags" that signal the existence of compelling circumstances to support abrogation of the first-filed rule: "(1) the first-filed suit was filed after the other party gave notice of its intention to sue; and (2) the first-filed suit is for declaratory judgment, rather than for damages or equitable relief, therefore suggesting a 'race to the courthouse' in an attempt to preempt the natural plaintiff from his or her choice of forum." Nw. Airlines, 989 F.2d at 1007. The Eighth Circuit did not define an exclusive list of circumstances required to show such compelling circumstances. Foreign Candy Co., Inc. v. Promotion in Motion, Inc., 953 F. Supp. 2d 934, 942 (N.D. Iowa 2013). "The prevailing standard is that "in the absence of compelling circumstances," transfer will not be granted. Nw. Airlines, 989 F.2d at 1005 (citations omitted).

The parties do not argue, and the Court does not find the red flags suggesting the existence of compelling circumstances. Therefore, the Court proceeds to considering the "balance of convenience" exception.

#### 2. The "balance of convenience" exception weighs against transfer.

"The balance of convenience exception can be analogized to the convenience factors under 28 U.S.C. § 1404(a)," a venue-transfer statute. Hynes Aviation, 2013 WL 12198837, at *3–4

(citation omitted). "Under § 1404, the Court must weigh a number of factors, including the convenience of the parties and witnesses and the interests of justice." Id. (citing 28 U.S.C. § 1404(a)). Courts consider the following factors in a "balance of convenience" analysis: location of documentary evidence; place in which the conduct complained of occurred; which forum's substantive law applies; the interests of justice; and other relevant factors." MidAmerican Energy Co. v. Coastal Gas Mktg. Co., 33 F. Supp. 2d 787, 791 (N.D. Iowa 1998). If "a transfer . . . merely shifts the inconvenience from one party to the other[, transfer] need not be granted." Id.

NewMarket argues that the convenience of parties factor favors transfer, because New Jersey is where most of its members reside and where its sole place of business and documentary evidence are located, while only one of VetBridge's members resides within this district, with all other non-individual members headquartered outside of Missouri. NewMarket also argues that most witnesses – its CEO and any officers of VetPharm – also reside either in or close to New Jersey. VetBridge responds that this district is the most convenient forum for both VetBridge as a party, whose principal place of business is in Missouri, and for eight potential key witnesses, who live across the country.

The Court finds, on balance, there is "no reason to depart from the first-filed rule [based on the convenience of the parties or the potential witnesses] because there is no real difference in convenience [for either the parties or the witnesses] between litigating this case in [New Jersey] or in Missouri. Thus, the balance does not prevent application of the first-filed rule." Hynes Aviation, 2013 WL 12198837, at *3.

The next factor the parties dispute is the forum selection clause in the Agreement and the level of deference from the Court it deserves. The weight assigned to the forum selection clause depends on whether it is classified as either mandatory or permissive. Id. at *4 (citation omitted).

"To be *mandatory,* a clause must contain language that clearly designates a forum as the *exclusive* one." Terra Int'l, Inc. v. Miss. Chem. Corp., 922 F. Supp. 1334, 1371 (citation omitted). "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." Id. at 1371 (citations omitted).

NewMarket asserts that the Court should not assign much weight to the clause in the Agreement selecting the Western District of Missouri as the forum, because it is only a permissive clause and because VetBridge's filing of the action in Buchanan County Circuit Court undermined the clause. VetBridge responds that the parties' chosen forum is entitled to significant weight and the fact that VetBridge initially filed this case in a state court, does not undermine the forum selection clause.

The forum selection clause in the Agreement states: "In the event a party reasonably determines that injunctive relief is needed, the parties consent to the jurisdiction in the Western District of Missouri." This language does not indicate "the parties' intent to make jurisdiction exclusive"; therefore, this is a permissive forum selection clause that is not entitled to significant weight. Moreover, "[e]ven if the purported forum selection clause is interpreted as mandatory," it "is not dispositive in determining whether a case should be transferred to another venue." Hynes Aviation, 2013 WL 12198837, at *4 (citing Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 697 (8th Cir. 1997)). "Rather, forum selection clauses are part of a larger transfer 'calculus' in which a court weighs the convenience of the parties and witnesses, judicial economy, and the interests of justice." Id. (citing Terra Int'l, 119 F.3d at 697). Therefore, the existence of the forum selection clause does not, by itself, justify departure from the application of the first-filed rule. Thus, the Court proceeds to considering other factors.

NewMarket argues that transfer is appropriate for reasons of judicial economy, as transfer would allow to avoid duplicative litigation, including discovery and motion practice, and associated costs and inconsistent results. However, the Court agrees with VetBridge's counter-arguments that because this action and the New Jersey Action involve different issues related to different breaches of different contracts by different parties, although the two actions might involve some of the same facts, documents and witnesses, no judicial resources will be wasted in the absence of transfer. Any rulings related to the alleged breach of the VetPharm Contract would likely have little or no bearing on the present litigation. Further, any discovery obtained in the New Jersey Action can be used in the present case.

The Court also disagrees with NewMarket's argument that the locus of operative facts favors transfer to New Jersey. While it might be true that NewMarket's New Jersey headquarters are the epicenter for the project, where the material agreements were signed, VetBridge's headquarters are located in Missouri. Thus, while litigating the case in New Jersey might be more convenient for NewMarket, litigating this case in Missouri would be more convenient for VetBridge. Another significant factor that weighs against transfer is the choice of law provision in the Agreement in favor of Missouri law. There is an advantage to having a local court decide questions of local law. Terra Int'l, 119 F.3d at 696.

Furthermore, the other case-specific factors counsel against transfer. It appears that even if the Court were to grant transfer, NewMarket's position that VetBridge cannot have access to the Data or engage in substantive communications with VetPharm about the Data, would preclude the two cases from being consolidated. Finally, the Court finds the fact that the New Jersey Action is subject to mandatory arbitration, while the Agreement contains no arbitration clause, weighs against transfer. This is because even if the Court were to transfer this matter to New Jersey, if the

New Jersey Action proceeds to arbitration, there will be no benefit to the transfer. In fact, VetBridge will likely be worse off, because it will be forced to litigate in a forum which it did not choose as the plaintiff, without getting any benefit of the New Jersey Action being litigated in the same forum. "The party seeking to transfer has the burden of proof, and must make a convincing showing of the right to transfer." Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co., No. 06-03056-CV-W-GAF, 2006 WL 696461, at *4 (W.D. Mo. Mar. 17, 2006).

Considering all the above factors, NewMarket does not make a convincing showing of the right to transfer of this matter in New Jersey would be more convenient than litigating it in this district. Therefore, the Court denies the transfer. Accordingly, it is hereby

ORDERED Defendants' motion for transfer of venue (Doc. #8) is DENIED.

DATE: December 4, 2018

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT