# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| VETBRIDGE PRODUCT DEVELOPMENT SUBSIDIARY I (NM-OMP), LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:18-CV-06147-BCW |
| NEWMARKET PHARMACEUTICALS, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## SCHEDULING AND JURY TRIAL ORDER

The Court, having reviewed the parties' proposed litigation schedule and Federal Rules of Civil Procedure 16(b) and 26(f), hereby establishes the following deadlines in this matter. The parties shall adhere to these deadlines, absent an order from the Court providing for any modification. Additionally, the trial date, final pretrial conference date, and dispositive motion deadline shall not be modified, except under extraordinary circumstances and for good cause shown.

1. **TRIAL:** This case is set for trial on **June 15, 2020** at **9:00 a.m.** at the United States Courthouse in Kansas City, Missouri.

2. **FINAL PRETRIAL CONFERENCE:** This case is set for final pretrial conference on **May 8, 2020 at 10:00 a.m.** by telephone. The Courtroom Deputy, Joella Baldwin, will arrange participation. Lead trial counsel shall participate in this telephone conference.

1

3. **DISPOSITIVE MOTIONS:** Any dispositive motion, except those under Fed. R. Civ. P. Rule 12(h)(2) or (3), shall be filed on or before **January 9, 2020.** All motions for summary judgment shall comply with Local Rules 7.1 and 56.1.

4. **DAUBERT MOTIONS:** All motions to strike expert designations or preclude expert testimony premised on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) shall be filed on or before **February 7, 2020.** Failure to file a <u>Daubert</u> motion by this deadline constitutes waiver of any argument based on <u>Daubert</u>. Note: this deadline does not apply to motions in limine related to expert witness testimony.

5. **MOTIONS TO AMEND PLEADINGS OR ADD PARTIES:** The parties shall amend all pleadings and add parties on or before **April 26, 2019.**

6. **EXPERT WITNESS DESIGNATIONS:** This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether the witness is specially retained to provide trial testimony. Each plaintiff shall designate any expert witness it intends to call at trial on or before **October 1, 2019.** Each defendant shall designate any expert witness it intends to call at trial on or before **November 1, 2019.** Any rebuttal expert witness, if any, shall be designated on or before **November 15, 2019**. At the time of designation, each party shall ensure compliance with Fed. R. Civ. P. 26(a)(2)(B).

7. **DISCOVERY CLOSURE DEADLINE:** All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before **December 10, 2019** ("Closure Date"). All discovery shall be completed, not simply submitted, on or before the Closure Date. Accordingly, discovery requests shall be served and depositions shall be scheduled in a manner that allows sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. Discovery shall not be conducted

after the Closure Date, except by order of the Court for good cause shown. Nothing contained herein shall excuse a party from the continuing obligation to update responses to discovery or to respond to discovery requests made before the Closure Date.

8. **CONTACT WITH COURT:** A party seeking a telephone conference for any purpose or information regarding practice in this division shall contact the Courtroom Deputy at Joella_Baldwin@mow.uscourts.gov or (816)512-5052.

9. **DISCOVERY DISPUTE PROCEDURE**: Should any discovery dispute arise, the parties are directed to comply with Local Rule 37.1. Absent full compliance with this rule, the Court will not entertain any discovery motion. A party seeking a telephone conference for discovery purposes shall direct the inquiry to the Courtroom Deputy.

   a. **POSITION LETTER**: At least **three (3) days before** any discovery dispute conference or hearing, counsel for each party shall submit a Position Letter by email to the Courtroom Deputy. All Position Letters will be kept confidential.

      i. **The Position Letter must not exceed one (1) page and shall not include any attachments or exhibits. The Position Letter should be typed in 12-point Arial font and have one-inch margins.**

      ii. The Position Letter shall describe the underlying facts of the dispute, the party's arguments relative to the dispute, and a discussion of the opposing party's anticipated arguments.

   b. To ensure candor, the Position Letter shall <u>not</u> be filed with the Court nor shared with opposing counsel; rather, each letter shall be send to the Courtroom Deputy by PDF email attachment.

3

Case 5:18-cv-06147-BCW   Document 41   Filed 01/10/19   Page 3 of 12

**10.     ORAL ARGUMENT:** A party may request oral argument relative to a motion, consistent with L.R. 7.0(e). The Court may grant such a request if the subject motion relates to the case's merits, and the Court's calendar can accommodate a hearing. In the event the Court grants a request for oral argument, the Court strongly encourages the appearance of the attorney(s) who drafted the motion. As a matter of policy, the Court strongly encourages the participation of associate-level attorneys in all court proceedings, provided such appearances maintain the highest professional standards and are supervised by a more experienced attorney representing the same party.

