# DAY DECLARATION EXHIBIT A

**DENNI O. DAY**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1.      VetPharm is, and has been since 2000, a contract research organization. It provides a full menu of clinical trial support services to pharmaceutical companies seeking approval for new veterinary medicines from the U.S. Food and Drug Administration ("FDA"). I, at all times since 2000, have served as VetPharm's president and chief executive officer. I have personal knowledge of the matters set forth below.

2.      On December 22, 2014, NewMarket Pharmaceuticals, LLC ("NewMarket"), a Delaware limited liability company, retained VetPharm to manage a clinical trial (also called a "study") of an investigational new animal drug to prevent and treat gastric ulcers in horses. The terms and conditions of that engagement were memorialized in a Master Services Agreement ("MSA") between the parties. The MSA contains a mandatory arbitration provision requiring that any dispute between the parties be resolved through binding arbitration before the American Arbitration Association ("AAA"). A copy of the MSA is attached as **Exhibit "A,"** redacted in all respects other than as to its requirement that the parties arbitrate their disputes.

3.      The FDA's Center for Veterinary Medicine subsequently required that NewMarket split that clinical trial into two separate trials, one to evaluate prevention of new ulcers (the "Prevention Study") and the other to evaluate treatment of existing ulcers (the "Treatment Study").

4.      VetPharm agreed to perform both studies and the parties executed a Project Addendum for each study. As the studies progressed, in accordance with the terms of the MSA, VetPharm invoiced NewMarket for all study costs according to the NewMarket-approved budgets and NewMarket-approved invoicing schedules for each study.

1

**EXHIBIT 1**

5.     Each invoice was detailed by line item and accompanied by complete supporting documentation.  Each invoice also was accompanied by a schedule, detailed by line item, comparing actual study costs against budgeted costs so that NewMarket was fully informed, on a monthly basis, regarding the current financial status of each study.

6.     Almost from the beginning of each study, NewMarket failed to pay VetPharm's invoices within the 30-day payment terms stipulated in the MSA and the respective Project Addendum for each study.

7.     When VetPharm questioned NewMarket about its past-due invoices and when they would be paid, NewMarket repeatedly assured VetPharm that payment would be made as soon as NewMarket received its investor funding.  As the delays in payment increased, and as the amount outstanding grew, VetPharm began pressing harder for the reasons for the delay.  I came to suspect that NewMarket planned to pay as little as possible, as late as possible, in hopes of wearing VetPharm down and receiving the deliverables for the completed studies for substantially less than the agreed price.

8.     By March 2016, NewMarket had failed to pay over $900,000 in VetPharm invoices for completed work, and VetPharm no longer had resources to pay out-of-pocket for expenses that NewMarket was contractually obligated to reimburse.  At that point, VetPharm stopped all work on both studies.

9.     Patrick Niland, VetPharm's Executive Vice President and Chief Financial Officer, and I called Mark Ridall, president of NewMarket, at 4:00 p.m. on March 1, 2016 to discuss the delinquent payments.  During this call, Mr. Ridall volunteered that the investors included Kevin (no last name and no company affiliation), Patterson, MWI, ABC Corporation, and Schein.  I

interpreted this investor information as Mr. Ridall's attempt to assure VetPharm that NewMarket's investors were substantial companies and that funding would be received shortly.

10.     I was not familiar with most of these companies, although I previously had seen advertisements for Schein in veterinary publications.

11.     On March 8, 2016, Bryan Ridall called me at 5:12 p.m. to discuss NewMarket's delay in paying VetPharm's invoices. He said that he had spoken with Kevin Speltz, mentioned Kevin's affiliation with Clipper Distributing Company, and noted that Kevin was the president of the investor group.

12.     My understanding, based on my prior conversations with Mr. Ridall, was that NewMarket's other investors were veterinary distribution companies. Between March 8 and March 15, 2016, I conducted Google and LinkedIn searches that identified two other veterinary distribution companies that I thought could be NewMarket investors, as well as the name and contact information of each company's president.

