# FOSS DECLARATION EXHIBIT 4



**WALSH PIZZI O'REILLY FALANGA**

One Riverfront Plaza
1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

February 11, 2019

**VIA ECF**
Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re: *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc. et al.*
> <u>Civil Action No. 3:17-cv-01852-MAS-TJB</u>

Dear Judge Shipp:

We write in response to the Court's December 12, 2018 Order requiring the parties to submit to arbitration by Tuesday February 12, 2019 (ECF No. 101). Late Friday, VetPharm informed NewMarket for the first time that it would not be refiling for arbitration – despite twice having vehemently demanded that this Court stay the present action in favor of VetPharm's previously-filed arbitration (Case 01-17-0001-4888) (the "Arbitration"). Since the Court's Order was issued, VetPharm had been telling NewMarket for months that it would attempt to revive its previously-filed Arbitration, and if not permitted to do so would refile for a new arbitration. *See*, correspondence between NewMarket and VetPharm attached hereto as Exhibit A. The AAA informed VetPharm that it could not revive the Arbitration and would have to file anew.

NewMarket believes that VetPharm will be in breach of the Court's Order by refusing to refile or "complete" its arbitration and respectfully asks the Court for an emergency clarification so that the parties may proceed in an appropriate manner. VetPharm's belated and misleading conduct has necessitated this urgent request.

The Court's December 12, 2018 Order was clear: the Court reinstated the stay pending the parties' completion of arbitration pursuant to the Court's April 5, 2017 Order compelling arbitration. (ECF No. 22.). Notwithstanding VetPharm's arguments to the contrary, NewMarket fully participated in the Arbitration before it was withdrawn by VetPharm. VetPharm's only complaint with respect to NewMarket's conduct in the arbitration was that NewMarket could not afford to pay any fees associated with the arbitration. However, the AAA Rules are clear that nonpayment any fees will never preclude defense to a claim: "In no event, however, shall a party be precluded from defending a claim or counterclaim." AAA Commercial Arbitration Rules and Mediation Procedures R57(b) attached hereto as Exhibit B. So even arguendo VetPharm was correct that NewMarket's counterclaims were not part of the Arbitration, the AAA rules make clear that NewMarket fully participated in the Arbitration by defending itself against VetPharm's claims. By refusing to file for arbitration VetPharm is effectively willing to waive any and all claims against NewMarket.

Honorable Michael A. Shipp, U.S.D.J.
February 11, 2019
Page 2

      NewMarket's position is simple, according to this Court's Order, if VetPharm refuses to file for arbitration - as it has twice demanded - then the instant action should proceed.  This result is particularly warranted now that NewMarket has since filed for the appointment of a liquidating trustee and to dissolve (MER-C-1-19) (the "Insolvency Action").  VetPharm's refusal to refile its previously withdrawn arbitration constitutes a material breach of the arbitration requirement rendering resolution of all disputes in the district court appropriate.  *See e.g. Roach v. BM Motoring, LLC*, 2017 WL 931430 (N.J. Mar. 9, 2017), *See also, Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003); *Sanderson Farms, Inc. v. Gatlin*, 848 So.2d 828 (Miss. 2003).  VetPharm's actions make clear that it never had any intention with returning to arbitration – no reasonable party would withdraw an arbitration if it believed that the opposing party had no counterclaims against it.

      We thank the Court for its continued attention to this matter, and are available should Your Honor or Your Honor's staff require anything further or have any questions.

      Respectfully submitted,

      *s/Joel A. Pisano*

      Joel A. Pisano

Enclosures
cc:    All Counsel of Record (via ECF and E-mail)