# FOSS DECLARATION EXHIBIT 5

# HARRIS BEACH PLLC
ATTORNEYS AT LAW

February 13, 2019

SUITE 2500
ONE GATEWAY CENTER
NEWARK, NJ 07102
(973) 848-1244

**VIA ECF**

KELLY JONES HOWELL

DIRECT:   (212) 912-3652
FAX:   (212) 687-0659
KHOWELL@HARRISBEACH.COM

Honorable Michael A. Shipp
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

      Re:   *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc., et al.*,
             Civil Action No. 3:17-cv-01852-MAS-TJB

Dear Judge Shipp:

     I am counsel for defendants VetPharm, Inc. and Denni O. Day (collectively, "VetPharm") in the referenced action.  I submit this letter in response to the letter filed on February 11, 2019, by counsel for plaintiff NewMarket Pharmaceuticals, LLC ("NewMarket") (ECF Doc. No. 103), requesting "emergency clarification" of this Court's order dated December 12, 2018 (ECF Doc. No. 101).  For the reasons set forth below, VetPharm submits that no such clarification is needed and that NewMarket's application is now moot.

     The Court's December 12 order provided that "[t]he Parties shall return to arbitration by February 12, 2019," and that "if NewMarket fails to comply with the Court's order requiring the parties to submit to arbitration within sixty days," then VetPharm could renew its motion to dismiss this action (ECF Doc. No. 101).  In a letter dated February 6, 2019, NewMarket took the position that VetPharm was responsible for initiating an arbitration proceeding with AAA.[1]  VetPharm responded by letter dated February 8, 2019, explaining its position that the onus was on NewMarket, as the claimant, to file a demand for arbitration.[2] (NewMarket inexplicably chose not to submit to the Court copies of the letters that prompted its "emergency clarification" motion.)

---

[1]   A copy of the December 6, 2018 letter from NewMarket's counsel is attached as **Exhibit A** to this letter.

[2]   A copy of the December 8, 2018 letter from VetPharm's counsel is attached as **Exhibit B** to this letter.

Honorable Michael A. Shipp, U.S.D.J.
February 13, 2019
Page 2

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

NewMarket's application is now moot. Yesterday, NewMarket purported to initiate an arbitration proceeding with AAA by filing a demand for arbitration.[3] NewMarket did not, however, pay the administrative filing fee required by AAA. Despite the fact that it is still represented by the white-shoe law firm of Cadwalader Wickersham & Taft LLP, NewMarket has claimed an exemption from the filing fee for "extreme hardship" under Rule 53 of the AAA Commercial Arbitration Rules. It is unclear at this time whether AAA will accept NewMarket's claimed hardship exemption and whether it will consider the arbitration proceeding to be properly filed. If it does, VetPharm is fully prepared to participate in the arbitration and will submit an answer (together with any counterclaim that it may assert) in compliance with AAA's Rules. If AAA rejects NewMarket's filing, and if NewMarket thereafter declines to pay the requisite filing fee, then VetPharm may make an appropriate application to this Court seeking dismissal of this action due to NewMarket's failure to arbitrate its claim.

In all events, there is no basis for NewMarket's suggestion that VetPharm has waived any claim that it may assert, or that VetPharm has otherwise acted inconsistent with its rights to demand arbitration. The cases cited by NewMarket do not support its position. VetPharm withdrew its earlier arbitration claim when NewMarket refused to pay its share of the fees, and does not read this Court's earlier order as foreclosing it from re-filing its claims in arbitration should NewMarket become other than impecunious within the period of the statute of limitations on its claim for payment. VetPharm has been—and remains—ready, willing, and able to participate in any arbitration initiated by NewMarket and to pay VetPharm's share of the arbitrator's fees.

We thank the Court for its attention to this matter.

Respectfully submitted,

HARRIS BEACH PLLC

*/s/ Kelly Jones-Howell*

By:  Kelly Jones-Howell

KJH:dem

Copies:   All counsel of record (via ECF)

---

[3] A copy of NewMarket's demand for arbitration is attached as **Exhibit C** to this letter.

# EXHIBIT A

# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

February 6, 2019

**E-MAIL**

Douglas A. Foss
99 Garnsey Road
Pittsford, NY 14534
(585) 419-8800

Re:   NewMarket v VetPharm 3:17-cv-01852-MAS-TJB

Dear Douglas:

The Court's February 12, 2019 deadline to submit to arbitration is fast approaching.  Based on our prior conversations you have informed me that VetPharm is considering its options after being informed by the AAA that original arbitration could not be revived and that VetPharm would therefore have to file a new arbitration.  Since we last spoke, NewMarket has filed an action to appoint a liquidating trustee and to dissolve (MER-C-1-19).  To the extent VetPharm re-files for arbitration it will seek protection under the appropriate AAA Rules regarding any fees or expenses associated with the arbitration.  *See, e.g.* AAA Commercial Arbitration Rules and Mediation Procedures R-53 and R57. In the event that VetPharm does not re-file for arbitration NewMarket will seek to pursue its claims against VetPharm in the district court.

