# FOSS DECLARATION EXHIBIT 7

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

February 28, 2019

SUITE 2500
ONE GATEWAY CENTER
NEWARK, NJ 07102
(973) 848-1244

KELLY JONES HOWELL

DIRECT:   (212) 912-3652
FAX:       (212) 687-0659
KHOWELL@HARRISBEACH.COM

**VIA ECF**

Honorable Michael A. Shipp
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

      Re:   *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc., et al.*,
             Civil Action No. 3:17-cv-01852-MAS-TJB

Dear Judge Shipp:

    We submit this letter in response to opposing counsel's letter filed yesterday (ECF Doc. No. 107), requesting that the Court keep this case active on its docket and that a telephone conference be scheduled with Magistrate Judge Bongiovanni. For the reasons set forth below, we ask that the Court deny NewMarket's request and reinstate the stay of this matter pending the conclusion of the parties' ongoing arbitration.

    As the Court may recall, this dispute arises from a contractual relationship between the parties that includes a binding agreement to arbitrate any disputes before the American Arbitration Association ("AAA").  This Court has twice stayed this action and referred the matter to AAA, most recently in its December 12, 2018 order (ECF Doc. No. 101).  Since then, NewMarket has filed a demand for arbitration.  AAA has accepted the demand and has granted NewMarket a hardship waiver for its administrative fees.  AAA has also ruled in VetPharm's favor that the arbitration should be conducted in Rochester, New York.  The next step is for VetPharm to file its answering statement and for the parties to participate in a case management call.  Accordingly, this case remains subject to the Court's stay order and the parties' dispute is being resolved under AAA's jurisdiction.  NewMarket's attempt to draw this Court into the parties' negotiations concerning the conduct of the arbitration is inappropriate.  Unless and until AAA dismisses the arbitration, further proceedings in this Court are unwarranted.

    Nevertheless, we are compelled to provide a brief response to opposing counsel's letter.  It appears that the author of the letter lacked knowledge of the underlying communications made between my colleague, Douglas A. Foss, and

Honorable Michael A. Shipp
February 28, 2019
Page 2

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Robert Pollaro, lead counsel for NewMarket.  As a result, the letter is incorrect in several respects.

First, the letter mischaracterizes the parties' discussions concerning a proposal to arbitrate the dispute before Magistrate Judge Bongiovanni rather than AAA.  Mr. Pollaro made such a proposal to Mr. Foss by telephone last week. Mr. Foss responded by email on February 26, setting forth a number of concerns and issues that would need to be resolved before VetPharm would agree to such a proposal.  (A copy of that email is attached to this letter as Exhibit A.)  As Mr. Foss's email makes clear, the issue of subject-matter expertise was hardly VetPharm's "only objection" to NewMarket's proposal.  Rather, the email set forth multiple concerns, which were addressed with specific proposals.  Among other things, VetPharm suggested that avoiding expert witnesses in favor of a neutral expert would benefit both parties.  VetPharm believes that having a neutral expert review the data collected by VetPharm and the associated data points under dispute would (a) facilitate squeezing this case into Judge Bongiovanni's busy schedule by delegating to non-Court personnel a task well known to and regularly performed by such designee, (b) reduce expense by obviating expert witness testimony, and thereby in both respects (c) shorten the path to resolution.  The proposal in no way criticized Judge Bongiovanni's skillsets.  One can only wonder as to NewMarket's purpose in so characterizing it.

Second, the letter incorrectly states that "VetPharm has been attempting to sell or otherwise monetize the data without informing NewMarket."  This is categorically false.  The only discussions that VetPharm or its counsel have had concerning the use of the data have been in the context of settlement negotiations with NewMarket and VetBridge (which has contractual rights in the product to which the data relates).[1]  All of these negotiations have been in furtherance of a proposed resolution that would involve NewMarket.  At no time has VetPharm ever considered selling or monetizing the data in a transaction that does not involve NewMarket.

---

[1] NewMarket and VetBridge are engaged in litigation in the U.S. District Court for the District of Missouri.  VetBridge—which invested millions of dollars in NewMarket's development of the product at issue in exchange for various contractual rights—has obtained a temporary restraining order to prevent NewMarket from disposing of any rights to that product.

Honorable Michael A. Shipp
February 28, 2019
Page 3

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Third, the letter suggests that VetPharm might destroy the data or dispose of it. Again, neither is true. Mr. Foss did remark to Mr. Pollaro that the topic of potential bankruptcy had arisen in his discussions with VetPharm the previous day. Mr. Foss also told Mr. Pollaro that he had not had time even to consider the consequences of such a filing, nor had he undertaken any investigation of secured creditors, assets over which they may have perfected security interests, or procedural quirks that might affect resolving the dispute in a bankruptcy context. Mr. Foss assured Mr. Pollaro that, to his knowledge, the data collected by VetPharm remains secure. At no time did Mr. Foss remark that VetPharm was giving any thought to disposing of the data or otherwise harming it (which, of course, would be directly contrary to its own interests as evidenced by the attached email).

Accordingly, there is no basis for NewMarket's request to keep this matter, which is presently being arbitrated, "active on [the Court's] docket." We ask instead that the Court reinstitute the stay of this matter pending the conclusion of the parties' arbitration.

We thank the Court for its attention to this matter.

Respectfully submitted,

HARRIS BEACH PLLC

*/s/ Kelly Jones Howell*

By: Kelly Jones Howell

Copies:   All counsel of record (via ECF)