# FOSS DECLARATION EXHIBIT 8



**One Riverfront Plaza**

1037 Raymond Blvd, Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

April 11, 2019

**VIA ECF**
Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:   *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc. et al.*
            <u>Civil Action No. 3:17-cv-01852-MAS-TJB</u>

Dear Judge Shipp:

      We represent NewMarket Pharmaceuticals LLC ("NewMarket") in the above-referenced matter. We write in response to the Court's March 6, 2019 Text Order and to inform the Court of Defendant VetPharm's intention to terminate the arbitration.

      VetPharm has thwarted every attempt to have this Court hear this case, and yet it obviously has no intention of proceeding with the arbitration it so loudly demands. Since the Court's March 6 Order, VetPharm has informed the AAA and NewMarket that it intends to terminate the pending arbitration because NewMarket is unable to pay half of the arbitrator fees.[1] Notably, at no time did VetPharm state its intentions of dismissing the arbitration to this Court. Given VetPharm's unwillingness to proceed with arbitration, NewMarket respectfully requests that the parties be ordered to present this case to Judge Bongiovanni for adjudication, as previously proposed by NewMarket at the mediation. VetPharm has yet to articulate a meaningful objection to such a course of action.

      We thank the Court for its continued attention to this matter, and are available should Your Honor or Your Honor's staff require anything further or have any questions.

---

      [1] NewMarket remains insolvent. *See, e.g.*, MER-C-1-19 (the "Insolvency Action"). NewMarket sought and received a waiver of all fees from the AAA but that waiver did not include the arbitrator fees. NewMarket has informed the AAA that it will seek a waiver of the arbitrator fees which will be decided by the arbitration on the case. Notably, the Federal Arbitration Act does not require dismissal of a party's claims when the arbitration was terminated for nonpayment by that party and the district court case may proceed when the nonpaying party is unable to pay. *See, e.g., Tillman v Tillman*, 825 F.3d 1069, 1071 (9th Cir. 2016).

Honorable Michael A. Shipp, U.S.D.J.
April 11, 2019
Page 2

                                                                   Respectfully submitted,

                                                                   *s/Joel A. Pisano*

                                                                   Joel A. Pisano

cc:      All Counsel of Record (via ECF and E-mail)