# FOSS DECLARATION EXHIBIT 9

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

April 12, 2019

SUITE 2500
ONE GATEWAY CENTER
NEWARK, NJ 07102
(973) 848-1244

KELLY JONES HOWELL

DIRECT:   (212) 912-3652
FAX:        (212) 687-0659
KHOWELL@HARRISBEACH.COM

**VIA ECF**

Honorable Michael A. Shipp
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

      Re:   *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc., et al.*,
              Civil Action No. 3:17-cv-01852-MAS-TJB

Dear Judge Shipp:

    We submit this letter in response to opposing counsel's letter filed yesterday (ECF Doc. No. 110), which appears to request that the Court recall the parties' dispute from arbitration before the American Arbitration Association ("AAA"), where it is currently pending, and refer it to Magistrate Judge Bongiovanni for adjudication.

    Mr. Pisano, the signatory of the NewMarket's letter, has apparently been misinformed concerning VetPharm's position. Contrary to the assertion in his letter, VetPharm does not intend to "terminate the arbitration." Rather, VetPharm has made it clear—both to AAA and to NewMarket—that it intends to participate in the arbitration and to seek a final award disposing of NewMarket's claim.

    It is NewMarket that has attempted to frustrate the arbitration by refusing in advance to pay its share of the arbitration fees. AAA's Commercial Arbitration Rules, which govern the parties' dispute, expressly provide that one remedy for a claimant's nonpayment is an order "limiting a party's ability to assert or pursue [its] claim." R-57(b). Such a remedy would allow VetPharm to obtain a final, confirmable arbitration award in its favor that disposes of NewMarket's damages claim with prejudice.[1] Under AAA's rules, NewMarket would retain the ability to fully defend against VetPharm's counterclaim.

---

    [1]  If the arbitrator agrees with VetPharm's request, the result would be a final adjudication on the merits—unlike in *Tillman v. Tillman*, 825 F.3d 1069 (9th Cir. 2016), where the arbitrator merely suspended the arbitration without issuing any award or judgment.

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

      Whether such a measure will be appropriate in these circumstances is solely a question for the arbitrator to decide, if and when the question is presented for his decision. Until then, the conduct of the arbitration should be left to AAA and the parties' chosen arbitrator. VetPharm respectfully requests that the Court direct NewMarket and its counsel to desist from making serial applications to this Court on matters related to the arbitration. (*See* ECF Nos. 103, 107, 110.)

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      HARRIS BEACH PLLC

      */s/ Kelly Jones Howell*

      By:  Kelly Jones Howell

Copies:   All counsel of record (via ECF)