**11.     MOTIONS TO DEPART FROM RULES:** The following motions shall be filed at least **three (3) days before** the deadline established by the Federal Rules of Civil Procedure or Local Rules:

   a. **Motion for Extension of Time (Fed. R. Civ. P. 6, 31, 33, 34, 36)** A motion for extension of time shall include:

       i. the date when the pleading, response, or other action is/was first due;

       ii. the number of previous extensions and the date the last extension expires;

       iii. the cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

       iv. whether opposing counsel consents or objects to the requested extension. Note: lack of objection from opposing counsel is not binding on the Court.

   b. **Motion to Exceed the Page Limit (Local Rules 7.0, 56)** A motion to exceed the page limitation shall include:

       i. the number of previous requests for leave to exceed the page limits throughout the course of the litigation;

ii. the particular reason for the request for leave, including why the action due cannot be completed within the allotted page limit; and

iii. whether opposing counsel consents or objects to the requested extension. Note: lack of objection from opposing counsel is not binding on the Court.

12. **FINAL PRETRIAL CONFERENCE PREPARATION:** The final pretrial conference will include discussion of the disposition of any pending motion, any legal question requiring resolution before trial, the trial schedule and duration, voir dire procedure, the size of the jury panel, any special equipment, any suggestions to simplify or expedite the trial, and the status and likelihood of settlement.

   a. Each party shall complete the following at least **ten (10) business days before** the Final Pretrial Conference:

      i. File any motion in limine;

      ii. File and serve witness list; and

         a. Failure to list a witness will preclude that witness's testimony for any purpose other than unanticipated rebuttal or impeachment.

      iii. Serve deposition designations on the opposing party.

         a. An asserting party that intends to use any deposition at trial shall identify and serve a designation by line and page number to the opposing party using a distinctive highlighting color.

   b. Each party shall complete the following at least **five (5) business days before** the Final Pretrial Conference:

      i. Serve counter deposition designations and objections on the asserting party. Counter-designations shall be identified by contrasting highlighting

5

color. Objections to the asserting party's designations shall be identified by a third highlighting color.

c. Each party shall complete the following at least **three (3) business days before** the Final Pretrial Conference:

   i. Provide copies of the deposition designations, counter-designations, and objections to the Court;

   ii. File any response to a motion in limine;

   iii. File a joint stipulation of uncontroverted facts;

      a. If there are none, the parties shall file a joint statement to that effect.

   iv. File and serve list of all exhibits which might be offered at trial;

      a. Each exhibit shall be designated as "Plaintiff's" or "Defendant's," numbered with an Arabic numeral, and described. Each party shall number their exhibits in chronological order. Each party's numbering scheme shall be distinct from that of the opposing party, i.e. Plaintiff's Exhibit 1; Defendant's Exhibit 501. If an exhibit is listed, it must be marked.

      b. If an exhibit is more than one page or part, that should be noted in the description. It is not necessary to list exhibits that will be used only for impeachment or rebuttal purposes.

      c. No exhibit will be received in evidence which is not listed by the counsel offering the exhibit, except by leave of Court for good cause shown.

- **v.** File a stipulation setting forth those exhibits for which the identity and authenticity is not contested; and
- **vi.** Provide an exhibit index to the Courtroom Deputy on the form provided by the Clerk's Office.

13. **JURY TRIAL PREPARATION:** Court convenes at 9:00 a.m. **Counsel shall be in the courtroom each day of the trial not later than 8:30 a.m.** The parties may expect morning, lunch, and afternoon breaks at appropriate times as determined by the Court.

   - **a.** The parties shall complete the following at least **ten (10) business days before** trial:
     - **i.** Submit, to the Courtroom Deputy by email, a joint set of proposed jury instructions without annotations;
       - **a.** Proposed instructions shall be in Word format, in 12-point Arial font, double-spaced with one-inch margins.
       - **b.** Each proposed instruction shall be separated by a "page-break".
     - **ii.** Submit, to the Courtroom Deputy by email, <u>and file</u> a joint set of proposed jury instructions with annotations including:
       - **a.** The authority on which the instruction is based;
       - **b.** Any alteration or deviation from the applicable pattern instruction, if any, including clear demarcation of the suggested change; and
       - **c.** Proposed language for filling in/removing any necessary bracket parenthetical in the text of the pattern instruction.

iii. File a **<u>Notice of Instruction Conference</u>**, certifying the parties' efforts to meet, confer, and draft the joint proposed jury instructions and providing:

   a. Which party objects to which instruction;

   b. The legal basis for the objection;

   c. The objecting parties' alternative instruction (on a separate page); and

   d. Any other instruction either party would like included, not otherwise agreed; and

iv. File a list of proposed questions or topics counsel wants included in the voir dire examination conducted by the Court.

b. At least **five (5) business days before** trial:

   i. A party seeking to do so may file a trial brief setting forth the factual and legal contentions upon which the party's case theory is based.

   ii. The parties shall provide to the Courtroom Deputy an agreed statement to be read to the jury panel before voir dire, setting forth the background of the case and the claims to be asserted.

   iii. A party with any objection to the opposing party's proposed voir dire questions or topics shall file an indication of that objection.