13.     During the morning of March 15, 2016, I called the following company presidents: Kevin Speltz, Francis Dirksmeier, John Cleary, Steve Collis, Guy Flickinger, John Adent, and George Henriques. Because I could not reach any of them, I left a voice mail message for each one.

14.     At or around 12:00 p.m. on March 15, 2016, I sent emails to six of the seven company presidents explaining why I sought to contact them. I was not able to find the email address for George Henriques.

15.     I later learned from David Rock, NewMarket's vice president of research and development, that the investors had given NewMarket $4,000,000. This new information convinced me that NewMarket had misrepresented its reasons for non-payment.

3

16.     My calls and emails eventually led to NewMarket wiring VetPharm $949,619.13 on May 17, 2016 in full payment of the then-outstanding invoices.

17.     NewMarket then directed VetPharm to resume work on the Treatment Study but not on the Prevention Study.

18.     From June through November of 2016, VetPharm continued its work on the Treatment Study, performing final visits at all of the study sites, preparing the draft study report, and preparing for and conducting a case-review teleconference with the FDA (attended, in VetPharm's office, by David Rock and Bryan Ridall).

19.     Despite VetPharm's diligent resumption of work on the Treatment Study, NewMarket resumed its pattern of late and non-payment, coupled with repeated assurances of imminent payment pending new investor funding.

20.     By February 2017, the outstanding balance of VetPharm's unpaid invoices exceeded $400,000.  VetPharm again stopped all study work and, on March 8, 2017, commenced an arbitration proceeding with AAA.  Attached as **Exhibit "B"** is a copy of VetPharm's initial claim (without its attached exhibit).

21.     NewMarket responded by commencing an action in the United States District Court for the District of New Jersey.  It sought to allege claims against VetPharm and me personally.  The claim against me related to my contacts with the investors described above.  The claim against VetPharm arose from VetPharm's alleged breach of the MSA.  NewMarket sought preliminary relief in the nature of an order directing VetPharm to deliver to NewMarket the study data it had collected during the Treatment Study.

22.     The court denied NewMarket's requested preliminary relief and accepted VetPharm's opposing request that NewMarket be compelled to arbitrate its claims.  The court's

4

decision was filed under seal. Its resulting order so directing NewMarket is attached as **Exhibit "C"**.

23.     Attached hereto as **Exhibit "D"** is a copy of a summary invoice prepared for VetPharm outlining the various charges and credits associated with the arbitration proceeding commenced by VetPharm. Attached hereto as **Exhibit "E"** is a copy of a similar summary invoice for NewMarket sent to VetPharm by the AAA. As is apparent from these documents, NewMarket failed to pay invoices issued by the AAA, which totaled $49,970. The only credit appearing on the invoice to NewMarket was the reversal of the "Final Fee" in the amount of $7,000, which reversal also appears on VetPharm's invoice. The AAA administrator for the proceeding agreed to reverse the "Final Fee" for each party because the arbitration never concluded.

24.     According to these documents and communications with the AAA administrator, NewMarket never filed a fee to institute any counterclaim against VetPharm.

25.     Ultimately, the AAA informed VetPharm that the proceedings to enforce VetPharm's claims would require payment of the amounts charged to NewMarket, even if that payment was sourced from VetPharm. Based on such information, VetPharm determined with its counsel that it was unwilling to pay both sets of fees for the privilege of pursuing its claims for payment. Accordingly, on October 24, 2017, counsel for VetPharm notified the AAA that VetPharm was withdrawing its claim in the arbitration.

26.     At no time has VetPharm ever agreed to waive its rights under either the MSA or under the New Jersey District Court's order to compel NewMarket to arbitrate any claims it has. VetPharm has continued its position in the litigation before the New Jersey District Court that NewMarket is confined to arbitration for resolution of its claims.