Kindly let us know by the close of business Friday February 8, 2019 whether or not your client intends to re-file its arbitration against NewMarket in accordance with Judge Shipp's December 13, 2019 Order.

Regards,

/s/ Robert M. Pollaro

Robert M. Pollaro

**Robert Pollaro**   Tel (212) 504-6484   robert.pollaro@cwt.com

# EXHIBIT B

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

February 8, 2019

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

KYLE D. GOOCH
SENIOR COUNSEL
DIRECT:  (585) 419-8844
FAX:      (585) 419-8811
KGOOCH@HARRISBEACH.COM

**BY EMAIL**

Robert M. Pollaro, Esq.
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, New York  10281

Re:   NewMarket v. VetPharm, No. 3:17-cv-01852-MAS-TJB (D.N.J.)

Dear Robert:

I write in response to your letter dated February 6, 2019, concerning the Court-ordered deadline for the parties to return to arbitration.  Your letter suggests that (1) the burden is on VetPharm to initiate an arbitration proceeding and (2) that if VetPharm does not do so, NewMarket would then be free to pursue its claims against VetPharm in federal court.  Neither of these suggestions is correct.

The only pending claim for relief that is currently being asserted between the parties in any forum is NewMarket's affirmative claim for injunctive relief, which it has asserted in the above-captioned action in the U.S. District Court for the District of New Jersey.  While NewMarket has twice attempted to litigate that claim in federal court, both times the Court has issued an order compelling arbitration of the claim.  In the latest order, dated December 12, 2018, the Court ordered that "[t]he Parties shall return to arbitration by February 12, 2019."  (ECF Doc. No. 101, ¶ 4.)  Under Rule 4 of the AAA Commercial Arbitration Rules, an arbitration is initiated when the claimant—*i.e.*, the party seeking relief—files a Demand for Arbitration and pays the requisite administrative filing fee.  Thus, under the Court's order and AAA's rules, the onus is necessarily on NewMarket, as the party seeking relief, to initiate the arbitration proceeding.

NewMarket's argument that VetPharm is responsible for initiating the arbitration makes no sense.  VetPharm has no pending claim for relief in federal court.  Its only status is as a defendant to NewMarket's claim.  Nothing in the parties' submissions or the Court's decision suggests that the Court was somehow compelling VetPharm to assert an affirmative claim for monetary relief against NewMarket solely to facilitate the adjudication of NewMarket's claim for injunctive relief.[1]  Moreover, NewMarket's position is further belied by paragraph 5 of the Court's order, which provides that "if NewMarket fails to comply with the Court's order requiring the parties to submit to arbitration within sixty days," then VetPharm could renew its motion to dismiss.  (ECF Doc. No. 101, ¶ 5.)  That provision indicates that NewMarket, not VetPharm, is the party that must take steps to initiate the arbitration.

---

[1] VetPharm, of course, reserves its rights to pursue such a claim as a counterclaim to an arbitration initiated by NewMarket, or to initiate its own arbitration claim at any time within the applicable statute of limitations.

Robert M. Pollaro, Esq.
February 8, 2019
Page 2



      NewMarket has a choice.  It can choose to pursue its claim through arbitration before AAA, as required by the parties' Master Services Agreement, in which case it must commence an arbitration proceeding in accordance with the AAA Commercial Arbitration Rules.  Or it can abandon its claim altogether.  What NewMarket cannot do is refuse to arbitrate its claim and seek, for a third time, to have its claim heard in federal court.  VetPharm has a contractual and statutory right under the Master Services Agreement and the Federal Arbitration Act to compel arbitration, and it has never waived that right.

      Accordingly, by February 12, 2019, NewMarket must either (1) initiate an arbitration proceeding pursuant to Rule 4 of the AAA Commercial Arbitration Rules or (2) stipulate to a voluntarily dismissal of its federal court action pursuant to Rule 41(a)(1)(A)(ii).  If NewMarket does neither, and attempts to pursue its claim[2] in federal court in defiance of two court orders compelling arbitration, VetPharm will renew its motion to dismiss and will reserve its rights to seek recovery of its attorneys' fees as a sanction for NewMarket's frivolous litigation conduct.