14. **TRIAL RULES AND PROCEDURE:**

   a. Counsel table – Only attorneys and participants sitting at counsel table at the beginning of voir dire will be permitted to sit at counsel table at any point throughout the trial.

b. Decorum – Except under extraordinary circumstances, counsel and others shall stand as Court is opened, recessed, or adjourned; as the jury enters and retires from the courtroom; as he or she addresses the Court or is addressed by the Court; and as he or she examines a witness. (L.R. 83.3). Counsel shall not lean into or otherwise encroach on the jury's space and shall not place papers or his or her hands on the railing of the jury box. All counsel and parties appearing shall be dressed appropriately. No food or drink is allowed in the courtroom, except for water in the cups provided.

c. Professionalism – Counsel shall address all remarks, with the exception of witness examination, to the Court and not to opposing counsel, and shall avoid any disparaging remarks, especially those of a personal nature. Counsel shall treat adverse witnesses and parties with fairness and consideration. No abusive language or offensive personal references will be tolerated. Visible physical reactions to witness's testimony, counsel's presentation, or Court rulings are inappropriate. Counsel shall not converse among each other or with a client in a manner that may be overheard.

d. Voir dire - The Court will conduct voir dire with reference to the parties' proposed questions and topics. Thereafter, counsel may be afforded an opportunity to pose follow-up or clarifying questions to the panel. After questioning, the panel will be excused and each side may move to strike for cause.

e. Opening / Closing Statements - Absent good cause shown, any opening statement shall not exceed thirty (30) minutes. The duration of closing arguments will be

established during the jury instruction conference after the presentation of evidence. Instructions will be read to the jury before closing arguments.

   **f.** Objections - When making an objection, counsel should say only "objection," plus the legal reason for the objection (i.e., leading, hearsay, etc.). If objecting counsel seeks to explain the objection or if opposing counsel seeks to defend against the objection, counsel shall request leave to approach the bench. Objections to evidence should be made only by counsel handling the witness. Objections during opening statements or closing arguments should be made only by counsel making the opening statement or closing argument.

   **g.** Witness Testimony - Witness interrogation shall consist of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted, except by leave of Court in extraordinary circumstances.

       **i.** Only one counsel per side may examine a witness.

       **ii.** Counsel shall request permission from the Court to approach a witness for a legitimate purpose. Once permission is granted, counsel may approach the witness without requesting subsequent specific permission.

       **iii.** Counsel may, but is not required to, use the podium provided when questioning a witness. In the event counsel declines to use the podium, a witness will be questioned only from a reasonable distance.

       **iv.** After counsel questions an expert witness about his or her qualifications, counsel shall <u>not</u> ask the Court to declare the witness an expert.

v. Witnesses will remain in the witness chair for the duration of his or her testimony, unless leave of Court is granted. To the extent necessary and appropriate, the Court may permit a witness to temporarily stand to reference an exhibit, but in general, a witness will not be permitted to testify while standing in front of the jury.

vi. Witnesses who will be testifying from exhibits or about exhibits will be expected to have reviewed them before their testimony so as to avoid the need for the witness to take Court time to review the exhibit.

vii. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day.

h. Exhibits – Any exhibits for which admission is sought shall be marked and accurately reflected and described in the Exhibit Index.

i. All exhibits used at trial as part of a party's presentation of evidence, regardless whether the exhibit has been admitted, must remain available for use by other parties for the remainder of the trial.

ii. Exhibits will rarely be circulated to jurors. If counsel wants the jury to see an admitted exhibit during trial, such exhibit should be displayed in such a fashion that all jurors may view the exhibit at the same time (i.e., by projector).

iii. After the jury retires to consider its verdict, counsel for each party shall assemble all of their exhibits and keep them available.

    **iv.** After the jury is dismissed, counsel for each party must take possession of his or her exhibits from the Courtroom Deputy and sign the receipt at the bottom of the Exhibit List.

  **i.** Deliberations – Each juror will be provided with a copy of the jury instructions for use during deliberations. Counsel and the parties should remain in the courthouse and advise the Courtroom Deputy where they will be located while the jury is deliberating. After the jury returns its verdict, counsel should be prepared to indicate whether they would like the jury polled.

IT IS SO ORDERED.

DATED: <u>January 10, 2019</u>

                                                          /s/ Brian C. Wimes  
                                                          JUDGE BRIAN C. WIMES  
                                                          UNITED STATES DISTRICT COURT