Dated: October 31, 2018

_Denni O. Day_
Denni O. Day

# EXHIBIT A

## MASTER SERVICES AGREEMENT

This MASTER SERVICES AGREEMENT (the "Agreement"), by and between VetPharm, Inc., a New York corporation, with its principal executive office located at 349 West Commercial Street, Suite 2200, East Rochester, New York 14445 ("VetPharm") and NewMarket Pharmaceuticals, LLC, a Delaware company with its principal executive office at 621 Executive Drive, Princeton, New Jersey 08540 ("NewMarket") (individually, a "Party" and, collectively, the "Parties") shall become effective on the last date entered below (the "Effective Date").

WHEREAS, ███████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████ and

WHEREAS, ████████████████████████████████████████████
███████; and

WHEREAS, ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████; and

WHEREAS, ████████████████████████████████████████████
███████████

NOW, THEREFORE, ███████████████████████████████████████
███████

1.   ████████

     ██ ███████████████████████████████████████████████
     ████████████████████████████████████████████████████
     ████████████████████████████████████████████████████
     ████████████████████████████████████████████████████
     ████████████████████████████████████████████████████
     ████████████████████████████████████████████████████
     ████████████████

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

11.11  <u>Arbitration</u>.  Except for disputes regarding breaches of Section 5 and the right to pursue the remedies set forth in Section 5.6 above, the Parties hereby agree to submit any dispute arising hereunder to binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association.  The decision of the arbitrator or arbitration panel shall be final and binding upon the Parties and shall be enforceable by any court of competent jurisdiction.

[REMAINDER OF THIS PAGE INTENTIONALLY BLANK]

[NEXT PAGE IS SIGNATURE PAGE]

IN WITNESS THEREOF, this Agreement has been executed and delivered by the Parties by their duly authorized officers.

**NEWMARKET PHARMACEUTICALS, LLC**          **VETPHARM, INC.**

By: _____          By: _____

Name: David W. Rock, PhD          Name: Denni Q. Day

Title: Vice President          Title: President / CEO

Date: 22 DEC 2014          Date: 22 DEC 2014

# EXHIBIT B



**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

*For Consumer or Employment cases, please visit **www.adr.org** for appropriate forms.*

---

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

| | | | | | |
|---|---|---|---|---|---|
| Name of Respondent: NewMarket Pharmaceuticals, LLC | | | Name of Representative (if known): David W. Rock (Vice President) | | |
| Address: 4 Pitcairn Avenue Suite 4 | | | Name of Firm (if applicable): | | |
| | | | Representative's Address: 34800 Woods Crossing Road | | |
| City: Trenton | State: NJ | Zip Code: 08628 | City: California | State: MO | Zip Code: 65018 |
| Phone No.: | Fax No.: | | Phone No.: 9089381921 | Fax No.: | |
| Email Address: dave@newmarketpharma.com | | | Email Address: | | |

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

VetPharm, Inc. seeks recovery of amounts due for invoices duly issued to NewMarket Pharmaceuticals, LLC pursuant to the Master Services Agreement, and Project Addendums, in place between the parties, for services rendered by VetPharm, Inc.

| | |
|---|---|
| Dollar Amount of Claim: $ 413,250.92 | Other Relief Sought:<br>☑ Attorneys Fees ☑ Interest ☑ Arbitration Costs<br>☐ Punitive/ Exemplary ☐ Other |

Amount enclosed: $ 4,000     In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

VetPharm, Inc. requests that the arbitrator have knowledge of pharmaceutical product development, clinical trial management, clinical research organizations, FDA regulations, electronic data capture (EDC), and biostatistical analysis.