      Please let me know if you have any questions concerning VetPharm's position.

                                   Very truly yours,

                                   /s/ *Kyle D. Gooch*

                                   Kyle D. Gooch

KDG:dem

---

[2] Any further attempt by NewMarket to seek a preliminary injunction would be futile.  We note that the Court has twice held that NewMarket failed to establish that it would suffer irreparable harm absent a preliminary injunction.  In addition, NewMarket has delayed in seeking relief in any forum in the eight weeks that have passed since the entry of the Court's December 12 order.  Such a lengthy, unexplained delay fatally undermines any assertion by NewMarket that it is at imminent risk of suffering irreparable harm absent a preliminary injunction. *See, e.g.*, *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("[D]elay alone may justify denial of a preliminary injunction ….").

# EXHIBIT C



**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

*For Consumer or Employment cases, please visit www.adr.org for appropriate forms.*

| |
|---|
| You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement. |
| Name of Respondent: VetPharm, Inc.<br><br>Address: 349 West Commercial Street Suite 2200 |

| City: East Rochester | State: New York | Zip Code: 14443 |
|---|---|---|
| Phone No.: 585.249.1090 | Fax No.: 585.249.1091 | |

| |
|---|
| Email Address: dday@vetpharm.com |
| Name of Representative (if known): Douglas Foss |
| Name of Firm (if applicable): Harris Beach PLLC |
| Representative's Address: 99 Garnsey Road |

| City: Pittsford | State: New York | Zip Code: 14534 |
|---|---|---|
| Phone No.: 585.419.8612 | Fax No.: 585.419.8801 | |

| |
|---|
| Email Address: dfoss@harrisbeach.com |
| The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration. |
| Brief Description of the Dispute:<br><br>NewMarket hired VetPharm to monitor clinical studies related to an animal pharmaceutical and to prepare a written report. VetPharm terminated the Agreement before completing the study or preparing any reports. NewMarket seeks recovery off all monies paid to VetPharm and any remedies entitled to in under the Parties Agreement or otherwise. |
| Dollar Amount of Claim: $ 1,758,000+ |
| Other Relief Sought: ☑ Attorneys Fees  ☑ Interest  ☑ Arbitration Costs  ☑ Punitive/Exemplary<br>☑ Other: Early Termination Charges as defined by the Parties' Agreement. |
| Amount enclosed: $ 0 (Administrative Fees Hardship Waiver Claimed)<br>In accordance with Fee Schedule: ☐ Flexible Fee Schedule  ☐ Standard Fee Schedule |
| Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:<br><br>NewMarket requests that the arbitrator have knowledge of pharmaceutical product development, clinical trial management, clinical research organizations, FDA regulations and electronic data capture. |
| Hearing locale: Trenton, NJ<br>(check one) ☑ Requested by Claimant  ☐ Locale provision included in the contract |
| Estimated time needed for hearings overall:             hours or  2             days |

*Please visit our website at www.adr.org if you would like to file this case online.*
*AAA Case Filing Services can be reached at 877-495-4185.*



**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

| | |
|---|---|
| Type of Business: | |
| Claimant: NewMarket Pharmaceuticals LLC | Respondent: VetPharm, Inc. |

| |
|---|
| Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other? |
| No |

| | |
|---|---|
| Signature (may be signed by a representative): /s/ Robert M. Pollaro | Date: February 12, 2019 |

| |
|---|
| Name of Claimant: NewMarket Pharmaceuticals LLC |

| |
|---|
| Address (to be used in connection with this case): 4 Pitcairn Avenue Suite 4 |

| | | |
|---|---|---|
| City: Trenton | State: New Jersey | Zip Code: 08628 |

| | |
|---|---|
| Phone No.: 908.252.9600 | Fax No.: |

| |
|---|
| Email Address: mridall@newmarketpharma.com |

| |
|---|
| Name of Representative: Robert M. Pollaro |

| |
|---|
| Name of Firm (if applicable): Cadwalader Wickersham & Taft LLP |

| |
|---|
| Representative's Address: 200 Liberty Street |

| | | |
|---|---|---|
| City: New York | State: New York | Zip Code: 10281 |

| | |
|---|---|
| Phone No.: 212.504.6000 | Fax No.: 212.504.6666 |

| |
|---|
| Email Address: robert.pollaro@cwt.com |

| |
|---|
| To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. At the same time, send the original Demand to the Respondent. |

*Please visit our website at www.adr.org if you would like to file this case online.
AAA Case Filing Services can be reached at 877-495-4185.*