Hearing locale: Rochester, New York     *(check one)* ☑ Requested by Claimant ☐ Locale provision included in the contract

| | |
|---|---|
| Estimated time needed for hearings overall:<br>    hours or 2     days | Type of Business: Claimant: Contract Research Organization<br>    Respondent: Veterinary Pharmaceutical Products Provider |

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other? no

Signature (may be signed by a representative): *Jennifer Schauerman* Date: 3/8/17

| | | | | | |
|---|---|---|---|---|---|
| Name of Claimant: VetPharm, Inc. | | | Name of Representative: Jennifer M. Schauerman, Esq. | | |
| Address (to be used in connection with this case): 349 West Commercial Street Suite 2200 | | | Name of Firm (if applicable): Woods Oviatt Gilman LLP | | |
| | | | Representative's Address: 700 Crossroads Building 2 State Street | | |
| City: East Rochester | State: NY | Zip Code: 14445 | City: Rochester | State: NY | Zip Code: 14614 |
| Phone No.: 5852491090 | Fax No.: 5852491091 | | Phone No.: 5859872893 | Fax No.: 5859872993 | |
| Email Address: dday@vetpharm.com | | | Email Address: jschauerman@woodsoviatt.com | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. At the same time, send the original Demand to the Respondent.

*Please visit our website at www.adr.org if you would like to file this case online. AAA Case Filing Services can be reached at 877-495-4185.*

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NEWMARKET PHARMACEUTICALS, LLC,

               Plaintiff,

               v.

VETPHARM, INC., et al.,

               Defendants.

Civil Action No. 17-1852 (MAS) (TJB)

**ORDER**

This matter comes before the Court on the application of Plaintiff NewMarket Pharmaceuticals, LLC ("Plaintiff") for an order to show cause with regard to a temporary restraining order ("TRO") and preliminary injunction, which seeks an order from the Court requiring Defendants VetPharm, Inc. ("VetPharm"), Denni O. Day ("Day"), and Prelude Dynamics, LLC (collectively, "Defendants") to "immediately provide NewMarket access to all information, data and records related to the Agreement and the Treatment Study." (ECF No. 7.) Plaintiff further seeks a hearing to determine the merits of its application for a preliminary injunction and requests that the Court temporarily restrain Defendants until the hearing takes place. (*Id.*) Defendants VetPharm and Day opposed and moved to stay the action and to compel arbitration (ECF No. 16), and Plaintiff replied with regard to its own application and opposed VetPharm and Day's Motion (ECF No. 18). VetPharm and Day subsequently replied with regard to their Motion to Compel Arbitration. (ECF No. 19.) The Court has carefully considered parties' submissions and heard oral argument on March 31, 2017. For the reasons set forth in the accompanying Memorandum Opinion, and for other good cause shown,

**IT IS** on this 5th day of April 2017, **ORDERED** that:

1.    Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 7) are DENIED.

2.    VetPharm and Day's Motion to Compel Arbitration and Stay Action (ECF No. 16) is GRANTED.

3.    The instant action is stayed pending completion of arbitration.

4.    As the Court's Memorandum Opinion references materials filed under seal, the Memorandum Opinion shall be filed under Temporary Seal pending resolution of Plaintiff's Motion to Seal. (ECF No. 11.)


_Mashipp_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT D



AMERICAN
ARBITRATION
ASSOCIATION®  |  INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

1301 Atwood Avenue
Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

| Statement Date | Amount Currently Due |
|---|---|
| 30-Oct-17 | $0.00 |
| Case # | |
| 01-17-0001-4888-1-BC | |

Payment is due upon Receipt

# Summary Invoice/Statement

Christopher D. Thomas, Esq.
Nixon Peabody, LLP
1300 Clinton Square
Rochester, NY 14604-1792

Representing: VetPharm, Inc.
Re: VetPharm, Inc.
Vs.
NewMarket Pharmaceuticals, LLC

**Please detach and return with Payment to Above Address**

**Please Indicate Case No. on Check**

---



AMERICAN
ARBITRATION
ASSOCIATION®  |  INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

1301 Atwood Avenue
Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

Christopher D. Thomas, Esq.
Nixon Peabody, LLP
1300 Clinton Square
Rochester, NY 14604-1792

Representing: VetPharm, Inc.
Re: VetPharm, Inc.
Vs.
NewMarket Pharmaceuticals, LLC

**Activity since Last Statement**

| Statement Date | Case # | Previous Balance | Credits | New Charges | Statement Balance |
|---|---|---|---|---|---|
| 30-Oct-17 | 01-17-0001-4888 | $51,625.00 | $51,625.00 | $0.00 | $0.00 |

| Date | Ref # | Description | Amount | Credits | Balance | Due Date |
|---|---|---|---|---|---|---|
| 13-Oct-2017 | 12060944 | Arbitrator's Compensation for incurred time due now | $2,681.25 | $2,681.25 | $0.00 | 13-Oct-2017 |
| 26-Jun-2017 | 12000059 | Expenses to be reimbursed to Arbitrator due on or before August 25, 2017 | $2,000.00 | $2,000.00 | $0.00 | 25-Aug-2017 |
| 26-Jun-2017 | 12000050 | Your Share of the Neutral Compensation Deposit covering 120 hrs. @ $390/hr. for Post-Hearing due on or before August 25, 2017 | $23,400.00 | $23,400.00 | $0.00 | 25-Aug-2017 |
| 26-Jun-2017 | 12000034 | Your Share of the Neutral Compensation Deposit covering 70 hrs. @ $390.hr. for Hearing Time due on or before August 25, 2017 | $13,650.00 | $13,650.00 | $0.00 | 25-Aug-2017 |
| 26-Jun-2017 | 12000029 | Your Share of the Neutral Compensation Deposit covering 25 hrs. @ $390/hrs. Pre-Hearing Study Time due on or before July 14, 2017 | $4,875.00 | $4,875.00 | $0.00 | 14-Jul-2017 |
| 26-Jun-2017 | 12000022 | Your Share of the Neutral Compensation Deposit covering 25 hrs. @ $390/hrs. Pre-Hearing Study Time due on or before June 26, 2017 | $4,875.00 | $4,875.00 | $0.00 | 26-Jun-2017 |
| 23-Jun-2017 | 11999782 | Final Fee | $7,700.00 | $7,700.00 | $0.00 | 23-Jun-2017 |
| 08-Jun-2017 | 11991437 | Your Share of the Neutral Compensation Deposit covering 6 hours for Preliminary Matters @ $390/hr. due on or before June 22, 2017. | $1,170.00 | $1,170.00 | $0.00 | 22-Jun-2017 |
| 22-May-2017 | 11982323 | Fee for Increased Claim | $3,000.00 | $3,000.00 | $0.00 | 22-May-2017 |
| 19-May-2017 | 11981878 | Fee for Increased Claim | $18,527.03 | $18,527.03 | $0.00 | 19-May-2017 |
| 15-Mar-2017 | 11942961 | Initial Administrative Fee | $4,000.00 | $4,000.00 | $0.00 | 15-Mar-2017 |

Remarks    For any inquiries please call: (401)431-4774

| Statement Balance | Balance Currently Due |
|---|---|
| $0.00 | $0.00 |

\* Indicates Bill Line Amount has been deferred,
as per agreement, and is not currently due

# EXHIBIT E



AMERICAN ARBITRATION ASSOCIATION®  INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1301 Atwood Avenue
Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

| Statement Date | Amount Currently Due |
|---|---|
| 20-Sep-17 | $49,970.00 |
| Case # | |
| 01-17-0001-4888-2-BC | |

Payment is due upon Receipt

# Detail Invoice/Statement

Robert M. Pollaro, Esq.
Cadwalader Wickersham & Taft, LLP
200 Liberty Street
1 World Financial Center
New York, NY 10281

Representing: NewMarket Pharmaceuticals, LLC
Re: VetPharm, Inc.
Vs.
NewMarket Pharmaceuticals, LLC

**Please detach and return with Payment to Above Address**　　　　　**Please Indicate Case No. on Check**

------------------------------------------------------------------------------------------------

AMERICAN ARBITRATION ASSOCIATION®  INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1301 Atwood Avenue
Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0234

Robert M. Pollaro, Esq.
Cadwalader Wickersham & Taft, LLP
200 Liberty Street
1 World Financial Center
New York, NY 10281

Representing: NewMarket Pharmaceuticals, LLC
Re: VetPharm, Inc.
Vs.
NewMarket Pharmaceuticals, LLC

**Activity since Last Statement**

| Statement Date | Case # | Previous Balance | Credits | New Charges | Statement Balance |
|---|---|---|---|---|---|
| 20-Sep-17 | 01-17-0001-4888 | $49,970.00 | $0.00 | $0.00 | $49,970.00 |

| Date | Ref # | Description | Amount | Credits | Balance | Due Date |
|---|---|---|---|---|---|---|
| 26-Jun-2017 | 12000060 | Expenses to be reimbursed to Arbitrator due on or before August 25, 2017 | $2,000.00 | | $2,000.00 | 25-Aug-2017 |
| 26-Jun-2017 | 12000051 | Your Share of the Neutral Compensation Deposit covering 120 hrs. @ $390/hr. for Post-Hearing due on or before August 25, 2017 | $23,400.00 | | $23,400.00 | 25-Aug-2017 |
| 26-Jun-2017 | 12000035 | Your Share of the Neutral Compensation Deposit covering 70 hrs. @ $390/hr. for Hearing Time due on or before August 25, 2017 | $13,650.00 | | $13,650.00 | 25-Aug-2017 |
| 26-Jun-2017 | 12000030 | Your Share of the Neutral Compensation Deposit covering 25 hrs. @ $390/hrs. Pre-Hearing Study Time due on or before July 14, 2017 | $4,875.00 | | $4,875.00 | 14-Jul-2017 |
| 26-Jun-2017 | 12000023 | Your Share of the Neutral Compensation Deposit covering 25 hrs. @ $390/hrs. Pre-Hearing Study Time due on or before June 26, 2017 | $4,875.00 | | $4,875.00 | 26-Jun-2017 |
| 23-Jun-2017 | 11999781 | Final Fee | $7,700.00 | | $0.00 | 23-Jun-2017 |
| 11-Aug-2017 | | Cancel | | $7,700.00 | | |
| 08-Jun-2017 | 11991438 | Your Share of the Neutral Compensation Deposit covering 6 hours for Preliminary Matters @ $390/hr. due on or before June 22, 2017. | $1,170.00 | | $1,170.00 | 22-Jun-2017 |
| 08-Jun-2017 | 11991262 | Administrative Fee for | $7,000.00 | | $0.00 | 08-Jun-2017 |



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1301 Atwood Avenue
Suite 211N
Johnston, RI 02919
Telephone: (866)293-4053
Fax: (866)644-0204

| Statement Date | Amount Currently Due |
|---|---|
| 20-Sep-17 | $49,970.00 |
| Case # | |
| 01-17-0001-4888-2-BC | |

Payment is due upon Receipt

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Counterclaim | | | | |
| 11-Aug-2017 | | Cancel | | $7,000.00 | | |

**Remarks**    For any inquiries please call: (401)431-4774

     * Indicates Bill Line Amount has been deferred,
     as per agreement, and is not currently due

| Statement Balance | Balance Currently Due |
|---|---|
| $49,970.00 | $49,970.00 |

**Please mail check to**    1301 Atwood Avenue
     Suite 211N
     Johnston, RI 02919
     Telephone: (866)293-4053
     Fax: (866)644-0204

Due dates for future deposits are indicated on the invoice line
which may result in a statement balance that differs from the
amount currently due.

Please indicate Case # on check.

American Arbitration Association EIN : 13-0429745

**Pay PIN:** 10843832

To pay with a credit card online, go to www.adr.org, click on "File
or Access your Case" and then select "Quick Pay an Invoice".

Corporate Address
American Arbitration Association
120 Broadway
21st Floor
New York, NY 10271